1        UNITED STATES DISTRICT COURT

2            DISTRICT OF ARIZONA

3   United States of America,      )
                                   )
4              Plaintiff,          )   18-mj-1455-N/A(BPV)
                                   )
5         vs.                      )
                                   )   Tucson, Arizona
6   Scott Daniel Warren,           )   January 18, 2018
                                   )   2:20 p.m.
7   _____Defendant.___)

8

9            TRANSCRIPT OF PROCEEDINGS
          INITIAL APPEARANCE/DETENTION HEARING

10

11       BEFORE THE HONORABLE BRUCE G. MACDONALD
            UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:
         Matthew Eltringham
14       U.S. Attorney's Office
         405 West Congress Street, Suite 4800
15       Tucson, AZ 85701

16  For the Defendant:
         William G. Walker
17       William G. Walker, PC
         177 N. Church Avenue, Suite 807
18       Tucson, AZ 85701

19

20

21  Transcribed by:
         Cindy J. Shearman
22       405 West Congress Street, Suite 1500
         Tucson, AZ 85701
23       520-205-4286

24          Proceedings were digitally recorded
         Transcript prepared by transcriptionist

25

```
 1              P R O C E E D I N G S

 2          (Call to order of court, 2:20 p.m.)

 3          CLERK:  Judge, the initial appearances are going to

 4   start before you.

 5      And if counsel for the government could please state your

 6   appearance.

 7          MR. ELTRINGHAM:  Good afternoon, Your Honor.  Matthew

 8   Eltringham on behalf of the United States for the entire

 9   initial appearance calendar.

10          THE COURT:  Thank you.  Good afternoon,

11   Mr. Eltringham.

12      (Matters not pertaining to SCOTT DANIEL WARREN were not

13   transcribed.)

14          THE COURT:  And I also have case number -- and,

15   finally, I've got case number 18-1455, Scott Daniel Warren.

16   Mr. Warren is present with his attorney, Mr. Walker.

17      Thank you, we did get your notice of appearance, so thank

18   you very much.

19      And, Mr. Warren, that is your true name?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And you are an English speaker obviously?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Thank you.

24      Addressing myself to all of you, good afternoon.  My name

25   is Bruce Macdonald.  I'm a magistrate judge and this is your
```

1    initial appearance.  Your initial appearance is to formally

2    advise you that you have been charged with violating one of the

3    laws of the United States.

4        Because you have been charged with a criminal offense, you

5    have certain rights.  You have the right to remain silent and

6    say nothing about your case.  If you choose to make a

7    statement, that can later be used against you in the

8    prosecution of your case.  If you've already made a statement,

9    you need not say any more.

10       You also have the right to be represented by an attorney.

11       (Matters not pertaining to SCOTT DANIEL WARREN were not

12   transcribed.)

13           THE COURT:  And, Mr. Warren, obviously you have

14   retained Mr. Walker to represent you in your case.

15       (Matters not pertaining to SCOTT DANIEL WARREN were not

16   transcribed.)

17           THE COURT:  For all seven of you, each of you is also

18   entitled to have a preliminary hearing where the government

19   will have to establish probable cause to believe that you

20   committed the offense.

21       Each of you is also entitled to a detention hearing where

22   the government will have to establish by the requisite proof

23   that you're a danger to the community or a flight risk and that

24   there are no conditions that can be set to reasonably ensure

25   the safety of the community or that you will make future court

1　appearances.

2　　(Matters not pertaining to SCOTT DANIEL WARREN were not

3　transcribed.)

4　　　THE COURT:  Mr. Cruz and Mr. Warren, we're going to

5　deal with your detention issues in just a moment.

6　　And, finally, all of you are entitled to be advised, have a

7　right to be advised of the charges pending against you.

8　　(Matters not pertaining to SCOTT DANIEL WARREN were not

9　transcribed.)

10　　　THE COURT:  And, Mr. Warren, you are charged with the

11　felony offense of alien smuggling.

12　　Mr. Walker, the videotaped depositions of the material

13　witnesses in Mr. Warren's case have been scheduled.  I'll give

14　you the dates.

15　　　MR. WALKER:  I do have a couple of requests to be

16　heard, Your Honor.

17　　　THE COURT:  Okay.  Let me give you the date and then

18　I'll let you -- we'll deal with detention and then we'll come

19　back.

20　　The videotaped deposition of the two material witnesses

21　have been scheduled to take place on Friday, February 9th,

22　2018, beginning at 8:30 a.m. in the grand jury room.

23　　And then, with regard to detention, we did receive a

24　recommendation from pretrial services for Mr. Warren.  The

25　recommendation is that he be released under certain conditions.

1    The charges do not invoke the presumption.  I'll come back to

2    you.

3         Mr. Eltringham, what is the government's position?

4              MR. ELTRINGHAM:  Your Honor, in speaking with the

5    assigned AUSA, it's my understanding the government is not

6    objecting to release on the conditions as provided for in the

7    pretrial services report.  One additional condition that the

8    government is going to request is that since the defendant is

9    being released most likely, that he be informed that he

10   actually has to be ordered to show up for February 9th for the

11   mat wit depositions.

12             THE COURT:  Right.

13             MR. ELTRINGHAM:  And that be a part of his pretrial

14   conditions.  He also needs to understand that if he fails to

15   appear, that a warrant may issue for his arrest, and the

16   pretrial -- I'm sorry -- and the material witness depositions

17   will proceed without him.

18             THE COURT:  Okay.  Thank you.

19             MR. WALKER:  And we have no objection to the addition

20   of that requirement, Your Honor.

21             THE COURT:  And you wanted to go over some other

22   issues, Mr. Walker?

23             MR. WALKER:  I do, Your Honor.  I would like to make

24   an oral motion to dismiss at this time.

25             THE COURT:  All right.

1          MR. WALKER:  Because I think the complaint is

2    inadequate.  If you look at the complaint, there is no

3    signature of the complainant anywhere, nor is there any name of

4    the complainant anywhere.  All that is here is an authorized by

5    AUSA A.R.W., A. Wright, who is -- I talked to this morning.

6    But she's not authorized to actually file the complaint.  And

7    this complaint is totally devoid of any complainant so I move

8    to have the case dismissed against my client.

9          THE COURT:  Okay.  Thank you.

10       Mr. Eltringham?

11         MR. ELTRINGHAM:  Your Honor, two things.  First, it's

12   my understanding is that the complaints are sworn to at I

13   believe it's 1:00 o'clock in the afternoon, that these copies

14   are made prior to the swearing of any of the complaints.  The

15   court made probable cause finding or else the defendant would

16   not have been here and, therefore, based on that alone, the

17   government asks that the motion be denied.

18       Additionally, it's my understanding that the government's

19   attorneys are authorized to actually file criminal complaints

20   if we find that there's sufficient probable cause.  So I

21   believe that there's two grounds for which the motion to be

22   denied.  Thank you.

23         MR. WALKER:  May I reply, Your Honor?

24         THE COURT:  Of course, of course.

25         MR. WALKER:  If there is one that's signed by the

1   complainant, then that's a different issue but I picked this up

2   at five minutes to 2:00.  It was sitting on the table and I was

3   instructed that it was there for me.  And it has nothing.

4          THE COURT:  Let me -- there is a copy, I believe.  Why

5   don't we get copies for everyone?

6          MR. WALKER:  Is it signed?

7          THE COURT:  Yeah, but I'll give you a copy,

8   Mr. Walker, just so you have it.

9          MR. WALKER:  I have another matter as well.

10         THE COURT:  Thank you.  Let's get you a copy.

11      Mr. Eltringham, I'll get you a copy as well.

12         MR. ELTRINGHAM:  Okay.

13         THE COURT:  And while we're doing that, Mr. Walker,

14  I'm going to deny the oral motion to dismiss with leave to

15  refile if you feel that's appropriate.

16      We also have -- we're going to address Mr. Warren's

17  detention because I am going to order him released under

18  certain conditions but we still have a preliminary hearing on

19  for Monday.  I don't know if you want to keep it on for

20  preliminary hearing or if you're actually going to have a

21  preliminary.  We can set it for a later date.

22         MR. WALKER:  Judge, I don't do that many of these

23  criminal ones anymore.

24         THE COURT:  Right, right.

25         MR. WALKER:  And my understanding of the process

1  generally is that there can be a waiver of the preliminary

2  hearing in exchange for discovery and other things, and I

3  haven't made such an arrangement.  It's not that I want to

4  insist on a preliminary hearing --

5        THE COURT:  No, I know.

6        MR. WALKER:  -- but I do want to persist on a deal.

7        THE COURT:  Right.  And the government, as I

8  understand it, I don't want to speak for Mr. Eltringham, I'll

9  let him speak, but it's my understanding that the government

10 will -- that you waive the preliminary hearing in exchange for

11 early Jencks Act disclosure.  That's my understanding.

12        MR. WALKER:  If that's good, then we'll waive it.

13        MR. ELTRINGHAM:  Your Honor, that's the government's

14 practice, yes.

15        THE COURT:  Okay.  So --

16        MR. WALKER:  Just to be clear, that will be the

17 practice in this case?

18        THE COURT:  That is correct.

19        MR. ELTRINGHAM:  Yes, Your Honor.

20        THE COURT:  And so I don't forget, I'm going to go

21 ahead and vacate the detention hearing and the preliminary

22 hearing that was scheduled in Mr. Warren's case for Monday,

23 January 22nd at 10:30 a.m. for Magistrate Judge Leslie Bowman,

24 just so I don't forget.  And I'm going to get to the conditions

25 of release.

1      Mr. Walker, you had another issue that you wanted to

2  address the court?

3           MR. WALKER:  I do have another issue.

4           THE COURT:  Please.

5           MR. WALKER:  Actually, I have two more now.

6           THE COURT:  Sure, sure.

7           MR. WALKER:  Because now there's a complainant who has

8  scribbled on this and I have no idea who it is.

9           THE COURT:  Okay.

10           MR. WALKER:  I think I have a right to know who the

11  complainant is.  I'm not objecting anymore that the case should

12  be dismissed because there isn't a complainant but I do think I

13  have at right to know who it is.

14           THE COURT:  And I think that the government will

15  provide you with the name of the Border Patrol agent who is, I

16  believe, talking to Mr. Eltringham.

17           MR. WALKER:  When?

18           THE COURT:  Or at least -- right now.

19           MR. ELTRINGHAM:  Your Honor, it's my understanding

20  that Aaron Kiracofe signed it.  He's a Border Patrol agent here

21  in Tucson.

22           THE COURT:  Okay.

23           MR. WALKER:  And that's acceptable, Your Honor.

24           THE COURT:  And we'll get you the spelling, the

25  correct spelling, before you leave.

1          MR. WALKER:  I have it.

2          THE COURT:  You have it?

3          MR. WALKER:  Yes.

4          THE COURT:  Okay, great.  And your second -- you had

5     one other issue, Mr. Walker?

6          MR. WALKER:  Yes, sir.  My final one is that there is

7     an affidavit for detention of material witness.

8          THE COURT:  Yes.

9          MR. WALKER:  But it names no affiant, it's not signed,

10    and it doesn't say who this Border Patrol agent is.  Now, if

11    there has been one signed, then my objection is moot.  But I

12    don't think that they have the authority to hold these people

13    as material witnesses if they don't have a named Border Patrol

14    agent that's signed as an affiant.

15         THE COURT:  And they do.  Let me find -- get a copy of

16    that as well.  I think probably, and it may not be the greatest

17    practice, we give these earlier to try to move things along.

18         MR. WALKER:  I understand that.  I just want to be

19    careful, that's all.

20         THE COURT:  And I appreciate that.  So I'm going to

21    give you a copy of that affidavit that's signed by the agent

22    and also by me.

23         MR. WALKER:  And may I know if that's just the same

24    agent since I -- it is, it is.  I'm sorry.

25         THE COURT:  It is.

1        MR. WALKER:  It is.  And it's printed out at the top

2   so I'll withdraw my objection --

3        THE COURT:  Okay.

4        MR. WALKER:  -- based on that.

5        THE COURT:  Thank you.

6     Mr. Walker, any other issues before I get to the

7   conditions?

8        MR. WALKER:  Nothing, unless Your Honor in some way

9   decides that I need to be heard on release.

10       THE COURT:  No, I do not.

11    And so, Mr. Warren, I am going to release you under certain

12  conditions.  I'm going to go through these with you in a

13  moment.  You need to understand that do you need to abide by

14  the conditions of release.  If you fail to abide by the

15  conditions of release, you could be brought back into custody

16  and detained.

17    Also, it's very important you stay in close contact with

18  your pretrial services officer and with Mr. Walker and that you

19  attend all your future court appearances.  If you fail to

20  attend your future court appearances, you could be charged with

21  the additional crime of bail jumping and that's a crime you

22  could be charged with in addition to the charges you're already

23  facing.

24    And so, Mr. Warren, you are going to be released under the

25  following conditions:

1     That you promise to appear at all proceedings as required

2 and to surrender for service of any sentence imposed.

3     You are not to commit any federal, state, or local crime.

4     You are to cooperate in the collection of a DNA sample if

5 that's authorized by law.

6     You are to immediately advise Mr. Walker and pretrial

7 services in writing before any change to your residence

8 address, your mailing address, or your telephone number.

9     As Mr. Eltringham noted, it will be in your conditions, the

10 videotaped depositions of the material witnesses in your case

11 have been scheduled to take place on February 9th, 2018,

12 beginning at 8:30 a.m.  Mr. Walker will attend those with you

13 but you do need to attend those videotaped depositions.  If you

14 fail to attend the videotaped depositions, then the depositions

15 are going to take place in your absence and a warrant could

16 issue for your arrest.

17     You are also not to travel out of the state of Arizona

18 unless express prior court permission is granted to travel

19 elsewhere.  All that means, Mr. Warren, is that if you need to

20 leave the state for any reason, you need to come to court first

21 and get permission to do so.

22     You are to surrender all travel documents to pretrial

23 services by January 25th, 2018.  You're not to obtain a

24 passport or other travel document during the pendency of these

25 proceedings.

1    And you are to participate in a mental health treatment

2  program as directed by pretrial services and comply with all

3  treatment requirements, including taking all medication

4  prescribed by the mental health care provider and make

5  copayment toward the cost of that if directed by pretrial

6  services.

7    Mr. Warren, do you have any questions about those

8  conditions?

9         MR. WALKER:  He has none that he would address to the

10  court at this time.

11         THE COURT:  Okay.

12         MR. WALKER:  I've told him he should not speak to the

13  court unless authorized by me.

14         THE COURT:  That is correct.

15         MR. WALKER:  And I don't authorize him to make

16  statements at this proceeding.

17         THE COURT:  That is correct.  And I just wanted to

18  make sure you understood.

19         MR. WALKER:  I appreciate that.

20         THE COURT:  Okay.  Mr. Eltringham, anything further

21  for Mr. Warren?

22         MR. ELTRINGHAM:  No, Your Honor.  Thank you.

23         THE COURT:  Mr. Walker, anything further from your

24  standpoint?

25         MR. WALKER:  No, sir.

          THE COURT:  I'll give you the conditions of release to

go over with Mr. Warren.

          MR. WALKER:  Thank you, Judge.

          THE COURT:  Good to see you, Mr. Walker.

          MR. WALKER:  Nice to see you, Your Honor.

          THE COURT:  Thank you for your time.

          MR. WALKER:  Oh, I do have one question.

          THE COURT:  Sure.

          MR. WALKER:  And it can be off the record.

          THE COURT:  No, we'll keep it on the record.

          MR. WALKER:  He has to do something with pretrial

services.

          THE COURT:  Yes.

          MR. WALKER:  And he lives in Ajo.  Is it okay for him

to call pretrial services or does he need to go right now and

do something?  What's the best way to do this for him?

          PRETRIAL SERVICES:  Once he's released, that he report

to the pretrial office.

          MR. WALKER:  Right now, as soon as he gets released?

Okay, good.

          THE COURT:  Yes, and then they will work --

          MR. WALKER:  Yeah.

          THE COURT:  -- regarding his residence --

          MR. WALKER:  Yes, yes.  I just wasn't quite sure

how --

1          THE COURT:  Yeah.

2          MR. WALKER:  -- how it should be done from Ajo.

3          THE COURT:  Yeah.  So what will happen, Mr. Warren,

4     after you're released, you'll report to pretrial services on

5     the second floor.  Mr. Scott, Ian Scott, is here for pretrial

6     services.  He can help you out.

7          MR. WALKER:  Thank you.

8          THE COURT:  Thank you, appreciate your time.

9        (Whereupon, the matter was concluded at 3:05 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

 

 

 

        I, Cindy J. Shearman, court-approved transcriber,

certify that the foregoing is a correct transcript from the

official digital sound recording of the proceedings in the

above-entitled matter to the best of my ability.

 

 

   s/Cindy J. Shearman_____        February 1, 2018
Cindy J. Shearman, RDR, CRR, CRC        Date