Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) No. 18-CR-00223-TUC-RCC (BPV) |
| Plaintiff, | ) |
| | ) **EMERGENCY MOTION TO** |
| vs. | ) **POSTPONE DEPOSITIONS OR** |
| | ) **EXCLUDE WITNESSES DUE TO** |
| SCOTT DANIEL WARREN, | ) **GOVERNMENT** |
| | ) **NONDISCLOSURE** |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

There are two material witnesses in this case: Kristian Perez Villanueva and Jose Sacarias Godoy. The government made its initial disclosure on February 6, 2018; this disclosure included reports of Border Patrol interviews of both witnesses. It also included two video files of the interview of Perez Villanueva (there was a technical difficulty during the recording, causing there to be a short gap and two separate files) and a single file of the interview of Sacarias Godoy.

At a status conference before Hon. Bernard Velasco on February 7, 2018,

1

depositions of those material witnesses were reset from February 9, 2018 to March 2, 2018 at 8:30 a.m.

On February 12, 2018, defense counsel Amy Knight emailed AUSA Anna Wright, requesting, among other things, "any and all additional material witness interview recordings that may exist." Wright responded four days later, on February 16, 2018 "No other recordings of interviews with the material witnesses exist." That same day, Knight again emailed AUSA Wright, explaining that the written reports of the interviews indicate an additional interview session with Perez Villanueva later in the evening, for which video was never disclosed. The government disclosed a video file of this additional session on February 23, 2018.

Meanwhile, on February 15, 2018, the government disclosed some video surveillance footage from two gas stations: the Ajo Chevron and the Why Not. The Chevron footage consisted of footage from two cameras: one showing the pump areas, and one showing the register. The pump footage was three files, divided by time, covering the time from 8:23 am until approximately 1:00 pm. They also include 7 files entitled "REGISTER 1" through "REGISTER 7." The material witnesses do not appear in any of this footage. The Why Not footage contains footage from cameras called North, Pumps, and South. The witnesses are seen in some of the footage from North and Pumps.

On March 1, 2018, at 3:40 p.m., the afternoon before the scheduled depositions, the government made an additional disclosure. Defense counsel promptly collected this disclosure at approximately 4:00 pm on March 1, 2018. This disclosure included transcripts of the border patrol's interviews with the material witnesses that were, according to their

date stamps, printed on February 26, 2018 – three days earlier, yet not disclosed until the afternoon before the depositions.

The disclosure also included a never-before-disclosed report from a Border Patrol agent who reviewed the surveillance footage (Bates numbered 513). The reported is dated January 24. The report describes the agent's viewing of the footage and indicates that he observed both material witnesses "on two different surveillance cameras." He notes that he observed them in files REGISTER (8), REGISTER (9), REGISTER (10), Coffee (4) and Coffee (5). *None* of these files in which the agent observed the witnesses have been disclosed to the defense. The defense only received "REGSITER" videos through number 7, and no footage from "Coffee."

There is a key disputed fact in this case about when and how the material witnesses arrived at the subject property. Their stories in the interviews are inconsistent, but include in some instances talking with individuals at the Chevron station; video footage of the witnesses at a location where they may have been picked up and transported is absolutely crucial evidence in this case. The defense has not been able to review this evidence, and was not made aware of its existence until the late afternoon the day before the depositions. The report has existed, and the depositions have been scheduled, for weeks. It would be badly prejudicial to the defense to force them to proceed with these depositions—which are the only opportunity the defense will have to secure their testimony for trial--without having a chance to review this crucial evidence.

Accordingly, the defense asks that the witnesses be excluded, or in the alternative that the depositions once again be continued.

3

1
2     DATED this 2nd day of March, 2018.
3
                                              KUYKENDALL & ASSOCIATES
4
5
6                                             By /s/ Amy P. Knight_____
7                                                 Gregory J. Kuykendall
                                                  Amy P. Knight
8                                                 531 S Convent Avenue
                                                  Tucson, AZ 85701
9                                                 Attorneys for Defendant Scott
10                                                Daniel Warren
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28