Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) No.CR-18-00223-001-TUC-RCC(BPV) |
| Plaintiff, | ) |
| | ) **MOTION FOR BILL OF PARTICULARS** |
| vs. | ) |
| | ) |
| SCOTT DANIEL WARREN, | ) |
| | ) |
| Defendant. | ) |

The defendant, Dr. Scott Warren, by and through his undersigned attorneys, hereby respectfully requests this Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to direct the government to file a bill of particulars specifying the alleged participants in the conspiracy charged in Count 1 of the indictment. This motion is based on the legal reasoning and authorities set forth in the attached Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

Dr. Warren volunteers with the humanitarian organization No More Deaths, which is a ministry of the Unitarian Universalist Church of Tucson. Their mission is to end suffering and death along the border and – in partnership with other faith-based organizations – to work for fundamental human rights, including the right to life. *See* http://forms.nomoredeaths.org/about-no-more-deaths/. The humanitarian crisis they address is a well-documented problem, as hundreds of immigrants die every year from exposure and injury while crossing through the southern Arizona desert. Between 1999 and 2012 alone, there were 2,269 recorded deaths in this region, and many more went unnoticed. *See* Naming the Dead, May 13, 2013, available at www.arizona.edu/naming-dead.

Dr. Warren stands charged in a 3-count indictment. The indictment contains no introduction or factual background section. Count 1 alleges a conspiracy to transport and harbor illegal aliens. Specifically, Count 1 reads:

> From a date unknown to un or about January 17, 2018, at or near Ajo, in the District of Arizona, Scott Daniel Warren, did knowingly and intentionally combine, conspire, confederate and agree with various other persons known and unknown to the grand jury, to transport and move Kristian Perez-Villanueva and Jose Arnaldo Sacaria-Goday, illegal aliens, within the United States by means of transportation or otherwise; and to conceal, harbor and shield from detection said illegal

    aliens in any place, including any building or any means of transportation to avoid said aliens' detention by immigration authorities, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(iii).

While the indictment identifies a date and approximate location, it does not specify any individual with whom Dr. Warren is alleged to have conspired to transport and harbor the two migrants. No More Deaths volunteers work with one another, with other humanitarian and religious organizations, and with members of the community more broadly to accomplish their humanitarian work. Not only does the indictment fail to name any particular individual co-conspirator; it also fails to specify whether Dr. Warren allegedly conspired with other No More Deaths volunteers, with other volunteers affiliated with other organizations, or with individuals not associated with any group.

  Dr. Warren was arraigned on February 21, 2018. Subsequently, on March 7, 2018, the parties took the depositions of two material witnesses in the case (the two migrants who are the subjects of the alleged conspiracy). During the depositions, defense counsel objected to some testimony as hearsay; the government responded that the statement was not hearsay because it was a statement of a co-conspirator. The government did not, however, identify who the alleged co-conspirator was. The government has not made the recording of these depositions available to the defense, despite

their request. Nor has the defense been provided with a copy of the grand jury transcript.

Dr. Warren now requests that the government be ordered to provide a bill of particulars specifying the alleged participants in the conspiracy to allow him to prepare a defense.

**II.     DISCUSSION**

A. The Court Should Consider This Request To Be Timely.

Federal Rule of Civil Procedure 7(f) provides that "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Although more than 14 days have passed since the arraignment (it has been 26 days), it has been less than 14 days since the government indicated its intent to rely on the co-conspirator exception to the hearsay rule without identifying the alleged co-conspirator. Moreover, neither the deposition recordings nor the grand jury transcript has been made available to the defense. If the government had provided that information in the interim, this motion might have become unnecessary; waiting thus could potentially have saved this Court the time and effort of ruling on a motion. However, given the government's professed intent to rely on the co-conspirator hearsay exception, and the continued absence of information about the alleged theory of the conspiracy, a bill of particulars has now become necessary to allow the preparation of a defense.

Accordingly, the Court should not deny this request on the basis of delay, but rather should permit this motion for a bill of particulars, which is still close in time to the arraignment.

### B. The Court Should Oder the Government To Identify the Alleged Conspirators.

The Ninth Circuit has identified three primary functions of the bill of particulars: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). All three functions are implicated here.

First, Dr. Warren cannot prepare for trial on the conspiracy charge if the government will not tell him with whom he allegedly conspired. Dr. Warren routinely works with a range of different individuals, both inside and outside of No More Deaths, to accomplish his humanitarian work. It is not possible to discern, from this indictment, whether the government is alleging that No More Deaths is itself a conspiracy, or that Dr. Warren was working with some outside group or individual, and this matters greatly to his ability to prepare a defense. How is he supposed to interview witnesses if he does not know what they are supposed to have

witnessed? How can he litigate the admission of co-conspirator's statements if he does not know who the alleged co-conspirators are? The indictment is simply insufficiently specific to identify the government's theory. And while a defendant is not entitled to a complete accounting of the government's evidence, he most certainly is entitled to an identification of "the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). This indictment fails to provide that.

Second, there is a distinct danger of surprise at the time of trial. Dr. Warren has talked to dozens of people in the course of his life-saving work at the border. Yet he has no idea which of these conversations the government claims constitutes an illegal agreement to transport or harbor these individuals. Even if the government provides a list of witnesses, Dr. Warren still will not know who is an alleged co-conspirator and who is simply a witness to some of the events described. Without further information, Dr. Warren will learn for the first time at trial what the government means by this allegation. This is precisely what the bill of particulars is designed to avoid.

Finally, this indictment will not permit Dr. Warren to invoke double jeopardy should the government charge him with some additional conspiracy in the future. In particular, it is not at all clear whether the allegation here is that Dr. Warren committed conspiracy through his collaboration with other members of No More

Deaths, or whether he is alleged to be working with outside groups or individuals. Should the government seek an indictment for one of these offenses in the future, it will not be clear whether the present indictment included that conduct or not. In other words, an allegation that No More Deaths is an illegal conspiracy is quite a different thing from an allegation that Dr. Warren arranged with some other community member to bring the migrants to the structure where they are alleged to have stayed; the government must specify what it is charging now, to permit Dr. Warren to use the outcome of this charge as a defense should he be charged with a conspiracy in the future.

To be sure, the Ninth Circuit has held that the government is not required to identify *all* potential known and unknown co-conspirators. *See United States v. Dicesare,* 763 F.2d 890, 897-98 (9th Cir. 1985). In *Dicesare,* five individuals were indicted for a conspiracy. Thus, the indictment identified the primary alleged co-conspirators; they were the co-defendants alleged to have conspired with one another. The *Dicesare* defendants sought identification of any additional unknown co-conspirators, and the Court ruled that this was not required. In so holding, the Court relied on *Wilkins v. United States*, 376 F.2d 552, 562-63 (5th Cir. 1967). *Wilkins,* like *Dicesare,* was a multi-defendant case in which a group charged with conspiracy sought the identity of any additional co-conspirators not identified in the indictment; the government had already verbally stipulated that there were no other

known co-conspirators. *Id.* Thus, in both cases, the defendants were aware of the alleged participants in the conspiracy, and simply sought identification of any additional or unknown co-conspirators.

Here, the government has not identified *anyone* alleged to have conspired with Dr. Warren, despite alleging that it does know who at least some of these people are. *See* Indictment, Doc No. 26, at 1 ("with various other persons known and unknown to the grand jury. . ."). Courts have routinely ordered bills of particulars to identify alleged participants in a conspiracy when it is not otherwise apparent. *See, e.g., People v. Harmison*, 124 Ill. App. 3d 236, 237, 463 N.E.2d 1373, 1375 (1984) ("The defendant could not develop a defense concerning the alleged agreement of the unnamed coconspirator without knowing the person's identity. Consequently, we find the indictment did not permit the defendant to prepare his defense."); *United States v. Avendano*, 2003 U.S. Dist. LEXIS 19228, at *25-26 (S.D.N.Y. Oct. 29, 2003) ("The defense has shown that it needs the information in order to adequately operate within the constraints of the Proffer Agreement. It is unclear from the record whether Avendano actually knows the precise identity of the alleged coconspirator in the first place."); *see also United States v. Hsia*, 24 F. Supp. 2d 14, 31 (D.D.C. 1998) ("Ms. Hsia is entitled to a bill of particulars identifying, for each relevant paragraph of the indictment, which co-conspirator performed the specified acts.").

Accordingly, Dr. Warren respectfully requests this Court to direct the

government to file a bill of particulars that identifies the alleged co-conspirators for the conspiracy charged in Count 1 of the indictment.

RESPECTFULLY SUBMITTED this 19th day of March, 2018.

KUYKENDALL & ASSOCIATES

By /s/ Amy P. Knight
Gregory J. Kuykendall
Amy P. Knight
531 S Convent Avenue
Tucson, AZ 85701
Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

I certify that on March 19th, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701