ELIZABETH A. STRANGE
First Assistant United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
E-mail: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Scott Daniel Warren,<br><br>　　　　　　Defendant. | 18-CR-223-TUC-RCC (BPV)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS |

The United States of America, by and through its undersigned attorneys, hereby responds to the defendant's Motion for a Bill of Particulars (Doc. 35) and respectfully requests that the Court deny the defendant the relief he seeks for the reasons set forth below.

**I.     Legal Summary**

A defendant may file a motion for a bill of particulars within 14 days of arraignment. Fed. R. Crim. P 7(f).  However, defendant may also move at a later date with the Court's permission. *Id.*

A bill of particulars serves to (1) inform the defendant of the nature of the charges such that he can prepare an adequate defense, (2) minimize surprise at trial, and (3) protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991)

(quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).  A bill of particulars is proper only when the indictment "is insufficient to permit preparation of an adequate defense."  *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985); *see also United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987).  An indictment is not insufficient simply because it does not name alleged co-conspirators.  *DiCesare*, 765 F.2d at 897.  It is not the function of a bill of particulars to allow for a detailed disclosure of the government's case.  *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013); *see also DiCesare*, 765 F.2d at 897; *United States v. Cooper*, 282 F.2d 527, 532 (9th Cir. 1960).

**II.     Discussion**

In this case, the defendant has failed to provide a reasonable explanation for his delay in moving for a bill of particulars.  The defendant was arraigned on February 21, 2018, on the indictment, which included a conspiracy count without naming the co-conspirators.  Docs. 28-29.  In addition, as discussed below, as of February 23, 2018, the defendant had all of the information necessary to identify possible co-conspirators.  Therefore, the government respectfully requests that the Court deny the defendant's Motion for Bill of Particulars as untimely.

Even if the Court declines to deny the motion as untimely, the government respectfully requests that the Court deny the motion because it lacks merit.  As an initial matter, failure to name a co-conspirator in an indictment is not a sufficient basis for a bill of particulars.  *See DiCesare*, 765 F.2d at 897.  Nevertheless, in this case, it is clear through the disclosure and counsel for the defendant's own communications that the defendant is aware of the identities of several possible co-conspirators. *See Ayers*, 924 F.2d at 1484;

*United States v. Mitchell, Jr.*, 744 F.2d 701, 705 (9th Cir. 1984). Specifically, the government disclosed the results of the forensic examination of a cell phone belonging to Kristian Perez-Villanueva, a material witness, on February 15, 2018. As the forensic examination revealed, Perez-Villanueva's cell phone contained text messages with an individual identified as "Ireneo" related to arranging transportation within the United States on January 14, 2018. Counsel for the defendant indicated in a preliminary witness list provided to the government on February 23, 2018, that the defendant may call a witness, identified as Irineo Mujica, to "testify about his interactions with Kristian Perez-Villanueva and/or Jose Arnaldo Sacaria-Goday[.]" As such, it is clear that the Indictment, taken with the disclosure, is sufficient to advise the defendant of the possible co-conspirators.

### III. Conclusion

For the reasons discussed above, the government respectfully requests that the Court deny the defendant's Motion for Bill of Particulars.

Respectfully submitted this 2nd day of April, 2018.

> ELIZABETH A. STRANGE
> First Assistant United States Attorney
> District of Arizona
>
> */s/ Anna R. Wright & Nathaniel J. Walters*
>
> ANNA WRIGHT &
> NATHANIEL J. WALTERS
> Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 2nd day of April, 2018, to:

All ECF participants