Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) No.CR-18-00223-001-TUC-RCC(BPV) |
| Plaintiff, | ) |
| | ) **REPLY BRIEF IN SUPPORT OF** |
| vs. | ) **MOTION FOR BILL OF** |
| | ) **PARTICULARS** |
| SCOTT DANIEL WARREN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The government argues that it should not be required to identify with whom it alleges Dr. Warren has conspired. Its argument contains a number of legal and factual problems, and fails to address key aspects of Dr. Warren's motion. Accordingly, this Court should grant the Motion for Bill of Particulars.

LEGAL ISSUES

The fundamental problem with the government's position is the fact that a defendant could attempt to *guess* what the government is alleging, based on

discovery containing the names of "possible" co-conspirators, does not satisfy the stated goal of allowing him to prepare his defense. Guessing necessarily involves a significant risk of guessing the wrong answer. Indeed, the very purpose of the bill of particulars to begin with is to make it so that defendants are not required to guess about the government's allegations against them. *See United States v. Lorenzana-Cordon,* 130 F. Supp. 3d 172, 179 (D.D.C. 2015) ("Defendants therefore should not have to 'guess' at what they are facing at trial."). But identifying only "possible" co-conspirators requires just that.

Any defendant in any case could hazard a guess about what the government's allegations mean, but this does not give him solid footing on which to prepare his defense. Indeed, if the ability to guess obviated the need for a bill of particulars, one would never be required, and Rule 7(f) would be a nullity. Notably, innocent defendants are especially at risk here; where a guilty defendant may know what the government is driving at because he did in fact conspire, an innocent defendant is likely to be genuinely in the dark about what is alleged. Since our entire system of justice is predicated on the presumption of innocence, the government's position must fail.

In addition to basing its resistance on a faulty legal premise, the government plays fast and loose with precedent. First, it misrepresents the holding in *United States v. DiCesare,* 765 F.2d 890, 897 (9th Cir. 1985), citing it for the proposition

that "failure to name a co-conspirator in an indictment is not a sufficient basis for a bill of particulars." That is not the holding of the case. In *DiCesare,* the defendants already had notice of the names of several identified co-conspirators. Specifically, the indictment charged five individuals with conspiracy to possess and distribute cocaine. 765 F.2d at 890. Thus, the defendants knew that they were alleged to have conspired with one another. Two of the defendants requested a bill of particulars "to obtain the names of any *unknown* coconspirators." *Id.* at 897 (emphasis added). In other words, they wanted the government not to identify co-conspirators in the first instance, but to add the names of any *additional* individuals, thereby locking itself into a finite list; the Ninth Circuit, relying on Fifth Circuit precedent, ruled the "names of *all* coconspirators" were not required. 765 F.2d at 898 (emphasis added). *DiCesare* does *not* hold that the government cannot be required to specify the names of primary co-conspirators in the first instance. This is a single-defendant case, and Count 1 is a bare-bones recitation of the elements of conspiracy. The indictment identifies the subject and end date of the alleged conspiracy, but it does not identify even a single co-conspirator. *DiCesare* is thus inapposite.

The Government also misrepresents the content of two other cases it cites. It cites *United States v. Ayers,* 924 F.2d 1468 (9th Cir. 1991), and *United States v. Mitchell, Jr,* 744 F.2d 701, 705 (9th Cir. 1984), to support its argument that "it is clear through the disclosure and counsel for the defendant's own communications

that the defendant is aware of the identities of several possible co-conspirators." In both cases, however, the Court relied on discovery only as a supplement to a detailed indictment. The *Ayers* Court observed that "Count One of the indictment specifies five separate means and methods used to carry out the conspiracy. The indictment also details fifteen overt acts committed to further the conspiracy." 924 F.2d at 1483. Only then did the Court note the addition of discovery in aiding the defendant's preparation for trial. And in *Mitchell*, the Court relied not only on the "full discovery" provided, but also on the fact that "[t]he indictment in [that] case [was] reasonably detailed." 744 F.2d at 705. These two cases thus absolutely do not stand for the proposition that discovery alone will suffice.

Finally, the government has ignored the substantial double jeopardy problem. Given what appears to be an ongoing investigation of No More Deaths, a realistic possibility exists that the government may seek to initiate further prosecutions in connection with these humanitarian activities. Should Dr. Warren be indicted again on a future conspiracy charge for his work with No More Deaths, it will be impossible, based on this indictment, to determine whether the charge is duplicative of this one.

FACTUAL ISSUES

The government's response is confusing as a factual matter. The government claims that "the defendant is aware of the identities of several possible co-

conspirators," and then specifies that a witness's cell phone "contained text messages with an individual identified as 'Ireneo' related to arranging transportation within the United States on January 14, 2018." The Government also notes that an individual named Irineo Mujica appears on the defense's initial witness list. That is the sum total of the government's arguments concerning the available information supposedly sufficient to permit him to prepare a defense.

Multiple problems exist with this argument. First, the government's stance is unclear. Is the government affirmatively specifying that Mr. Mujica is indeed an alleged co-conspirator? Or merely arguing that because there are some grounds on which the defense could guess that he might be, there is no need for the government to specify? This Court must require the government to clarify, preferably through a bill of particulars, whether it is actually alleging that Dr. Warren conspired with Mr. Mujica.

Second, the government has now identified only one individual, not "several possible co-conspirators" as it claims. If indeed Mr. Mujica is one, who are the others? There must be more than one, as the indictment references "various other persons known and unknown." The government's response that Dr. Warren might guess Mr. Mujica is one such person fails to address the fact that Dr. Warren must be prepared to defend a claim that he conspired with *various* other people.

Moreover, the evidence is nowhere near as clear-cut as the government

suggests it is. There are indeed some messages, in an app known as WhatsApp, between "Ireneo" and Kristian Perez-Villanueva. Even assuming "Ireneo" is Irineo Mujica, the government asserts that these messages are "related to arranging transportation within the United States on January 14, 2018." This is far from clear; the conversation is fragmented and cryptic, and does not actually reference any sort of transportation arrangements. The messages thus do little to confirm that "Ireneo" is the alleged co-conspirator.

Additionally, the fact that "Ireneo," who might be Irineo Mujica, exchanged text messages with one of the material witnesses does nothing to suggest this individual had any kind of agreement with Dr. Warren, or anyone else for that matter. The messages were not sent to or by Dr. Warren, nor do they make any mention of him. The leap the government suggests the defense take here is simply not warranted by this evidence; it would be foolish to assume that this constitutes the alleged conspiracy based only upon those messages. Indeed, the cell phone in question contains text messages with dozens of individuals, many of them on or around January 14, and a number of them discussing travel plans. On the government's theory, all of these individuals are "possible" co-conspirators. The existence of text messages is thus of no help in Dr. Warren's quest to narrow down the possibilities.

Finally, the discovery provided so far is not "complete." The defense requested additional discovery, including any information taken from Dr. Warren's

cell phone, two weeks ago, on March 22, 2018, and has received no response. If the government is going to rely on its open provision of all the necessary information, it must actually provide that information.

In short, the discovery produced to date provides only the vaguest of hints as to the possible identity of just one of multiple alleged co-conspirators. It is certainly nothing on which Dr. Warren or any other defendant could reasonably rely in preparing his defense. A federal prosecution is not intended to be a guessing game, but unless the government specifies with whom it alleges Dr. Warren conspired, that is exactly what it has become.

TIMELINESS

The government complains that "the defendant has failed to provide a reasonable explanation for his delay in moving for a bill of particulars." As an initial matter, no explanation is required; this Court has complete discretion to permit the motion at any time, whether within 14 days of arraignment or not. There is no "good cause" requirement or anything of that nature. And the government has not even attempted to show that it has in any way been prejudiced by this slight delay.

In any event, there is a perfectly good reason for the delay. The government relies heavily on its provision of discovery to argue that no bill of particulars is necessary. But that discovery—which, as discussed above, does not provide the necessary specificity or certainty—has come piecemeal; indeed, to date, the

government has made eight separate disclosures in this case, most recently on April 3, 2018. As discovery continued to dribble in following the arraignment, it remained possible that information sufficient to obviate the need for a bill of particulars would arrive, and the defense would not need to impose on the Court's time and resources. Unfortunately, that has not occurred, and eventually, a motion became necessary. The brief delay was thus in an attempt to resolve the issue without this Court's intervention. As this delay has in no way prejudiced the government, this Court should permit the motion now, as Rule 7(f) gives it the complete authority to do.

Accordingly, Dr. Warren respectfully requests this Court to direct the government to file a bill of particulars that identifies the alleged co-conspirators for the conspiracy charged in Count 1 of the indictment.

RESPECTFULLY SUBMITTED this 5th day of April, 2018.

KUYKENDALL & ASSOCIATES


By /s/ Amy P. Knight
    Gregory J. Kuykendall
    Amy P. Knight
    531 S Convent Avenue
    Tucson, AZ 85701
    Attorneys for Defendant Scott
    Daniel Warren

CERTIFICATE OF SERVICE

I certify that on April 5th, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800

Tucson, AZ 85701