IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00223-001-TUC-RCC (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Daniel Warren, | |
| Defendant. | |

Pending before the Court is the Motion of Professors Katherine Franke, Caroline Mala Corbin, Micah Schwartzman, Elizabeth Sepper, and Nelson Tebbe for Leave to File Brief as Amicus Curiae in Support of Defendant's Amended Motion to Dismiss Counts 2 and 3. Doc. 87. No response has been filed and the time to file such a response has not expired. However, in the interests of avoiding further delay and because the Court finds a response would not aid its decision on the motion (Doc. 87), the Court further finds the motion ripe for resolution.

A district court has broad discretion regarding the appointment of amici. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *In re Roxford Foods Litig.*, 790 F.Supp. 987, 997 (E.D.Cal.1991). "An amicus brief should normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration ofEnv't (CARE) v. DeRuyter Bros. Dairy*,

54 F.Supp.2d 974, 975 (E.D.Wash.1999) (citing *N. Sec. Co. v. United States*, 191 U.S. 555, 556, 24 S.Ct. 119, 48 L.Ed. 299 (1903)). While "[h]istorically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another," *CARE*, 54 F.Supp.2d at 975, the Ninth Circuit has said "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir.1986) (citation omitted); *Hoptowit*, 682 F.2d at 1260 (upholding district court's appointment of amicus curiae, even though amicus entirely supported only one party's arguments).

Here, the Court finds it appropriate to grant the Motion. Amici describe themselves as law professors and specialists in the field of religion and law. Doc. 87 at 2. Their proposed brief provides focused legal analysis on issues relevant to Defendant's Amended Motion to Dismiss Counts 2 and 3 and will enable the Court to make a well-informed decision regarding the associated Report and Recommendation (Doc. 81). *See, e.g., Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997) ("An amicus brief should normally be allowed when ... the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." (citing *MillerWohl Co., Inc. v. Comm'r of Labor & Indus., State of Mont*., 694 F.2d 203 (9th Cir.1982))). Furthermore, there is no indication Amici are seeking to control the case or that the parties are "mere strawmen" for purposes of conferring Amici standing to litigate their views. *See Hoptowit*, 682 F.2d at 1260 (citing these as impermissible roles for amici curiae). Accordingly,

**IT IS ORDERED:**

1. The Motion (**Doc. 87**) is **GRANTED**. **Should they so choose, the parties shall have up to and including July 5, 2018 to respond to the Amicus Brief** of and By Professors of Religious Liberty as Amicus Curiae in Support of Defendant's Motion to Dismiss.

2.     The Clerk of the Court shall file, on the record, the Amicus Brief of and By Professors of Religious Liberty as Amicus Curiae in Support of Defendant's Motion to Dismiss, which is presently lodged at Doc. 88.

Dated this 26th day of June, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge