Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com
*Pro Bono* Attorneys for Defendant Scott Daniel Warren

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | ) No.CR-18-00223-001-TUC-RCC |
| Plaintiff, | ) |
| vs. | ) **OBJECTION TO GOVERNMENT'S MOTION TO EXCEED PAGE LIMITATIONS AND MOTION TO STRIKE GOVERNMENT'S PROPOSED RESPONSE BRIEF** |
| SCOTT DANIEL WARREN, | ) |
| Defendant. | ) |

On May 31, 2018, Magistrate Judge Bernardo Velasco entered a Report and Recommendation regarding Dr. Warren's Motion to Dismiss Counts 2 and 3 (Doc. 81). On June 14, 2018, within the time allotted by Federal Rule of Civil Procedure 59(b)(2), Dr. Warren filed his objections to the Report and Recommendation (Doc. 82). Consistent with LRCiv 7.2(c)(3), the objection is 10 pages long, including the caption which consumes more than half of the first page, although a portion of the signature block and certificate of service run onto an eleventh page. The Government did not file any objections, and thus waived its right to object to anything contained in the Report and Recommendation.

On June 21, 2018, Professors of Religious Liberty filed a motion to file an amicus brief (Doc. 87) and lodged their proposed brief (Doc. 88). On June 26, 2018, two days before its response to Dr. Warren's objection was due, the Government filed a motion to extend time to file its response for an additional week, citing as its only reason the need to respond to the amicus brief (Doc. 90). The following day, this Court granted the Professors' motion to file their amicus brief, specifically ordering that "Should they so choose, the parties shall have up to and including July 5, 2018 to respond to the Amicus Brief." (Doc. 91 at 2). The same day, this Court also granted the Government's motion to extend time, despite its separate provision of time and a forum to respond to the amicus brief. When July 5, 2018 arrived, the Government filed a motion to exceed the page limitations on its response to Dr. Warren's objection. The Court should deny this motion.

First, the Government argues that the rules do not dictate the length for a response to an objection to a Report and Recommendation. This is true; the rules themselves do not entitle the Government to any response at all to Dr. Warren's objection. The Magistrate Judge's Report and Recommendation, however, contemplated such a response. Nowhere in any local rule or Federal Rule of Procedure is there any provision for a response to any sort of brief that exceeds the length of the brief it is answering. Thus, as the Government appears to acknowledge in filing its motion, there is absolutely no basis for a response that exceeds the 10 pages allotted for an objection.

Next, the Government avers that Dr. Warren's objection is 11 pages long. That is simply not true. The brief itself concludes at the bottom of the tenth page, including the caption; the eleventh page includes only part of a signature block and a certificate of

service. Federal courts routinely exclude such formal requirements from page counts. *See, e.g., Studio Imps., Ltd., Inc. v. Landmark Am. Ins. Co.*, No. 09-60242-CIV, 2009 U.S. Dist. LEXIS 138565, at *17 (S.D. Fla. Aug. 4, 2009); *Endeavor Meshtech, Inc. v. Zenner Performance Meters, Inc.*, No. 2:15-CV-1155-WCB, 2016 U.S. Dist. LEXIS 4895, at *3 (E.D. Tex. Jan. 13, 2016); *In re Ocean Rig UDW Inc.*, 585 B.R. 31, 41 (S.D.N.Y. 2018).

The Government then states that the amicus brief is 15 pages long. True enough—but the Government's lodged proposed brief in response to Dr. Warren's objection makes no mention whatsoever of this amicus brief. The amicus brief thus cannot justify any need for extra pages. And in any event, this Court explicitly afforded the parties an opportunity to file a separate response to that amicus brief, thus obviating any need to respond to it within the confines of its response to Dr. Warren's objection. The Government chose not to avail itself of this opportunity.

The Government has no additional reasons why four additional pages (when only ten are allotted to begin with) are necessary. Dr. Warren confined his objection to the ten pages allotted by the rules. This was not because he had nothing additional he could or would say in additional space; indeed, there are many additional arguments he might have made, if additional pages had been allotted. But Dr. Warren limited his response to the length allowed by the rules. The Government has presented no valid reason why it should not be required to do the same. Accordingly, this Court should deny the Government's motion to file an overlength brief, and instead require the government to file a proper response limited to ten pages. To do otherwise would be to penalize Dr. Warren for complying with the rules.

The Government's proposed brief is inappropriate for an additional reason: it relies on evidence that is not properly before this Court. In its proposed brief, Doc. 95, the Government notes that "[d]uring the video depositions, the government provisionally admitted several photographs found during a consensual search of Perez-Villanueva's cell phone." *Id.* at 4. But the Government does not have the power to "admit" evidence; it can only offer exhibits into evidence. It is up to this Court to admit, or not, offered exhibits. And the Government did not offer any of those exhibits at the evidentiary hearing on the motion that is now before this Court, despite ample opportunity to do so. The Government has not cited any authority for the proposition that such exhibits used in a deposition are properly before a Court who has never ruled on their admissibility or even been properly presented with them. The exhibits are not automatically offered and admitted with the testimony. If the Government wanted to rely on that evidence in support of its position on this motion, it should have offered that evidence at the hearing. It chose not to. It cannot now rely on that evidence—never offered to this Court or admitted—to resist a proper motion by the defense supported by evidence offered to, and admitted by, the Court. Yet it has attempted to do precisely that. *See* Proposed Brief, Doc. 95, at 4, 12, 13 (citing exhibits never admitted into evidence). Simply put, the Government missed its chance to offer this evidence in support of its position on the motion to dismiss. It cannot now pretend that those exhibits have been admitted because it finds itself at a loss for actual proper evidence.

At the very least, if this Court allows the Government to file this doubly improper brief, it should grant Dr. Warren leave to file a reply to the Government's response to Dr.

Warren's objection to the Report and Recommendation, both to account for the extra pages the Government took advantage of, which were not available to the defense, and to discuss the evidence never presented at the hearing or in the briefing on the motion and raised for the first time in the response to the objection.

RESPECTFULLY SUBMITTED this 6th day of July, 2018.

By /s/ Amy P. Knight
Gregory J. Kuykendall
Amy P. Knight
531 S Convent Avenue
Tucson, AZ 85701
Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

I certify that on July 6th, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701