**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00223-001-TUC-RCC (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Daniel Warren, | |
| Defendant. | |

Pending before the Court is Magistrate Judge Bernardo P. Velasco's Report and Recommendation ("R&R") wherein he recommends this Court, after independent review, deny Defendant's Amended Motion to Dismiss Counts 2 and 3 of the Complaint (Doc. 45). Doc. 81. Defendant filed timely objections to the R&R (Doc. 82) which the Government, in turn, responded to (Doc. 99). Additionally, Katherine Franke and James Belanger filed, with the Court's permission, a Brief of and By Professors of Religious Liberty as Amicus Curiae in Support of Defendant's Motion to Dismiss. Doc. 88. The Court has considered all of the above, as well as the underlying briefs. For the reasons explained below, the Court will accept and adopt, in part, the findings and conclusions in the R&R. Further, the Court will deny Motion to Dismiss.

## LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" on a defendants' motion to dismiss

[counts of] an indictment. 28 U.S.C. § 636(b)(1). The Court must undertake de novo review of those portions of the R&R to which specific objections are made. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); see also 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

**BACKGROUND**

The R&R includes proposed findings of fact which are based upon the testimony and exhibits offered at the May 11, 2018, 2018 evidentiary hearing. Doc. 81 at 1-3. Defendant asserts that he does not dispute the findings of fact set forth at p. 1:28-2:21; p. 2:25-28; p. 3:1-2, but objects that the remaining findings "are either irrelevant to the issue before the Court or not supported by any evidence before the Court in this proceeding." Doc. 82 at 1.

The Court finds the contested factual findings are not significant to its decision on the issue before it and, thus, the Court will not adopt them.

With respect to the remaining, uncontested factual findings, the Court will accept, adopt, and repeat here just those which are pertinent to the instant decision. The Court has confirmed these facts by reviewing the indictment and record in this matter.

On February 14, 2018, the Defendant, Scott Daniel Warren ("Warren") was indicted on one count of violating 8 U.S.C. §§ 1324(a)(1)(A)(v)(1), (a)(1)(A)(ii) and (a)(1)(A)(iii) (Count One) and two counts of violating 8 U.S.C. § 1324(a)(1)(A)(iii) (Counts 2 and 3). *See* Doc. 26. By and through his motion to dismiss, Warren implores the Court to dismiss the latter two counts. See Doc. 45 at 1. Each contested count alleges that "beginning on or about January 14, 2018, and continuing to January 17, 2018, at or near Ajo, in the District of Arizona," Warren "knowing and in reckless disregard of the fact that a certain alien, [ ][1], had come to, entered, and remained in the United States in violation of law, did knowingly conceal, harbor, and shield from detection said alien in any place . . . to avoid said aliens' detention by immigration authorities." Doc. 26 at 2.

On April 2, 2018, Warren filed a motion requesting that this Court dismiss Counts

---

[1] Each count names a different alien.

2 and 3 of the Indictment against him, with prejudice, "because the Religious Freedom Restoration Act of 1993 (RFRA) protects Dr. Warren from being prosecuted for the actions he is alleged to have taken in offering assistance to the migrants." Doc. 45 at 1. No other relief was requested in the motion, though Warren did request an evidentiary hearing. *Id.*

On May 11, 2018 Magistrate Judge Velasco held a hearing to address the Motion to Dismiss. *See* Doc. 74. Evidence was taken. *Id.* at 8-96. Thereafter, the Magistrate Judge issued an R&R recommending that this Court should deny Warren's Motion to Dismiss. Doc. 81 at 1, 4. The recommendation was predicated, in part, upon Magistrate Judge Velasco's finding that "[a]s a matter of law, the Court cannot conclude that [Warren] is entitled to judgement in his favor dismissing the Counts at issue because of unresolved questions of fact." *Id.* at 3. The Magistrate identified these as: (1) were the illegal aliens, as defined by the statue, or undocumented migrants, as defined by the Defendant, in distress upon the first encounter or thereafter during their three-day stay at The Barn; (2) were The Barn conditions such as signage re: maps and legal advice attributable to the Defendant; (3) did the Defendant provide the material witnesses with the directions for their future travels and is this in violation of the law; and (4) did the Defendant's remarks to the Border Patrol Agents at the scene go beyond the Defendant's expressed beliefs[?]. Having identified these outstanding factual disputes, Magistrate Judge Velasco also concluded that "the statutes under which the Defendant is charged do not substantially burden his exercise of religion . . ." *Id.* at 4.[2]

## LAW

"Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). "It follows, as an incident of

---

[2] Magistrate Judge Velasco arrived at this conclusion after making a series of preliminary findings about the evidence presented at the May 11, 2018 hearing. Doc. 81 at 4. For example, the he found "As a result of [Warren's explanation about the nature and extent of his beliefs], only some of his conduct may conflict with Federal immigration laws." *Id.* at 4.

the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." *United States v. Olson*, 504 F.2d 1222, 1225 (9th Cir.1974) (quotation omitted). However, a court may dismiss an indictment under its supervisory powers when the defendant suffers substantial prejudice, and where no lesser remedial action is available. *United States v. Morales*, 465 Fed. Appx. 734, 739–40 (9th Cir. 2012) (quotations and citations omitted). Here, neither the record nor the Religious Freedom Restoration Act support an exercise of this Court's supervisory powers to intrude on the government's charging decision.

The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb–1 ("RFRA") was enacted by Congress in 1993 in response to the Supreme Court's decision in *Employment Div., Dept. of Human Resources v. Smith*, 494 U.S. 872 (1990), which held that the government need not show a compelling interest in enforcing generally applicable laws that substantially burden a religious practice. *Id*. at 879; *see also*, *City of Boerne v. Flores*, 521 U.S. 507 (1997). The RFRA provides that "[g]overnment shall not substantially burden a person's exercise of religion," see 42 U.S.C. § 2000bb-1(a), and supplies a rule of decision in cases where a person finds himself in the position of needing to choose between following his faith and following the law. *See United States v. Christie*, 825 F.3d 1048, 1054-1055 (9th Cir. 2016). The Ninth Circuit has explained that the RFRA "supplies religious objectors . . . with an affirmative defense to criminal prosecution." *Christie*, 825 F.3d at 1065-1066.

## DISCUSSION

Warren objects that Magistrate Judge Velasco erred in concluding and recommending that his request for dismissal should be denied on the basis of unresolved questions of fact. Doc. 82 at 1. He further objects to the Magistrate's conclusion that "only some of [Warren's] conduct may conflict with Federal immigration laws." *Id*. The Court will review these portions of the R&R de novo.

Turning first to Magistrate Judge Velasco's conclusion that the motion to dismiss

should be denied due to factual disputes – this Court finds it is in agreement with the Magistrate Judge and will adopt this conclusion. For the sake of clarity, this Court would add that the motion to dismiss is denied because deciding whether the RFRA should "immunize [Warren's] past conduct from official sanction [] even though such conduct violated a law that is otherwise valid," *Christie*, 825 F.3d at 1055, implicates "trial of the general issue[3]" – whether and to what extent Warren is guilty of conduct that violates the laws alleged in the indictment. In his Motion to Dismiss, Warren implores the Court to circumnavigate the factual questions inherent in that determination as follows:

> Assuming only for purposes of this motion that Dr. Warren did in fact give the migrants food, water, beds, and clean clothes as the government alleges, his conduct cannot legally constitute a crime because the government cannot prosecute any individual for exercising his sincerely held religious beliefs in the necessity to provide emergency aid to fellow human beings in need.

Doc. 45 at 5.

Such an assumption is, however, inappropriate. Moreover, resolution of the argument which relies on the assumption would require the Court to engage in fact-finding prohibited by the Federal Rules of Criminal Procedure.

First, the assumption inappropriate because it requires this Court to decide that the only evidence of criminal conduct the Government will present at trial is Warren's provision of food, water, bed(s) and clean clothing. The Court acknowledges that these acts are listed in the pre-indictment Complaint. *See* Doc. 1. However, Warren cites no authority, and the Court is aware of none, which would limit the Government's case at trial such that it could only present evidence of Warren's guilt if it is identical to the conduct described in the affidavit supporting the pre-indictment Complaint. As far as this Court is aware, the usual function of a criminal complaint is, solely and simply, to

---

[3] In 2014, the language formerly in Fed. R. Crim. P. 12(b)(2), which provided that "any defense, objection, or request that the court can determine without trial of the general issue" may be raised by motion before trial, was relocated and modified. The more modern phrase "trial on the merits" was substituted for the more archaic phrase "trial of the general issue." No change in meaning was intended. *See* Fed. R. Crim. P. 12(b), advisory committee's notes to 2014 amendment.

recount facts, produced by an investigation, that provide probable cause to arrest. *See Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001).

Second, the argument that Warren's conduct does not, legally, constitute a crime in light of the strictures announced in the RFRA – the argument underpinning his entire motion to dismiss – is unavailing in the context in which Warren raises it as it recites and relies upon facts about Warren's alleged criminal conduct which the Government disputes. For instance, the argument advances and assumes, *inter alia*, that Warren "provided emergency aid" and that the recipients were "in need" on the dates listed in the indictment. *See* Doc. 62 at 8.

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). However, a pretrial motion requesting dismissal is not an appropriate vehicle to challenge the merits of a case and cannot be used as a device for summary trial on the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Motions to dismiss are, generally, only "capable of determination" before trial "if [the motion] involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), cert. denied, 478 U.S. 1007, (1986)(internal citations and quotations omitted) [hereinafter *Shortt*]; *see also United States v. Snyder*, 428 F.2d 520, 522 (9th Cir.), cert. denied, 400 U.S. 903 (1970)(a pretrial motion to dismiss "is not the proper way to raise a defense.") Although the Court may make such preliminary findings of fact as are necessary to decide legal questions presented by such a motion, the Court may not "invade the province of the ultimate finder of fact." *Shortt*, 725 F.2d at 1452. (internal quotation and citation omitted). The Ninth Circuit has explained:

> As the ultimate finder of fact is concerned with the general issue of guilt, a motion requiring factual determinations may be decided before trial if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense. Under this standard, the district court must decide the issue . . . if it is entirely

segregable from the evidence to be presented at trial. If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred.

*Id.* (internal quotations and citations omitted).

In short, arguments raised in a motion to dismiss that rely on disputed facts going to the general issue of a defendant's guilt should be denied or deferred. *See United States v. Nukida,* 8 F.3d 665, 669-670 (9th Cir. 1993)(also defining the "general issue" as evidence relevant to the question of guilt or innocence); *United States v. Caputo*, 288 F. Supp. 2d 912, 916 (N.D. Ill. 2003), *citing United States v. Shriver*, 989 F.2d 898, 906 (7th Cir. 1992). Here, the disputed facts go to the general issue of whether Warren is guilty of the conduct alleged in the indictment. Accordingly, it is the province of the jury to allot weight and credibility if conflicting evidence is presented about the extent or nature of Warren's conduct. *See United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989).

In his objections to the R&R, Warren nonetheless insists "courts routinely resolve disputed facts on motions to dismiss" and "an RFRA defense must be decided pretrial" *Id.* at 2-3. Such argument(s), however, ignore the import of the Ninth Circuit's recent, explicit pronouncement that the RFRA defense is an "affirmative defense." See *Christie*, 825 F.3d at 1065-1066.

Deciding whether an affirmative defense excuses criminal conduct, as a matter of law, necessarily implicates questions of fact concerning said conduct – a circumstance acknowledged by the Ninth Circuit when it explicitly distinguished affirmative defenses from the sort of "defense" which only invokes a question of law. *See United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989)(distinguishing between an affirmative defense and a "defense" of outrageous government conduct which raises a question of law rather than fact and which, if successfully raised in a pretrial motion to dismiss, would result in the dismissal of an indictment, regardless of the indictment's merits). Warren cites no binding or relevant authority suggesting that an RFRA defense should be

treated as the latter type of "defense" rather than as an affirmative defense. *United States v. Jeffs*, 2:16-CR-82 TS, 2016 WL 6745951 (D. Utah 2016) was decided by a district court in the Tenth Circuit which was not bound by the Ninth Circuit's decision to classify an RFRA defense as an "affirmative defense" and does not otherwise issue rulings binding on this Court. Similarly, the decision in *United States v. Lundquist*, 932 F.Supp. 1237 (D. Or. 1996) is not binding on this Court and was issued nearly twenty years before the Ninth Circuit clarified the procedural posture of the RFRA defense in *Christie*.

Additionally, Defendant's non-specific reliance on cases which resolve factual disputes raised by motions to suppress is misplaced. See Doc. 82 at 3. Generally, any factual differences highlighted by a motion to suppress do not impact the ultimate issue of guilt. *United States v. Schafer*, 625 F.3d 629, 636 (9th Cir. 2010). Evidence must be suppressed when it is obtained in violation of a defendant's constitutional rights. *Id*. (citing *Mapp v. Ohio*, 367 U.S. 643, 655–56 (1961)). A district court may make factual findings with regard to whether evidence was unconstitutionally obtained because such issues are "entirely segregable" from the issue of guilt. *Id*. (citing *Shortt*, 785 F.2d at 1452 (discussing the types of factual findings a district court can make to resolve pretrial motions)). In this case, however, questions raised by Warren's motion go to the viability of his affirmative defense; the outstanding factual disputes which were previously noted cannot be segregated from the issue that is properly decided by and through trial—Warren's guilt.

Turning next to Magistrate Judge Velasco's finding that "only some of [Warren's] conduct may conflict with Federal immigration laws" – this Court is not convinced that this assertion was germane to his ultimate recommendation that this Court should deny Warren's motion to dismiss. Regardless, because this Court cannot now decide, pursuant to Federal Rule of Criminal Procedure 12, whether an RFRA defense excuses Warren's conduct as a matter of law, the Court need not reach or adopt this contested finding.

Finally, it bears mentioning that, in resolving to adopt Magistrate Judge Velasco's recommendation that the Court should deny the motion to dismiss, this Court was

mindful that the question of whether a criminal defendant has presented sufficient evidence to warrant a jury instruction on an affirmative defense *is* regarded as a predominantly a legal question. *See, e.g., United States v. Brandon*, 633 F.2d 773, 778 (9th Cir.1980)(the refusal to submit an entrapment instruction to the jury "constitutes a determination as [a] matter of law that the defense may not be raised") (emphasis added). The Court can preclude an affirmative defense at trial if it also determines the defendant has failed to make a prima facie case showing he is eligible to it. *See United States v. Moreno*, 102 F.3d 997-998 (9th Cir. 1996). However, because Warren has only moved for dismissal and has not filed a motion in limine seeking to present an RFRA affirmative defense at trial, the issues of whether he has made a prima facie case under the RFRA and/or whether the government satisfied the RFRA's test in turn are not properly before this Court. Accordingly,

     **IT IS ORDERED**:

1. The findings and conclusions of the R&R (**Doc. 81**) are **ACCEPTED AND ADOPTED, IN PART**, as described in the terms of this Order.

2. The Amended Motion to Dismiss Counts 2 and 3 (**Doc. 45**) is **DENIED**.

3. This matter is re-referred to Magistrate Judge Velasco under the cause number listed above, consistent with the terms of the Court's previous referral order.

     Dated this 14th day of September, 2018.

                Honorable Raner C. Collins
                United States District Judge