Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com
*Pro Bono* Attorneys for Defendant Scott Daniel Warren

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No.CR-18-00223-001-TUC-RCC(BPV) |
| Plaintiff, | |
| vs. | **NOTICE OF SUPPLEMENTAL AUTHORTIY RE MOTION FOR DISCOVERY INTO SELECTIVE ENFORCEMENT** |
| SCOTT DANIEL WARREN, | |
| Defendant. | |

On August 23, 2018, Defendant filed a Motion for Discovery Into Selective Enforcement (Doc. 113). The Government filed a response (Doc. 123) and Defendant filed a reply (Doc. 126). The Court held oral argument on October 16, 2018.

It has just come to undersigned counsel's attention that on October 15, 2018, the Ninth Circuit issued its opinion in *United States v. Sellers,* No. 16-50061, 2018 U.S. App. LEXIS 28902, establishing for the first time a standard in the Ninth Circuit for discovery in selective enforcement claims. A copy of the opinion is attached to this notice.

In *Sellers,* the defendant sought discovery for a selective enforcement claim concerning the actions of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The Ninth Circuit explained:

> To succeed on his selective enforcement claim, Sellers must show that the enforcement had a discriminatory effect *and* was motivated by a discriminatory purpose. He is unlikely to meet this demanding standard without information that only the government has. Sellers can obtain this information through discovery if he makes a threshold showing. We must decide what that showing is. We hold that in these stash house reverse-sting cases, claims of selective enforcement are governed by a less rigorous standard than that applied to claims of selective prosecution under *United States v. Armstrong,* 517 U.S. 456 (1996).

*Sellers,* Slip Op. at 4. The Court went on to say that it would not adopt the *Armstrong* standard for selective enforcement claims because "the same presumption of regularity and deference to prosecutorial decision-making policy concerns do not apply in the selective enforcement context." Slip Op. at 10. The Court explained that "Asking a defendant claiming selective enforcement to prove who *could* have been targeted by an informant, but was *not*, or who the ATF *could* have investigated, but did *not,* is asking him to prove a negative; there is simply no statistical record for a defendant to point to." Slip Op. at 10-11 (emphasis original). It stated it would "join the Third and Seventh Circuits and hold that *Armstrong*'s rigorous discovery standard for selective prosecution cases does not apply strictly to discovery requests in selective enforcement claims like Sellers's." Slip Op. at 14. Instead, defendants only need have "*something* more than mere speculation to be entitled to discovery, [and] what that *something* looks like will vary from case to case." Slip Op. at 14 (emphasis original).

2

This new authority is directly relevant to the argument in Defendant's initial brief (Doc. 113) at 11-15 (arguing that in the absence of Ninth Circuit authority, the Court should adopt the Third and Seventh Circuit standard) and in his Reply Brief (Doc. 126) at 2 (explaining that *Armstrong* is inapplicable because it was based on special status of prosecutors and is often impossible to satisfy in selective enforcement cases).

In addition, at the October 16, 2018 hearing, the Court inquired whether evidence existed that Ajo field agents, rather than just the Border Patrol Tucson sector leadership, had knowledge of the embarrassing report and video in advance of establishing surveillance on The Barn. The defense has just identified such information, obtained via Freedom of Information Act request from the Pima County Sheriff's Department, of which they were not previously aware. The evidence, also attached to this notice, consists of an email from Fernando Grijalva, Patrol Agent in Charge at the Ajo Border Patrol Station, to individuals at the Pima County Sheriff's Office and the National Park Service, advising them of the report release and attaching a copy in a section labeled "UPDATE as of 0900 hrs 1/17/2018." The email is dated Wednesday, January 17, 2018 10:34 AM.

RESPECTFULLY SUBMITTED this 17th day of October, 2018.

By /s/ Amy P. Knight
Gregory J. Kuykendall
Amy P. Knight
531 S Convent Avenue
Tucson, AZ 85701
Attorneys for Defendant Scott
Daniel Warren

3

CERTIFICATE OF SERVICE

      I certify that on October 17th, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701