IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Scott Daniel Warren,<br><br>    Defendant.<br>_____ | NO.   CR 18-00223-TUC-RCC(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR VIOLATION OF INTERNATIONAL LAW** |

On January 17, 2018, Defendant Scott Daniel Warren was arrested for concealing, harboring, or shielding illegal aliens and a Complaint [Doc. 1] was filed against him on January 18, 2018. The Defendant was indicted [Doc. 26] on February 14, 2018. On August 27, 2018, Defendant filed a Motion to Dismiss Indictment for Violation of International Law [Doc. 115] and the Government filed its Response [Doc. 125] on September 10, 2018. Defendant filed his Reply [Doc. 128] on September 17, 2018.

The Court held an Evidentiary Hearing on the matter on October 16, 2018.

The Court, having considered the briefing and arguments presented, recommends that the District Judge, after his independent review and consideration, enter an order **DENYING** Defendant's Motion to Dismiss Indictment for Violation of International Law [Doc. 115].

## FACTS

Smuggling of people and contraband became a fact of life in Southern Arizona once Europeans or their ancestors established natural borders. Luis Alberto Urreau, The Devil's

Highway (2004). The United States passed laws dealing with the criminalization of illegal immigration starting in 1929. In the year 2000, the United States became a member of the Protocol Against the Smuggling of Migrants by Land, Sea, and Air, Supplementing the United Nations Convention Against Transnational Organized Crime. As a part of that Treaty, the United States, through Article 6, Number 4, acknowledged the United States' ability to enforce its domestic law on immigration offenses. Article 20 of the Treaty, which provides the enforcement mechanism for violations of the Treaty, was not adopted.

## **DISCUSSION**

A fair reading of the Treaty establishes the following:

1)   An agreement to protect migrants from international criminal organizations;
2)   Permission for signatory nations to enforce their domestic immigration laws, Article 6;
3)   Provision for the return of migrants to their native country, Article 18;
4)   Decision not to expand any humanitarian rights that existed prior to the Protocol's authorization. Article 19.

The Treaty did not declare that humanitarian aid was a defense to the enforcement of a signatory nation's domestic law, nor did the Treaty create a mechanism that permitted a migrant a path to legal entrance or residency under the provisions of the Protocol.

The Defendant asserts that the more recent enactment of the Treaty supercedes the earlier criminal code at issue. As appealing as this sounds, a different result occurs because the Treaty itself recognizes the supremacy of the domestic law. In fact, by the terms of the Treaty, the domestic law remains in effect and could conceivably be altered without violating the Treaty.

The Defendant's invocation of due process via outrageous government conduct and the Court's supervisory authority is an invitation to join the national debate for determining what a rational immigration policy should be.

The Courts are not the vehicle for creating the laws of this country where the variables

1 are so numerous and require comprehensive consideration rather than the piecemeal approach
2 suggested by this Motion. This is a debate and resolution for Congress, and not the Court.
3     Finally, the Defendant conceded he did not have a private right action pursuant to the
4 Treaty.

## **CONCLUSION**

6     It is the recommendation of this Court that the District Judge, after his independent
7 review and consideration, enter an Order **DENYING** Defendant's Motion to Dismiss
8 Indictment for Violation of International Law [Doc. 115].
9     Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date
10 of this Report and Recommendation to file written objections to these findings and
11 recommendations with the District Court. Any objections and Responses to objections filed
12 should be filed as CR 18-00223-TUC-RCC. No Replies shall be filed unless leave is granted
13 from the District Court.
14     DATED this 7th day of November, 2018.

_____
Bernardo P. Velasco
United States Magistrate Judge