ELIZABETH A. STRANGE
First Assistant United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
Colorado State Bar No. 41722
NATHANIEL J. WALTERS
Assistant U.S. Attorney
Arizona State Bar No. 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
         nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Scott Daniel Warren,<br><br>                    Defendant. | 18-CR-223-TUC-RCC (BPV)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS INDICTMENT FOR VIOLATIONS OF INTERNATIONAL LAW |

The defendant's Objection to United States Magistrate Judge Bernardo P. Velasco's Report and Recommendation regarding the defendant's Motion to Dismiss Indictment for Violation of International Law (Doc. 136) is without basis in fact or law.  The illegal aliens were not in distress; the defendant was not engaged in humanitarian aid; and international law does not require dismissal of the Indictment. For the reasons discussed below, the government respectfully requests that the Court overrule the defendant's objection and deny the motion in its entirety.

The defendant filed his Motion to Dismiss Indictment for Violation of International Law in August 2018. Doc. 115. The parties fully briefed the issues, and after hearing the parties' arguments, Magistrate Judge Velasco recommended that the District Court deny the motions in its entirety. Docs. 125, 128, 130, 134. The defendant then filed timely his

Objection to the Report and Recommendation, as well as a Notice of Supplemental Authority. Docs. 136, 137.

### I. Discussion

The defendant argues in his Objection that the Report and Recommendation is based on an erroneous interpretation of the government's treaty obligations under the 2005 "Protocol Against Smuggling of Migrants by Land, Sea, and Air" (Protocol). Doc. 136. The defendant further argues that, based on his interpretation of the Protocol, the Indictment fails to state an offense because the Protocol makes his conduct in this case non-criminal because he was engaged in humanitarian aid. *Id.* The defendant's arguments have no basis in fact or law. The Protocol did not repeal, rewrite or replace 18 U.S.C. § 1324, and the illegal aliens in this case were not in need of any humanitarian aid. Accordingly, the government is free to prosecute the defendant as charged without violating its international obligations.

#### *a. The defendant was not engaged in humanitarian aid.*

The entirety of the defendant's arguments rest on the faulty premise that the defendant was engaged in humanitarian aid at the time of his offense. The testimony and evidence already taken in this matter clearly demonstrate that the defendant's goal was not to provide humanitarian aid, but to help the illegal aliens avoid Border Patrol. In addition, the evidence and testimony also make clear that the illegal aliens were not in need of any humanitarian aid.

The defendant gave the two illegal aliens directions on how to travel further north into the United States along routes commonly used by illegal aliens to avoid a Border Patrol checkpoint and navigate north to a major highway. *See* Doc. 125 at 3; Doc. 26. In addition, in the hours prior to the illegal aliens' arrival at the Barn, the two illegal aliens took multiple smiling "selfies" of themselves, sometimes posing with breakfast burritos and PowerAde drinks. *See id.* at 4. Sacaria-Goday felt well enough that he decided to let Perez-Villanueva eat more of the breakfast burrito because "those beans didn't taste very good." *See id.* Once the illegal aliens reached the Barn, they continued to take smiling "selfies" of themselves

cooking food, posing with other people, and posing shirtless in front of a bathroom mirror. *See* Government's Exhibits 34-47. No one at the Barn, including the defendant, offered the illegal aliens medical assistance of any kind. *See* Doc. 125 at 5.

The evidence is clear that the defendant was not engaged in humanitarian aid at the time of the offense. The defendant was focused, instead, on helping the two illegal aliens avoid Border Patrol and remain in the United States illegally.

### b. The United States' obligations under the Protocol do not prevent it from criminally prosecuting the defendant in this matter.

Whatever the defendant's motive, the Report and Recommendation correctly found that, nothing in the Protocol invalidated pre-existing United States laws, such as 18 U.S.C. § 1324. The Protocol applies only to the "prevention, investigation and prosecution" and "the protection of the rights of persons who have been the object" of the transnational offenses described in Article 6. *See Air France v. Saks*, 470 U.S. 392, 396–97 (1985). Article 6 requires the signatories to criminalize several offenses, but does not prevent them from criminalizing other offenses.  In fact, Article 6 explicitly states in Paragraph 4 that "[n]othing in this Protocol shall prevent a State Party from taking measures against a person whose conduct constitutes an offence under its domestic law." Therefore, the United States can maintain its laws criminalizing alien smuggling while complying with its obligations under the Protocol.

The defendant attempts to avoid the clear language of Paragraph 4 to Article 6 by inviting the Court to give undue weight to the Protocol's drafting history, including the *travaux preparatoires*.  Doc. 136 at 4-5. However, "[t]he interpretation of a treaty, like the interpretation of a statute, begins with its text." *Medellin v. Texas*, 552 U.S. 491, 506 (2008) (citing *Air France*, 470 U.S. at 396-97). The text of the Protocol is unambiguous, and the *travaux preparatoires* should not serve to contradict the Protocol's clear language.

The United States' obligations under the Protocol do not limit or invalidate its domestic criminal laws addressing alien smuggling, and the government may prosecute the defendant without violating its obligations under the Protocol.

### *c. The government did not violate the defendant's substantive Due Process rights or engage in prosecutorial misconduct.*

The defendant also argued in his motion that the government violated his substantive Due Process rights and engaged in prosecutorial based on the Protocol and the International Covenant on Civil and Political Rights (Covenant). Doc. 115 at 12-17. While the defendant does not address these arguments in his Objection, he offers a letter from United Nations Special Rapporteurs as "persuasive authority" in support of his arguments that the Protocol and Covenant apply to this case. Doc. 137 at 3. However, the letter simply "expresses concern" and asks for a response from the United States. Doc. 137-1 at 2-3. The letter makes no findings, and the United States was not obligated to respond. Therefore, the letter offers no support to the defendant's arguments.

## II.   Conclusion

The government is free to prosecute the defendant as charged without violating its international obligations, offending Due Process, or committing prosecutorial misconduct. Therefore, the government respectfully requests that the Court overrule the defendant's objections and deny his motion in its entirety.

Respectfully submitted this 12th day of December, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 12th day of December, 2018, to:

All ECF participants