IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Scott Daniel Warren,<br><br>　　　　Defendant. | NO.　CR 18-00223-TUC-RCC(BPV)<br><br>**ORDER** |

**IT IS ORDERED** that Defendant Scott Daniel Warren's Motion to Compel Disclosure and for Sanctions is denied. The Government has complied with the Court's Order for Disclosure and submitted to Counsel the information the Court determined was in compliance with the Court's Order.

The Defendant's suggestion that he is being denied discoverable evidence is unfounded. The Government provided the Court with more material than the Court Ordered. The Court reviewed it and found nothing helpful to the Defendant's case or theories of the case.

The Court attaches to this Order the correspondence regarding the Court's previous disclosure Order.

DATED this 12th day of December, 2018.

*[signature]*
Bernardo P. Velasco
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA



*Bernardo P. Velasco*
*United States Magistrate Judge*

*Evo A. DeConcini United States Courthouse*
*405 West Congress Street, Suite 5650*
*Tucson, AZ 85701-5054*
*Telephone: 520-205-4630*
*FAX: 520-205-4639*

December 4, 2018

Asst. U. S. Attorney Anna Wright
Asst. U.S. Attorney Nathaniel Walters
U.S. Attorney's Office
405 West Congress, Suite 4800
Tucson, AZ 85701

Re:   *United States v. Scott Daniel Warren, CR 18-00223-TUC-RCC(BPV)*

Dear Counsel:

I have reviewed your disclosure packet and confirm your proposed disclosure as being in compliance with my previous Order.

Sincerely,

Bernardo P. Velasco

BPV:cjm



**U.S. Department of Justice**

*United States Attorney*
*District of Arizona*

| | |
|---|---|
| *United States Courthouse*<br>*405 W. Congress Street, Suite 4800*<br>*Tucson, Arizona 85701-5040* | *TEL: (520) 620-7300*<br>*FAX: (520) 620-7320* |

December 3, 2018

HONORABLE BERNARDO P. VELASCO
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5650
Tucson, AZ 85701-5063

Re:   *United States v. Scott Daniel Warren*, 18-CR-223-TUC-RCC (BPV))

Dear Judge Velasco:

The United States of America, by and through its undersigned attorneys, hereby provides the Court with the attached materials in response to the Court's November 7, 2018, order requiring the government to "disclose any emails or texts sent to [Agents Burns and Marquez] from 8:00 a.m. until [Agents Burns and Marquez] went off duty on January 17, 2018." In an abundance of caution, the government has also included all texts and emails sent from Agents Burns and Marquez during the relevant period for the Court's *in camera* review.

While the Court's order required disclosure of <u>all</u> texts or emails, upon further review, many of the texts and emails sent or received during the relevant time period do not fall within the government's disclosure obligations. For the reasons discussed below, the government respectfully seeks permission to disclose only those materials that implicate the government's disclosure obligations under Federal Rules of Criminal Procedure 16 and 26.2, Federal Rules of Evidence 404(b) and 609, 18 U.S.C. § 3500 (Jencks Act), *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

## Materials Subject to Disclosure

The government will disclose Exhibits A through G. However, as noted in the attached exhibits, the government will redact certain information.

## Materials Already Disclosed or Reviewed

The government previously disclosed Exhibit H as Bates Numbers 155-164 on February 8, 2018. Because the defendant already has this material, the government seeks the Court's permission to not re-disclose the text conversation in order to avoid confusion and duplication of efforts.

The government also previously disclosed Exhibits I and J *in camera* in response to the defendant's oral motion during the suppression hearing for Jencks materials. The Court found at that time that the text conversations were not Jencks material. The text conversations do not otherwise implicate the government's disclosure obligations, and so the government seeks permission to not disclose this material.

## Materials Not Subject to Disclosure

Exhibits K through O are unrelated to this matter. The materials in these exhibits relate to other unrelated criminal investigations. As such, they are not subject to disclosure under the Federal Rules of Criminal Procedure or Evidence, the Jencks Act, *Brady* or *Giglio*. Accordingly, the government seeks the Court's permission to not disclose these materials to the defendant.

In addition, Exhibits P through R relate to this matter but do not implicate the government's disclosure obligations. Exhibit P is purely procedural. Exhibits Q and R do not contain Jencks or other substantive information. Because Exhibits P through R do not implicate the government's disclosure obligations under the Federal Rules of Criminal Procedure or Evidence, the Jencks Act, *Brady* or *Giglio*, the government seeks the Court's permission to not disclose these materials to the defendant.

For the reasons discussed above, the government seeks permission to disclose only those texts and emails sent to or from Agents Burns and Marquez during the relevant period.

Sincerely,

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Anna Wright & Nathaniel Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys