ELIZABETH A. STRANGE
First Assistant United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
E-mail: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>   vs.<br><br>Scott Daniel Warren,<br><br>            Defendant. | 18-CR-223-TUC-RCC (DTF)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ESTOP GOVERNMENT FROM ARGUING DIRECTLY CONTRARY POSITIONS FOR STRATEGIC GAIN |

The United States of America, by and through its undersigned attorneys, hereby responds to the defendant's Motion to Estop Government from Arguing Directly Contrary Positions for Strategic Gain. Doc. 170. In essence, having failed to meet his burden to show that he had standing to challenge Border Patrol's search of the Barn, the defendant now seeks to limit the evidence and argument the government may present to the jury at trial by invoking judicial estoppel. As discussed below, this equitable doctrine is inapplicable in this matter, and the Court should deny the defendant's motion in its entirety because it has no basis in fact or law.

**I.     Background**

The defendant previously filed a motion to suppress evidence found as a result of a search of The Barn in Ajo, Arizona. Doc. 53. In response, the government asserted that the defendant did not have standing to challenge any search of the Barn and that, in the

alternative, no constitutional violation occurred. Doc. 63. After full briefing, Magistrate Judge Bernardo P. Velasco presided over a two-day evidentiary hearing. Docs. 83, 102. The evidentiary hearing began with the defendant presenting testimony to meet his burden to demonstrate standing, and the government later presented testimony in support of its other arguments. *Id.* At the close of the second day, the parties presented oral arguments, and Magistrate Judge Velasco took the motions under advisement. Doc. 102.

The Report and Recommendation recommending denial of the defendant's motion issued later. Doc. 110. As an initial matter, Magistrate Judge Velasco found that the defendant did not have standing to challenge the search of the Barn and then went on to find that, even if the defendant did have standing to challenge the search of the Barn, the government obtained all of the evidence from the Barn lawfully. *Id.*

The defendant objected to the Report and Recommendation, and the government responded, again asserting alternative arguments including the defendant's lack of standing. Docs. 120, 121. Having reviewed the objection and response, this Court then adopted the Report and Recommendation without further analysis. Doc. 151.

## II. Law of Judicial Estoppel

"Judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)); *see also Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013). The doctrine "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (internal quotations omitted).

Courts typically consider four factors in determining whether to apply judicial estoppel. First, whether the party's positions are "clearly inconsistent." *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. at 750–51). Second, whether the party successfully persuaded the court of its earlier position. *Id.* Third, whether allowing the inconsistent position would give the party "an

unfair advantage or impose an unfair detriment on the opposing party." *Id.* Fourth, whether the party engaged in "chicanery or knowing misrepresentation." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 995 (9th Cir. 2012).

### III.  Discussion

Contrary to the defendant's arguments, there is no basis for applying judicial estoppel in this matter. At its core, the defendant argues that, having failed to meet his burden to show standing at the Barn, he should now be allowed to assert at trial that he did not have "exclusive or significant authority or control over" the Barn without opposition. Doc. 170 at 1. This is absurd and turns the doctrine of judicial estoppel on its head.

The defendant premises his entire argument on the dubious assertion that he is only trying to hold the government to its "argument about the facts" related to standing, "not the legal conclusion that [the defendant] had no [standing] at the Barn." *Id.* at 6, n. 1. In furtherance of that argument, the defendant claims that the government "is now committed to its argument that [the defendant] had 'minimal, frankly surface-level ties to the [B]arn in this case.'" *Id.*, quoting RT 7/13/18[1] at 117:17-18. However, this quotation is incomplete and taken out of context. The record clearly shows that the government framed its argument in terms of the defendant's failure to meet his burden and that it was discussing those ties necessary to establish standing. *See* RT 7/13/18 at 117:17-18 ("All in all, the defendant has shown he has minimal, frankly surface-level ties to the [B]arn in this case.").

In any event, the government's position regarding the facts related to standing is consistent with an assertion that the defendant had "exclusive or significant authority or control over the Barn." Doc. 170 at 3. The government maintained throughout the suppression litigation that the defendant failed to show that he was anything more than a caretaker of the Barn. *See* Doc. 63 at 5-6; Doc. 121 at 7-9; RT 7/13/18 at 111:7-9. Whatever the defendant means by "exclusive or significant," a caretaker may exert authority or

---

[1] The transcript of the evidentiary hearing on July 13, 2018, is docketed at Document 107 in CM/ECF.

control without establishing a reasonable expectation of privacy. *See United States v. Reyes-Bosque*, 463 F.Supp.2d 1138 (S.D. Cal. 2006), *aff'd* 596 F.3d 1017 (9th Cir. 2010). Thus, the government may consistently argue that the defendant lacked standing to challenge the search of the Barn and that he exerted authority or control over the Barn.

In addition, throughout the suppression litigation the government also argued that, even if the defendant had standing, the search of the Barn was constitutional. *See* Doc. 63 at 6-13; Doc. 121 at 10-13; RT 7/13/18 at 117:24-118:1, 122:25-123:1, 124:1-24. The government prevailed on this argument as well, both in the Report and Recommendation and the Court's Order. *See* Docs. 110, 151. Thus, the defendant's claim that the government's argument about the facts related to standing was necessary "to win a crucial pretrial motion" is flatly contradicted by the record in this case.

Judicial estoppel is appropriate only where a party's change in position creates the perception that a court was misled and risks inconsistent court determinations. *See New Hampshire v. Maine*, 532 U.S. at 750-51. Here, there is no risk of inconsistent determinations since the Court clearly found that, even if the defendant met his burden as to standing, his motion to suppress would still fail. As such, the defendant cannot show that allowing the government to argue that he exerted authority or control over the Barn would give the government an unfair advantage. In fact, applying judicial estoppel in the manner requested by the defendant would unfairly work to the advantage of the defendant and the detriment of the government, because the defendant has already testified inconsistently about his ties to the Barn. *See* RT 6/14/18[2] at 36:18-22, 38:21-23; *contra* RT 6/14/18 at 70:9-15, RT 5/11/18[3] at 56:23-57:4, 74:20-25, 77:8-17.

///

---

[2] The transcript of the evidentiary hearing on June 14, 2018, is docketed at Document 86 in CM/ECF.

[3] The transcript of the evidentiary hearing on May 11, 2018, is docketed at Document 74 in CM/ECF.

**IV.  Conclusion**

For the reasons discussed above, judicial estoppel is inapplicable and inappropriate in this matter. Accordingly, the government respectfully requests that the Court deny the defendant's motion in its entirety.

Respectfully submitted this 4th day of April, 2019.

                                      ELIZABETH A. STRANGE
                                      First Assistant United States Attorney
                                      District of Arizona

                                      */s/ Anna R. Wright & Nathaniel J. Walters*

                                      ANNA WRIGHT &
                                      NATHANIEL J. WALTERS
                                      Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 4th day of April, 2019, to:

All ECF participants