Gregg P. Leslie, Gregg.Leslie@asu.edu, Bar # 035040 *
Nancy Craig, Nancy.Craig@asu.edu **
Lila Mayson, Lila.Mayson@asu.edu **
Alexa Salari, Alexa.Salari@asu.edu **
Adi Soto, Adi.Soto@asu.edu **
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004
Telephone: (804) 727-7398
* Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
** Certified limited practice student pursuant to L.R. Civ. 83.4(e)

David Bralow, seeking admission *pro hac vice*
david.bralow@theintercept.com
First Look Media Works, Inc.
114 5th Avenue, 18th Floor
New York, NY 10011
Telephone: (646) 784-3287

David J. Bodney, Bar # 006065
bodneyd@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: (602) 798-5400

Attorneys for First Look Media Works, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-223-TUC-RCC(DTF) |
| Plaintiff, | **MOTION TO INTERVENE BY FIRST LOOK MEDIA FOR THE LIMITED PURPOSE OF CHALLENGING SEALING OF RECORDS** |
| vs. | |
| Scott Daniel Warren, | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

First Look Media Works, Inc., publisher of *The Intercept* ("TI"), respectfully moves to intervene for the limited purpose of protecting the public's First Amendment and common law rights of access to judicial documents, specifically sealed exhibits, filed in connection with Defendant Scott Daniel Warren's (1) Sealed Motion to Suppress Evidence Found as a Result of Illegal Search (the "Motion to Suppress"), Sealed Doc. No. 53, as described in Minute Order of April 19, 2018 (Doc. No. 83), and (2) Motion to Dismiss Indictment due to Selective Enforcement (the "Motion to Dismiss"), Doc. No. 186 (filed April 1, 2019) (exhibits not publicly available are 1, 2, 3, 6, 9, 10, 11, 12, 13, 16, 17, and 18).

The public and the press have a presumed right of access to court proceedings and documents under the First Amendment. *Oregonian Publishing Co. v. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985) ("*Press–Enterprise I*"). *See also Phoenix Newspapers v. United States Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998). The Ninth Circuit has also specifically found a "strong presumption of public access" to exhibits attached to motions "more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). *See also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Defendant's substantive motions and their attached exhibits go to the heart of the government's prosecution of the Defendant and relate to matters of great public concern, including allegations of governmental misconduct.

In the present case, the Court must recognize two important failures: First, there has been a failure by the Court to engage in procedures necessary to seal court records – public

notice and hearing – that protect the public's constitutional and common law rights of access to such records. *Phoenix Newspapers*, 156 F.3d at 949. Second, the Court has made no on-the-record findings that demonstrate closure is necessary to protect a compelling interest, that closure is necessary to avoid harm to that interest, and that there are no alternatives to closure. *Id.; Oregonian Pub. Co.*, 920 F. 3d at 1466. The "compelling reason" standard for sealing a court record is significantly higher than the "good cause" standard that justifies a protective order for unfiled discovery documents.

Therefore, TI respectfully requests that its Motion to Intervene be granted and that the exhibits attached to the Motion to Suppress and Motion to Dismiss be immediately unsealed. In the alternative, any continued sealing of the exhibits must be supported on the record through specific findings of facts as to why nondisclosure outweighs the public's interest in access. *Phoenix Newspapers*, 156 F.3d at 949.

TI is also entering a similar motion in the related misdemeanor case involving the same Defendant. *U.S. v. Warren*, 4:17-mj-00341 (D. Ariz., initiated Dec. 6, 2017).

This Application is supported by the following memorandum.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Factual & Procedural Background

On February 14, 2018, the Defendant was indicted on three felony counts for allegedly harboring and transporting illegal aliens. Doc. No. 26. The events surrounding the Government's allegations against the Defendant have become a topic of major public interest and concern. See Ryan Devereaux, *Nine Humanitarian Activists Face Federal Charges After Leaving Water For Migrants in the Arizona Desert*, The Intercept, (Jan. 23, 2018, 6:39 PM), https://theintercept.com/2018/01/23/no-more-deaths-arizona-border-littering-charges-immigration/ [https://perma.cc/Z28Y-QA84]; Daniella Silva, *Volunteer arrested after giving food, water to undocumented immigrants in Arizona*, nbcnews.com, (Jan. 23, 2018 5:32 PM), https://www.nbcnews.com/news/latino/volunteer-Arrested-after-giving-food-water-undocumented-immigrants-arizona-n840386 [https://perma.cc/53BL-82VB]; Ryan Devereaux, *"We're Gonna Take Everyone – Border Patrol Targets Humanitarian Group as Criminal Organization,"* The Intercept, (April 30, 2018 1:00 PM), https://theintercept.com/2018/04/30/were-gonna-take-everyone-border-patrol-targets-prominent-humanitarian-group-as-criminal-organization/ [https://perma.cc/4JEW-PGCM]; Catherine Reagor, *ASU instructor, border aid volunteer going to trial for charges of illegally harboring people*, azcentral.com, (Dec. 25, 2018 1:54 PM), https://www.azcentral.com/story/news/local/arizona/2018/12/25/asu-instructor-aid-group-volunteer-scott-warren-go-trial-harboring-charges/2411795002/, [https://perma.cc/FE55-GM64].

On April 19, 2018, Defendant filed a Motion to Suppress Evidence Found as a Result of Illegal Search (the "Motion to Suppress"). The Motion to Suppress does not appear on the Court's docket of the case; the only public references to it in this felony case are in later responsive filings and minute orders, which identify the Motion to Suppress as Doc. No. 53. *See* Government's Response, Doc. No. 63; Minute Entry, Doc. No. 83. Further information about this motion is found in a defense document in the related misdemeanor case against Defendant. *See* Response In Opposition To Government's Motions For Protective Order And To Seal Exhibit, Doc. No. 52, pgs. 2-3, Case No. 4:17-mj-00341 (D. Ariz., initiated Dec. 6, 2017).

Two exhibits attached to the Motion to Suppress also remain sealed and missing from the docket. The exhibits contain "a text message conversation among [Border Patrol] agents discussing their planned raid and arrests" and a "report of the lead officer and the affidavit the Border Patrol filed in court to obtain a subsequent search warrant." *See Id.* at 2. According to the Defendant, the Government's request to seal the Defendant's Motion to Suppress, along with its attached exhibits, "did not assert that making the documents public would create any sort of risk of public harm, or that they contained any information that was sensitive or confidential"; the Border Patrol agent's report was redacted to remove the witnesses' dates of birth, and none of the materials appeared to include anything other than the witnesses' names, which were already included in the Complaint the Government filed to initiate its felony case against the Defendant. *Id.* at 3 (citing Doc. 1). Nonetheless, "The Court granted that request to seal [less] than two hours later, without affording the defense any chance to file a response, and without any explanation for why the documents

could be properly sealed." *Id*. The prosecutor's request for a sealing order and the subsequent order are also not on the docket; presumably, these would be found at Doc. No. 57 and 58, which are skipped on the docket. The Court has made no other on-the-record findings that would justify their sealing, has not shown it considered alternatives prior to sealing these exhibits, and has not provided the public notice or opportunity to be heard before sealing the exhibits.

On May 11, 2018, the District Court granted the Government's Motion for a Protective Order, whereby the Court ordered that, with "good cause having been shown," defense counsel (1) was, in relevant part, prohibited from disclosing discovery, except between Defendant and defense counsel's agents, any material received by the government without further Court order and (2) was prohibited from attaching to a motion any disclosure from the Government as an exhibit "without an accompanying Motion to Seal said exhibit." Doc. No. 69.

On March 14, 2019, the Defendant filed a Motion to Dismiss Indictment Due to Selective Enforcement. Doc. No. 186. The Motion to Dismiss references Exhibits 1 through 18, and only six of those exhibits are included in the publicly available version of the docket. Doc. No. 186. The exhibits that are not publicly available are 1, 2, 3, 6, 9, 10, 11, 12, 13, 16, 17, and 18. *Id*. Based upon the references to these exhibits in the defense's Motion to Dismiss, these sealed exhibits include: various text message conversations between U.S. Fish and Wildlife Service officers and Border Patrol agents discussing the Defendant; text message conversations between Border Patrol agents concerning its

investigation of the Defendant; and Border Patrol agents' incident/police reports concerning the arrest of the Defendant. *Id.*

There is no docket notice concerning a motion or order sealing these missing exhibits. The documents have been presumably filed under seal, without meeting the substantive and procedural requirements for sealing. *Phoenix Newspapers*, 156 F.3d at 949. There was no notice to the public that a motion to seal was under consideration, no motion filed in the public docket to seal these documents, and no public, on-the-record findings made by the Court as to why the exhibits should be sealed. *Id*. Instead of notice, hearing, and public findings, it appears that defense counsel filed, under seal, the missing exhibits to the Motion to Dismiss based upon the language of the Court's Protective Order, with its finding of "good cause having been shown." Doc. No. 69. However, a much more substantial standard of a "compelling interest" or "compelling reason" is required before court documents attached to a Motion to Dismiss or Motion to Suppress can be sealed, as discussed below.

The parties' actions in sealing the records may well have complied with the *procedure* for sealing under LRCrim 49.4. But that rule also requires a "clear statement of the facts and legal authority justifying the filing of the document under seal," *id.* at (b), and does not address the *substantive* law governing the common law and constitutional right of access to court documents.

# ARGUMENT

### I. The Press Has a Right to Intervene for the Limited Purpose of Moving to Unseal Documents Related to Motions Concerning the Merits of the Case.

The press is routinely permitted to appear in criminal actions for the limited purpose of protecting the public's constitutional and common law rights of access to judicial proceedings and records. *See Globe-Newspapers v. Superior Court*, 457 U.S. 596, 589-99 (1982) (requesting access to preliminary hearings); *Phoenix Newspapers*, 156 F.3d at 943 (requesting access to hearing transcripts).

The Ninth Circuit has also recognized "the press and other interested parties retain the right to intervene and request that particular documents be unsealed." *United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003). *See also U.S. v. Kaczysnki*, 154 F.3d 930, 931 (9th Cir. 1998) (noting appeal from "order granting in part the motion of intervenors-appellees," which were media parties seeking access to records).

A court in this district has also acknowledged:

> To the extent [precedent] cases imply, or even recognize, a right on the part of the press to intervene in a case, they can be read, collectively, to support a limited right that only attaches when court proceedings, and materials that are either filed or lodged with the court, are at issue.

*United States v. Loughner*, 807 F. Supp. 2d 828, 831-32 (D. Ariz. 2011). Courts in this district have granted orders permitting Applications to Intervene for the Limited Purpose of Moving to Unseal Documents by the press as recently as 2015. *See U.S. v. Kareem*, 2:15-cr-00707 (D. Ariz., Order of July 2, 2015 [Doc. No. 35]).

TI has a strong and abiding interest in reporting news to the general public and has previously published news information on the events in this case in particular. Given TI's interest in accessing judicial records for reporting news, TI should be allowed to intervene for the limited purpose described above.

## II.     The Public and Press Have a Right of Access to the Sealed Exhibits

### A.     The Public and Press Have a Right of Access Generally to Judicial Documents and Records.

The Ninth Circuit has long recognized that "the public and press have a first amendment right of access to pretrial documents in general." *Associated Press v. United States Dist. Court for Cent. Dis.*, 705 F.2d 1143, 1145 (9th Cir. 1983). The court also held that "[t]here is no reason to distinguish between pretrial proceedings and the documents filed in regard to them." *Id*. at 1145. "Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents. This presumed right can be overcome only by an overriding right or interest "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."" *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1465 (1990) (internal citations omitted). Sealing is appropriate only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* at 1466. *See also Phoenix Newspapers v. United States Dist. Court*, 156 F.3d 940 (9th Cir. 1998) (recognizing a strong presumptive right to inspect judicial records).

This right is particularly crucial in the criminal context. See *Globe Newspaper Co.*, 457 U.S. at 606. The criminal process has historically been open to the press and the public, which allows the public to oversee and scrutinize government action. *Id*. at 605-6. "Public scrutiny of a criminal trial enhances the quality and safeguards the integrity of the fact finding process" and "in the broadest terms, public access to criminal trials permits the public to participate in and serve as a check upon the judicial process-an essential component in our structure of self-government. *Id*. at 606; see also *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014) (finding that the right of access to documents is "inextricably intertwined" with First Amendment right of free speech); *Phoenix Newspapers, Inc.*, 156 F.3d at 946 (9th Cir. 1998) (citing *Press Enterprise II*) (stating "[t]he value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known").

Furthermore, the defense has alleged government misconduct and moved to dismiss for selective enforcement. *See* Doc. Nos. 53, 186. The public interest in access is at its greatest when there are such allegations. See *Oregonian Pub. Co.*, 920 F.2d at 1465 ("whether public access to the proceeding would serve as a curb on prosecutorial or judicial misconduct" is an important consideration); *U.S. v. Smith*, 123 F.3d 140, 150 (3rd Cir. 1997) ("we agree with the newspapers that there is a significant public interest in gaining access to proceedings that investigate allegations of government misconduct"); *Associated Press v. U.S. Dist. Ct., C.D. Cal.*, 705 F.3d 1143, 1145 (1983) (pretrial documents

"containing allegations . . . of government misconduct, are often important to a full understanding of the way in which 'the judicial process and the government as a whole' are functioning.").

In the present case, the motion and judicial documents relate to the conduct of the law enforcement personnel and prosecutors who are accused of trying to criminalize providing water and other aid to border crossers. The Defendant has argued that "The Border Patrol has repeatedly demonstrated its hostility toward NMD and its members, particularly in connection with their abuse documentation work. Evidence shows BP was motivated in significant part by a desire to retaliate against NMD for its criticism of the agency, a core protected First Amendment activity." Motion to Dismiss, Doc. No. 186, at 10. Thus, the media's interest in access is significant.

**B.     The Ninth Circuit has Long Recognized a Presumptive Right of Access to Exhibits Attached to Motions Related to the Merits of a Case.**

The Ninth Circuit has established a presumptive right of public access to exhibits attached to pre-trial motions related to the merits of the case.

> We acknowledged explicitly ... that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion.

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir., 2006) (internal citations omitted). The court more recently clarified that this standard applies to more than just "dispositive" motions:

> Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive." Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case. While many technically nondispositive motions will fail this test, some will pass. Our reading of the public access cases is consistent with our own case law, and more importantly, comports with the old tradition of ensuring public access which "antedates the Constitution and ... is now beyond dispute."

*Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

The Ninth Circuit has also established that the lesser standard that justifies a protective order is not sufficient to then seal dispositive court documents. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. at 1180. See also *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir., 2003) (The presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion.")

The same "compelling reason" standard applies to documents in criminal trials, where there is "a strong presumption in favor of access to court records." *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018) (citing *Center for Auto Safety*, 809 F.3d at 1096). Only documents that "do not have a history of being available to the public; … do not constitute evidence, and … do not determine the merits of a criminal case" are exempt from the presumption of public access. *Sleugh*, 896 F.3d at 1017 (finding no right of access to a party's subpoena requests).

### III. Neither Party Can Meet its Burden Demonstrating that the Records Should Remain Sealed.

If a court contemplates sealing a document, it must balance competing interests of the public against the interest asserted by the party seeking to seal the judicial records; then, it must articulate on the record facts that support that compelling interest. *Kamakana*, 447 F.3d at 1181 (citing *Hagestad*, 49 3.Fd at 1435).; see also *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 (9th Cir. 2011) (holding that compelling reasons must outweigh the general history of access and the public policies favoring disclosure). The factual findings articulated by the court cannot be based on hypothesis or conjecture. *Kamakana, 447 F.3d at 1181.* The factual basis must be "specific enough that a reviewing court can determine whether the closure order was properly entered." *Press Enterprise II*, 487 U.S. at 9-10. See *Phoenix Newspapers*, 156 F.3d at 950 (finding a conclusory order denying access to hearing transcripts for generalized security concerns was not specific enough to justify closure.) In addition, as discussed above at II.A., the court must find "there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and . . . there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co.*, 920 F. 3d at 1466.

The Court in this case has not articulated any justification for sealing the exhibits attached to the Defense's Motion to Dismiss or Motion to Suppress on the public docket.

Neither the Defendant nor the prosecution has put forth any facts that justifying sealing. The Defendant has quoted from some of the sealed material in the Motion to

Dismiss, *see* Doc. No. 186, suggesting it may have sought the seal only due to the obligation to do so under the Court's Protective Order. Doc. No. 69. Apparently, the Government asserts an interest in confidentiality based on nothing more substantial than a discovery non-disclosure order it required the Defendant to sign, found in the related misdemeanor case. *U.S. v. Warren*, 4:17-mj-00341 (D. Ariz.), Doc. No. 68-1.

In this felony matter, the defense's Motion to Dismiss and Motion to Suppress are directly related to the merits of this case, and thus any party seeking to seal any exhibits attached to these motions must meet the compelling reason standard. Despite complying with the Court's Protective Order, defense counsel has openly questioned the "appropriateness" of the order, raising concern as to the lack of compelling findings made by the Court as they relate to the previously mentioned First Amendment issues in this matter. Doc. No. 74 (pgs. 7-8). As stated above, the restrictions of a protective order can never justify sealing these types of judicial records. *Foltz,* 331 F.3d at 1136 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1183. Assuming *arguendo* that they could, the Government's Motion for a Protective Order only makes a cursory reference justifying nondisclosure of discovery based on the "nature of this case and the personal information contained within." Doc No. 68. This generalized interest cited by the Government fails to meet the compelling reason standard required to seal court records. *Kamakana*, 447 F.3d at 1185 ("Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access.")

Furthermore, no motions to seal are publicly available on the court record. While a previous motion to seal is referenced in the Government's Motion for Protective Order, the

motion to seal is not available on the public docket, and therefore cannot be accessed by the public. Doc. No. 68. Thus, the public has no way of knowing if defense counsel or the Government has fulfilled its burden of providing a compelling interest to justify sealing some of the exhibits.

With no finding or compelling interests or reasons on the record, the Court has obviously not met the requirements of consideration of the effectiveness of closure or more narrow alternatives to closure. *Oregonian Pub. Co.*, 920 F. 3d at 1466.

In addition to these substantive requirements, a court is also required to satisfy the more procedural elements of notice and an opportunity to be heard. In this case, the public was not given notice about the sealing either before it occurred or since. Notice to the public about any motion to seal is an essential requirement before sealing:

> To be sure, a court has the right to temporarily seal access to court records pending a hearing. . . . However, if a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives. If objections are made, a hearing on the objections must be held as soon as possible.

*Phoenix Newspapers*, 156 F.3d at 949 (internal cites omitted). Furthermore, "providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision." *Id.* at 951. Courts have held that providing notice on the public docket meets the notice requirement. *See In re Hearst Newspapers, L.L.C.,* 641 F.3d 168 (5th Cir. 2011); *United States v. Criden*, 675 F.2d 550 (3rd Cir. 1982).

To enforce the First Amendment and common law rights of the public and the press, the Court should only allow for the sealing of the exhibits at issue if the parties demonstrate

a compelling interest, and only after it meets the substantive and procedural standards set forth above. Furthermore, the press and public must have notice and an opportunity to be heard in a timely manner, if the Court contemplates continued sealing of the exhibits.

## CONCLUSION

For the foregoing reasons, the Court should grant TI's Motion to Intervene, and either disclose all sealed exhibits related to the Defendant's motions or enter into the record particular facts as to why nondisclosure outweighs the public's presumption of access, after considering objections and alternatives.

Respectfully submitted this 29th day of April, 2019.

/s/ Gregg P. Leslie
Gregg P. Leslie
Nancy Craig
Lila Mayson
Alexa Salari
Adi Soto
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor
   College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004

David J. Bodney, Bar # 006065
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

David Bralow, seeking admission *pro hac vice*
First Look Media Works, Inc.
114 5th Avenue, 18th Floor
New York, NY 10011