Gregg P. Leslie, Gregg.Leslie@asu.edu, Bar # 035040 *

Nancy Craig, Nancy.Craig@asu.edu **

Lila Mayson, Lila.Mayson@asu.edu **

Alexa Salari, Alexa.Salari@asu.edu **

Adi Soto, Adi.Soto@asu.edu **

First Amendment Clinic, Public Interest Law Firm

Arizona State University Sandra Day O'Connor College of Law

111 E. Taylor St., Mail Code 8820

Phoenix, AZ 85004

Telephone: (804) 727-7398

* Certified supervising attorney pursuant to L.R. Civ. 83.4(e)

** Certified limited practice student pursuant to L.R. Civ. 83.4(e)


David Bralow, *admitted pro hac vice*

david.bralow@theintercept.com

First Look Media Works, Inc.

114 5th Avenue, 18th Floor

New York, NY 10011

Telephone: (646) 784-3287


David J. Bodney, Bar # 006065

bodneyd@ballardspahr.com

BALLARD SPAHR LLP

1 East Washington Street, Suite 2300

Phoenix, AZ 85004-2555

Telephone: (602) 798-5400


Attorneys for First Look Media Works, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>     **Plaintiff,**<br><br>**vs.**<br><br>**SCOTT DANIEL WARREN,**<br>     **Defendant.** | **No. CR-18-00223-001-TUC-RCC (BPV)**<br><br>**RESPONSE: MOTION TO EXTEND TIME TO RESPOND BY FIRST LOOK MEDIA WORKS, INC.** |

First Look Media Works, Inc., publisher of *The Intercept* ("TI"), by and through its undersigned attorneys, wishes to accommodate the United States' request for an extension of time but respectfully requests that the delay be constructed to minimize the continuing injury to the public's and the press's First Amendment and common law rights of access.

To that end, TI offers this compromise.  TI would agree to a 30-day extension of time if the Court releases any previously sealed exhibit under three (3) circumstances: 1) when sealed exhibits are referred to in open court; 2) when the exhibits are entered as exhibits during the trial; or 3) when the exhibits are relied upon by this Court in making a determination of any motion or determination of guilt or innocence.[1]

Because the three circumstances do not, contrary to the government's assertion, present any "unique legal issue" (First Amendment jurisprudence clearly established the right in those circumstances); because the harm to the public's access right would be minimized (though not fully accommodated); and because the substantial resources of the federal government would be preserved, one wonders why the U.S. Attorney's Office would not even entertain such a solution, as TI proposed when asked to consent to the present motion. The legal issues in sealing exhibits to motions to dismiss have been long settled in the Ninth Circuit, and any factual issues justifying sealing should have been established when the initial motion to seal was filed. Therefore, little to no additional briefing should be necessary, and the government's argument for sealing should already be on the record. Instead, the United States seeks an extension that deprives the public of its First Amendment and common law rights.

---

[1] Open issues such as the procedure for sealing can be resolved in a timely manner at a subsequent time that accommodates the Government's concerns.

Respectfully, the motion must be denied or modified, for the following reasons:

MEMORANDUM

As fully briefed in TI's initial motion, the First Amendment right of access is predicated on the long-held conviction that the public must have access to judicial proceedings and records because "openness. . . enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 505 (1984).   The Ninth Circuit has specifically found a "strong presumption of public access" to exhibits attached to motions "more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). *See also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Defendant's substantive motions and their attached exhibits go to the heart of the government's prosecution of the Defendant and relate to matters of great public concern, including allegations of governmental misconduct.

Delay exacerbates the injury to the public's First Amendment right.   A "necessary corollary" to the First Amendment right is that once access is found to be appropriate, access ought to be "immediate and contemporary." *Grove Fresh Distribs., Inc. v Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir 1194)(citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976). *See also Lugosh v. Pyramid Co.,* 435 F. 3d 110, 126 (2nd Cir. 2006)(delaying intervention motion "was effectively a denial of any right to contemporaneous access – where 'each passing day may constitute a separate and cognizable infringement of the First Amendment.'"); *United States v. Graham*, 257 F.3d 143, 147-48 (2nd Cir. 2001)(appellate court's failure to timely review a denial of access would, in itself,  deny relief); *In re AP*, 162 F.3d 503, 507 (7th Cir. 1998)(those who seek unsealing have an immediate right to be heard); *In re Charlotte Observer,* 882 F.2d 850, 856 (4th

Cir. 1989)(the value of openness is threatened whenever immediate access is denied); *In re New York Times Co*., 828 F.2d 110, 111 (2ⁿᵈ Cir. 1987) (deferral of decision on access "would effectively deny" right of access). *Cf. Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, *J*., in chambers) (holding that where state supreme court has not taken timely action to address prior restraint on media raising First Amendment issues "delay itself is a final decision").

As a court in this District recently held when asked to suspend a preliminary injunction in a speech-related case:

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Indeed, when the expressive conduct that is so burdened is political in nature, "[t]he harm is particularly irreparable." Klein v. City of San Clemente, 584 F.3d 1196, 1208 (9th Cir. 2009).

*Jordahl v. Brnovich*, No. CV-17-08263-PCT-DJH, 2018 WL 6422179 (D. Ariz., order of October 19, 2018).

The First Amendment injury is particularly acute when the original sealing occurred without public hearing, on-the-record findings of facts, and a determination of the narrowest remedy possible to accommodate a compelling government interest. Indeed, such a delay may deny the Intervenors "a meaningful opportunity to be heard." *In re Washington Post*, 807 F.2d 383, 392 (4ᵗʰ Cir. 1986)(hearing a "belated" motion to unseal the documents "does not cure the lack of an opportunity for a hearing with respect to the original decision to seal them.").

In this case, TI seeks to preserve that meaningful opportunity to be heard, and more important, the public's right to review the judicial process within a meaningful time. This Court has recently denied the Defense's dismissal motion for selective prosecution. It will engage in the judicial labor of determining a similar issue in a related felony case on May 13, 2019. The public

has a specific, articulable and well recognized right to evaluate this judicial labor on a timely basis by reviewing all information provided by the Defense in this matter.

"People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers v. Va.,* 448 U.S. 55, 572 (1980). A 30-day continuance here prevents this meaningful review. The solution proposed at the outset of this brief would ameliorate that harm.

Respectfully submitted this 6th day of May, 2019.

/s/ _____
Gregg P. Leslie
Nancy Craig
Lila Mayson
Alexa Salari
Adi Soto
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor
College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004

David Bralow, *admitted pro hac vice*
First Look Media Works, Inc.
114 5th Avenue, 18th Floor
New York, NY 10011

David J. Bodney, Bar # 006065
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: (602) 798-5400

CERTIFICATE OF SERVICE


I certify that on May 6, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF system for filing.