MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
         nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 18-CR-223-TUC-RCC (DTF) |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION *IN LIMINE* REGARDING EVIDENCE RELATED TO RFRA DEFENSE |
| Scott Daniel Warren, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby moves the Court *in limine* to preclude any evidence related to the defendant's asserted RFRA defense absent a sufficient proffer outside the presence of the jury. In addition, should the defendant chose to testify, the government respectfully requests that the Court preclude the defendant from improperly invoking his Fifth Amendment rights during cross-examination.

   **a. Before presenting any evidence as to a RFRA defense, the defendant must proffer evidence sufficient to meet all elements of this affirmative defense.**

If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial. *United States v. Bailey*, 444 U.S. 394, 415 (1980); *see also United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982). Stated another way, if a defendant's offer of proof is

insufficient as a matter of law to support a proffered affirmative defense, "then the trial court should exclude the defense and the evidence offered in support." *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir. 1985)

When asserted by a defendant in a criminal prosecution, RFRA is an affirmative defense. *United States v. Christie*, 825 F.3d 1048, 1065 (9th Cir. 2016); *see also* Doc. 127 at 9. Therefore, before presenting any evidence as to his RFRA defense, a defendant must proffer to the Court evidence sufficient to show that his conduct was an "exercise of religion," and the government action "substantially burdened" his exercise of religion. *See* 42 U.S.C. § 2000bb-1(a); *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1068-69 (9th Cir. 2008). To do this he must first articulate the scope of his beliefs, and then show that his beliefs are religious in nature, that they are sincerely held, and that the exercise of his sincerely held beliefs is substantially burdened by a government action. *United States v. Zimmerman*, 514 F.3d 851, 853 (9th Cir. 2007).

In this case, the parties have already litigated the defendant's RFRA claim as to Counts 2 and 3, including an evidentiary hearing at which the defendant testified at length about his spiritual beliefs. Notably, at that pretrial hearing, the defendant refused to testify regarding the second prong of his *prima facie* case, that is, how his conduct related to Counts 2 and 3 was an exercise of his proffered beliefs. *See* RT 5/11/18 at 82:18-84:10; *see also* Doc. 81 at 4. In addition, he has yet to proffer any evidence regarding his *prima facie* burden as to Count 1. To date, the defendant has failed to proffer legally sufficient evidence of each element of his RFRA defense. As such, the government respectfully requests that the Court preclude the defendant from presenting any evidence at trial in support of this defense.

In the alternative, the government respectfully requests that the Court require the defendant to proffer sufficient evidence outside the presence of the jury before presenting any evidence in support of this defense. Requiring the defendant to make a proffer prior to presenting evidence is particularly appropriate where, as here, there is reason to believe that such evidence would otherwise be inadmissible. *See* Fed. R. Evid. 610 ("Evidence of

a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."); *see also United States v. Warren*, 17-MJ-341-RCC-DTF (Bench Trial, Day 2). For example, the defendant has given notice that he intends to call, Dr. Edward McCullough, Dr. Gregory Hess, Dr. Robin Reineke to testify about human remains found in the West Desert and "the crisis of death and disappearance on the U.S.-Mexico border." *Defendant's Witness List* at ¶¶ 3-5. These matters are irrelevant to charges regarding the defendant's actions to aid Kristian Perez-Villanueva and Jose Sacaria-Godoy in January 2018. Similarly, the defendant has given notice that Rev. Bethany Russell-Lowe to testify about "may testify about the [Unitarian Universalist Church of Tucson]'s adoption as No More Deaths as a ministry and the denomination's broader support for their work." *Id.* at ¶ 16. Whether or not the UUCT supports No More Deaths is irrelevant to the defendant's *prima facie* RFRA case and is certainly inadmissible under Rule 610 as evidence proffered only to bolster defense witnesses' testimony.

For the reasons discussed above, the government respectfully requests that the Court exclude any evidence related to the defendant's asserted RFRA defense unless and until the defendant has made a legally sufficient proffer as to all elements of his *prima facie* case.

### b. If the defendant chooses to testify, he should be precluded from improperly invoking his Fifth Amendment rights during cross-examination.

When a defendant exercises his right to testify in his own defense, he necessarily forfeits his right under the Fifth Amendment to not incriminate himself. "The Constitution does not give a defendant a right to testify without subjecting himself to cross-examination which might tend to incriminate him." *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998); *see also United States v. Martinez*, 883 F.2d 750, 754 (9th Cir. 1989) ("[T]he right to testify carries with it the obligation to submit to cross-examination."). A court may strike the testimony of a defendant who refuses to answer questions on cross-examination. *Borg*, 139 F.3d at 741. Such a sanction is appropriate where it is supported by a "basis in reason and law" and is proportionate to the purpose. *Id.*

In this case, should the defendant choose to testify in support of his asserted RFRA defense, he must submit fully to cross-examination about his beliefs and how his conduct in this case is an exercise of those beliefs. Cross-examination about the defendant's conduct in this case should be allowed because, by raising a RFRA defense and testifying about his beliefs, the defendant is asking the jury to find that there is a connection between his beliefs and his conduct. The government is entitled to test that claim through cross-examination. The government is also entitled to probe the defendant's credibility by cross-examining him about his conduct in this case. "Whether a witness is telling the truth or lying is as important as what the witness says, and there is no better way than cross-examination under oath to help a jury decide whether it is being lied to[.]" *Id.*

Should the defendant refuse to answer questions about his conduct on cross-examination, then his testimony should be struck and the jury instructed to disregard it. This is a particularly appropriate remedy where, as here, the defendant has previously refused to be subject to cross-examination on this same subject and has been placed on notice in advance of testifying about the possible consequences of improperly invoking the Fifth Amendment. *See id.* at 740-41.

### c. Conclusion

For the reasons discussed above, the government respectfully requests that the Court either preclude the defendant's RFRA defense based on his insufficient proffers to date, or require the defendant to make a legally sufficient proffer as to all elements before presenting any evidence related to this defense. In addition, should the defendant chose to testify in his own defense, the government respectfully requests that the Court instruct the defendant that he is required to submit to cross-examination regarding his conduct in this case, and, that if he refuses to submit to cross-examination, his testimony will be struck and the jury instructed to disregard it.

///

1       Respectfully submitted this 21st day of May, 2019.

                                    MICHAEL BAILEY
                                    United States Attorney
                                    District of Arizona

                                  */s/ Anna R. Wright & Nathaniel J. Walters*

                                    ANNA WRIGHT &
                                    NATHANIEL J. WALTERS
                                    Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 21st day of May, 2019, to:

All ECF participants