1  MICHAEL BAILEY
   United States Attorney
2  ANNA WRIGHT
   Assistant U.S. Attorney
3  NATHANIEL J. WALTERS
   Assistant U.S. Attorney
4  State Bar No.: 029708
   405 West Congress, Suite 4800
5  Tucson, Arizona  85701-5040
   Telephone: (520) 620-7300
6  E-mail: anna.wright@usdoj.gov
           nathaniel.walters@usdoj.gov
7  Attorneys for Plaintiff

8            IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF ARIZONA

10
   United States of America,                    CR-18-00223-RCC (DTF)
11
                      Plaintiff,
12                                              GOVERNMENT'S MOTION IN LIMINE
                                                TO PRECLUDE CERTAIN DEFENSE
13       vs.                                              WITNESSES

14  Scott Daniel Warren,

15                    Defendants.

16
           The United States of America, by and through its undersigned attorneys, files its
17
   motion *in limine* to preclude the defense from calling Dr. Edgar McCullough, Dr. Gregory
18
   Hess, Dr. Robin Reineke, Margo Cowan, Andy Silverman, Rev. Bethany Russell-Lowe,
19
   and Maryada Vallet as witnesses at trial. Their testimony is irrelevant and would confuse
20
   the issues at trial, mislead the jury, unduly delay the trial, waste time, and be cumulative.
21
           Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact
22
   more or less probable than it would be without the evidence; and (b) the fact is of
23
   consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not
24
   admissible. Fed. R. Evid. 402. To be "relevant," evidence need not be conclusive proof of
25
   a fact sought to be proved, or even strong evidence of the same. *United States v. Curtin*,
26
   489 F.3d 935, 943 (9th Cir. 2007). All that is required is a "tendency" to establish the fact
27
   at issue. *Id*. Also, Rule 403 allows the court to "exclude relevant evidence if its probative
28
   value is substantially outweighed by a danger of one or more of the following: unfair

1   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

2   needlessly presenting cumulative evidence."

3        On May 15, 2019, counsel for the defendant notified the United States about

4   witnesses it planned to call at trial, including the following:

5        - Dr. Edward McCullough "may testify about the maps he creates showing the

6   locations here human remains are found in the Arizona desert."

7        - Dr. Gregory Hess "may testify about the human remains found in the desert in his

8   jurisdiction."

9        - Dr. Robin Reineke "may testify about the crisis of death and disappearance of the

10   U.S.-Mexico border."

11        - Margo Cowan, "an attorney and long-time volunteer with No More Deaths[,]…

12   may testify about the group's protocols, the training they provide to volunteers, and the

13   history of agreements between Border Patrol and No More Deaths regarding the provision

14   of humanitarian aid."

15        - Andy Silverman "may testify about the group's protocols, the training they provide

16   to volunteers, and the history of agreements between Border Patrol and No More Deaths

17   regarding the provision of humanitarian aid."

18        - Rev. Bethany Russell-Lowe "is the minister at the Unitarian Universalist Church

19   of Tucson. She may testify about the congregation's adoption as No More Deaths as a

20   ministry and the denomination's broader support for their work."

21        - Maryada Vallet "is a No More Deaths volunteer who distributed the NMD report

22   to Border Patrol on the morning of January 17, 2018 and can testify also to the report's

23   wide distribution."

24        Here, the anticipated testimony of the above-listed witnesses is irrelevant as nothing

25   in their testimony goes to any element of the charged offenses or any defense. As such,

26   none of the above-listed witnesses have testimony that would tend to establish a fact in

27   issue. Fed. R. Evid. 401, 402; *Curtin*, 489 F.3d at 943. In addition, the anticipated testimony

28   of the above-mentioned witnesses will do nothing but confuse the issues, mislead the jury,

1    unduly delay the trial, waste time, and be cumulative. Fed. R. Evid. 403. As such, the

2    United States respectfully requests that the Court preclude the above-listed witnesses from

3    testifying at trial.

4            Respectfully submitted this 21st day of May 2019.

5

6                                              MICHAEL BAILEY
                                               United States Attorney
7                                              District of Arizona

8                                              */s/ Anna R. Wright & Nathaniel J. Walters*

9

10                                             ANNA WRIGHT &
                                               NATHANIEL J. WALTERS
11                                             Assistant U.S. Attorneys

12

13   Copy of the foregoing served electronically or by
     other means this 21st day of May 2019, to:
14

15   All ECF participants

16

17

18

19

20

21

22

23

24

25

26

27

28