MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
         nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Scott Daniel Warren,<br><br>　　　　　Defendants. | CR-18-00223-RCC (DTF)<br><br>GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING SELF-SERVING HEARSAY STATEMENTS |

The United States of America, by and through its undersigned attorneys, files its motion *in limine* to preclude the defendant from introducing his own self-serving, out-of-court statements through any method, i.e., (1) cross-examination of the government's witnesses; (2) direct examination of the defendant himself; and/or (3) direct examination of any other defense witness.

**I.	Discussion**

The United States may use a defendant's statements against him under Federal Rule of Evidence 801(d)(2) because a defendant is an opposing party. In this context, the statements would not be hearsay. But a defendant cannot rely on this same Rule to introduce his own out-of-court statements because, if he does so, the statements are no longer being offered against him; rather, they are being offered on his behalf. Rule 801(d)(2) does not apply in this context by its own terms. *Cf. United States v. Ortega*, 203

F.3d 675, 682 (9th Cir. 2000) (citing *Williamson v. United States*, 512 U.S. 594, 599 (1994)).

Restricting a defendant's ability to elicit inadmissible hearsay statements on cross-examination of government witnesses or through other means is not an unconstitutional infringement on his due process, Fifth Amendment and/or Confrontation Clause rights. *See Ortega*, 203 F.3d at 682-83.

Rather, to let the defendant present his story through cross-examination of government witnesses or through examination of other defense witnesses would allow the defendant to place his own statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). The law does not permit him to slip his story in through the back door. *See Ortega*, 203 F.3d at 683.

Federal Rule of Evidence 106 (the Rule of Completeness) does not lead to a different conclusion. Rule 106 applies only to written and recorded statements, and it does not compel the admission of otherwise inadmissible hearsay evidence. *See id.* at 682; *see also United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996); *United States v. Liera-Morales*, No. 12-10548, 2014 WL 3563356, \*6 (9th Cir. July 21, 2014) (no abuse of discretion for District Judge Zipps to refuse to allow defendant to present otherwise inadmissible, exculpatory portions of post-arrest interview on Rule 106 theory).

## II.  Conclusion

As in *Ortega*, the government's requested limitation merely serves to preclude the possibility that the defendant will be able to evade cross-examination on his explanation for why he committed the charged acts. Accordingly, the United States respectfully seeks an order precluding the defendant from introducing his own hearsay statements through the testimony of other witnesses or by other improper means.

///

1 | Respectfully submitted this 21st day of May 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 21st day of May 2019, to:

All ECF participants