MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
E-mail: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-00223-RCC (DTF) |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING SELECTIVE ENFORCEMENT |
| Scott Daniel Warren, | |
| Defendants. | |

The United States of America, by and through its undersigned attorneys, files its motion *in limine* to preclude the defense from introducing testimony, arguments, or other evidence of selective enforcement. Not only would testimony, arguments, or other evidence be irrelevant, but they would confuse the issues at trial and mislead the jury.

**I.    Discussion**

On March 14, 2019, the defendant lodged his proposed Motion to Dismiss Indictment Due to Selective Enforcement. Doc. 172. The Court accepted the Motion on April 1, 2019, doc. 186, and the United States responded on April 5, 2019. Doc. 192. The defendant replied on April 12, 2019. Doc. 194. The Court, at the defendant's request, admitted all attachments to the Motion to Dismiss, and the defendant admitted several more exhibits at an evidentiary hearing held on May 13, 2019. Doc. 207. On May 21, 2019, the Court denied the defendant's Motion to Dismiss. Doc. 213.

Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. To be "relevant," evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). All that is required is a "tendency" to establish the fact at issue. *Id*. Also, Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Selective prosecution and selective enforcement claims are undoubtedly related. *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018) (citing *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (en banc)). Although Federal Rule of Criminal Procedure 12 does not explicitly mention selective enforcement, selective prosecution is noted as a motion that must be filed pretrial because it is a "defect in instituting the prosecution." Fed. R. Crim. P. 12(b)(3)(A)(iv). It follows that since alleging selective enforcement is, in essence, an allegation of a "defect" in how the prosecution began, that a claim of selective enforcement should be litigated pretrial and not go before the jury. *See United States v. Bryant*, 5 F.3d 474, 475-76 (10th Cir. 1993) (upholding district court's prohibition of cross-examination as to how defendant came to be charged in federal court); *United States v. Schmidt*, 935 F.2d 1440, 1449-50 (4th Cir. 1991) (upholding refusal to give a requested instruction on selective prosecution).

Also, since any testimony, arguments, or other evidence have no bearing on the defendant's guilt or innocence, any evidence or argument going to selective enforcement is entirely irrelevant. *See* Fed. R. Crim. P. 401 & 402.

Finally, allowing the defendant to present evidence on selective enforcement, an issue the Court has already ruled on, would unfairly prejudice the government, mislead the jury, and confuse the issues for trial. *See* Fed. R. Crim. P. 403.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   Conclusion

In this case, any evidence or argument regarding selective enforcement is improper, irrelevant, and would violate the safeguards of Rule 403. As such, the United States respectfully requests that the Court preclude the defendant from introducing evidence or making any argument on the theory of selective enforcement.

Respectfully submitted this 22nd day of May 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 22nd day of May 2019, to:

All ECF participants