MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
       nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>   v.<br><br>Scott Daniel Warren,<br><br>        Defendant. | CR-18-00223-RCC (DTF)<br><br>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS |

     The United States of America, by and through its undersigned attorneys, hereby submit the attached proposed jury instructions for use in this case. The jury instructions that are Ninth Circuit Model Criminal Jury Instructions (2010) (last updated January 2019) are identified by number and can found at the Ninth Circuit website http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

## **Preliminary Instructions**

1.1   Duty of Jury
1.2   The Charge - Presumption of Innocence
5.7   Knowingly Defined
9.2   Reckless Disregard [*excerpt*]
1.3   What is Evidence
1.4   What is Not Evidence
1.5   Direct and Circumstantial Evidence
1.6   Ruling on Objections
1.7   Credibility of Witnesses
1.8   Conduct of Jury
1.9   No Transcript Available to Jury
1.10  Taking Notes
1.11  Outline of Trial
1.12  Jury to be Guided by English Translation/Interpretation

1.1 DUTY OF JURY


Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.


AUTHORITY:  9th Cir. Crim. Jury Instr. 1.1 (Approved Sept. 2017)

## 1.2 THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with one count of conspiracy to harbor illegal aliens, in violation of Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(iii) of Title 8 of the United States Code; and two counts of harboring an alien in violation of Section 1324(a)(1)(B)(iii) of Title 8 of the United States Code. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

Conspiracy to Transport and Harbor Illegal Aliens (Count 1)

First, from a time unknown and continuing to on or about January 17, 2018, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Harboring Illegal Aliens (Counts 2 and 3)

First, the person being harbored, concealed, or shielded from detection was an alien;

Second, the person being harbored, concealed, or shielded from detection was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that the person he was harboring, concealing, or shielding from detection was not lawfully in the United States;

Fourth, the defendant knowingly harbored, concealed, or shielded the person from detection with intent to violate the law.

An alien is a person who is not a natural born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.2 (2010)

## 5.7 KNOWINGLY – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

AUTHORITY:  9th Cir. Crim. Jury Instr. 5.7 (Approved March 2018)

RECKLESS DISREGARD

A person acts with reckless disregard if: (1) the person is aware of facts from which a reasonable inference could be drawn that the alleged alien was in fact an alien in the United States unlawfully; (2) the person actually draws that inference; and (3) the person intended to violate the law.

AUTHORITY: 9th Cir. Crim. Jury Instruction 9.2 (Approved Jan. 2019);

*United States v. Tydingco*, 909 F.3d 297, 304 (9th Cir. 2018)

# 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.3 (2010)

# 1.4 WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)    statements and arguments of the attorneys;

(2)    questions and objections of the attorneys;

(3)    testimony that I instruct you to disregard; and

(4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.4 (2010)

## 1.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.5 (2010)

## 1.6 RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.6 (2010)

# 1.7 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.7 (Approved Jan. 2016)

## 1.8 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you may properly consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any

research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.8 (Approved June 2016)

## 1.9 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.9 (2010)

## 1.10 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.10 (2010)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 1.11 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.11 (2010)

1.12 JURY TO BE GUIDED BY ENGLISH TRANSLATION/INTERPRETATION

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English language interpretation and translation provided through the official court interpreters and translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

AUTHORITY:  9th Cir. Crim. Jury Instr. 1.12 (2010)

### Instructions in the Course of Trial

2.1    Cautionary Instruction – First Recess
2.2    Bench Conferences and Recesses
2.6    Deposition as Substantive Evidence
2.8    Transcript of Recording in Foreign Language
2.10   Foreign Language Testimony

## 2.1 CAUTIONARY INSTRUCTION – FIRST RECESS

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

AUTHORITY:  9th Cir. Crim. Jury Instr. 2.1 (Approved Sept. 2017)

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

AUTHORITY:  9th Cir. Crim. Jury Instr. 2.2 (Approved Sept. 2017)

## 2.6 DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of Kristian Perez-Villanueva and Jose Sacaria-Goday, which were taken on March 7, 2018, are about to be presented to you. You should consider the deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

AUTHORITY:  9th Cir. Crim. Jury Instr. 2.6 (2010)

## 2.8 TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You are about to watch a recording in the Spanish language with a transcript at the bottom of the screen. The transcript is an English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

AUTHORITY:  9th Cir. Crim. Jury Instr. 2.8 (Approved Dec. 2017)

## 2.10 FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all the jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

AUTHORITY: 9th Cir. Crim. Jury Instr. 2.10 (Approved March 2018)

1

**Instructions at the End of the Case**

2
3

3.0     Cover Sheet
3.1     Duties of Jury to Find Facts and Follow Law
3.2     Charge Against the Defendant Not Evidence – Presumption of
        Innocence – Burden of Proof
3.3     Defendant's Decision Not to Testify *[as needed]*
3.4     Defendant's Decision to Testify *[as needed]*
3.5     Reasonable Doubt – Defined
3.6     What is Evidence
3.7     What is Not Evidence
3.8     Direct and Circumstantial Evidence
3.9     Credibility of Witnesses
3.10    Activities Not Charged
3.11    Separate Consideration of Multiple Counts – Single Defendant
3.18    On or About - Defined
4.1     Statements by Defendant *[if applicable]*
4.9     Testimony of Witnesses Involving Special Circumstances –
        Immunity, Benefits, Accomplice, Plea
4.11    Eyewitness Identification *[if applicable]*
4.13    Deported Material Witness
4.14    Opinion Evidence – Expert Witness
4.16    Charts and Summaries Not Admitted into Evidence *[if applicable]*
4.17    Charts and Summaries Admitted into Evidence *[if applicable]*
5.7     Knowingly – Defined
8.20    Conspiracy—Elements
8.23    Conspiracy – Knowledge and Association With Other Conspirators
9.3     Alien – Harboring or Attempted Harboring *[Count 2]*
9.3     Alien – Harboring or Attempted Harboring *[Count 3]*
7.1     Duty to Deliberate
7.2     Consideration of Evidence – Conduct of the Jury
7.3     Use of Notes
7.4     Jury Consideration of Punishment
7.5     Verdict Form
7.6     Communication with the Court
7.7     Deadlocked Jury *[as needed]*
7.12    Resumption of Deliberations After Alternate Juror is Added *[as
        needed]*

**3.0 COVER SHEET**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   CR-18-00223 |
| | ) | |
| Scott Daniel Warren, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JURY INSTRUCTIONS**

DATED:  _____

_____
UNITED STATES DISTRICT JUDGE

### 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said o r   d o n e   any suggestion as to what verdict you should return – that is a matter entirely up to you.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.1 (Approved Sept. 2017)

## 3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence;  the government has the burden of proving every element of the charges beyond a reasonable doubt.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.2 (Approved Dec. 2017)

## 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.3 (Approved Dec. 2017)

3.4 DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat his testimony just as you would the testimony of any other witness.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.4 (2010)

## 3.5 REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.5 (Approved Jan. 2019)

## 3.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.


AUTHORITY:  9th Cir. Crim. Jury Instr. 3.6 (Approved Dec. 2017)

## 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.7 (Approved March 2018)

## 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.8 (Approved Dec. 2017)

# 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.9 (Approved Dec. 2017)

35

### 3.10 ACTIVITES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.10 (Approved Dec. 2017)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 3.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against the defendants in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.11 (Approved Dec. 2017)

### 3.17 FOREIGN LANGUAGE TESTIMONY

You have heard testimony of witnesses who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witnesses' testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.17 (Approved June 2018)

### 3.18 ON OR ABOUT—DEFINED

The indictment charges that the offenses alleged in each count were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in each count of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

AUTHORITY:  9th Cir. Crim. Jury Instr. 3.18 (approved June 2018)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

AUTHORITY:  9th Cir. Crim. Jury Instr. 4.1 (2010)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Kristian Perez-Villanueva and Jose Arnaldo Sacaria-Goday, witnesses who received immunity. That testimony was given in exchange for a promise by the government that the witnesses will not be prosecuted.

For this reason, in evaluating the testimony of Kristian Perez-Villanueva and Jose Arnaldo Sacaria-Goday, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine the testimony of Kristian Perez-Villanueva and Jose Arnaldo Sacaria-Goday with greater caution than that of other witnesses.

AUTHORITY:  9th Cir. Crim. Jury Instr. 4.9

# 4.11 EYEWITNESS IDENTIFICATION

You have heard testimony of eyewitness identification. In deciding how much weight to give this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1) the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2) whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3) any inconsistent identifications made by the eyewitness;

(4) the witness's familiarity with the subject identified;

(5) the strength of earlier and later identifications;

(6) lapses of time between the event and the identification[s]; and

(7) the totality of circumstances surrounding the eyewitness's identification.

AUTHORITY: 9th Cir. Crim. Jury Instr. 4.11 (Approved Apr. 2019)

## 4.16 CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

AUTHORITY: 9th Cir. Crim. Jury Instr. 4.16 (Approved March 2018)

## 4.17 CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

AUTHORITY: 9th Cir. Crim. Jury Instr. 4.17 (Approved March 2018)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 5.7    KNOWINGLY – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions along with all the other evidence, in deciding whether the defendant acted knowingly.

AUTHORITY:  9th Cir. Crim. Jury Instr. 5.7 (Approved March 2018)

8.20 CONSPIRACY—ELEMENTS

The defendant is charged in Count One of the indictment with conspiring to harbor illegal aliens in violation of Section 1324(a)(1)(A)(v)(I) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a time unknown, and ending on or about January 17, 2018, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of the objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

AUTHORITY:  9th Cir. Crim. Jury Instr. 8.20 (Approved Jan. 2019)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 8.23   CONSPIRACY –KNOWLEDGE AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

AUTHORITY:  9th Cir. Crim. Jury Instr. 8.23 (Approved April 2019)

## 9.3 ALIEN – HARBORING

The defendant is charged in Count 2 of the Indictment with harboring of an illegal alien in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Kristian Perez-Villanueva, was an alien;

Second, Kristian Perez-Villanueva was not lawfully in the United States;

Third, the defendant knew that Kristian Perez-Villanueva was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Kristian Perez-Villanueva with intent to violate the law.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

AUTHORITY:  9th Cir. Crim. Jury Instr. 9.3 (Approved Apr. 2019)

9.3 ALIEN – HARBORING

The defendant is charged in Count 2 of the Indictment with harboring of an illegal alien in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Jose Arnaldo Sacaria-Goday, was an alien;

Second, Jose Arnaldo Sacaria-Goday was not lawfully in the United States;

Third, the defendant knew that Jose Arnaldo Sacaria-Goday was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Jose Arnaldo Sacaria-Goday with intent to violate the law.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

AUTHORITY:  9th Cir. Crim. Jury Instr. 9.3 (Approved Apr. 2019)

## 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an  honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.1 (Approved Sept. 2017)

## 7.2 CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the  court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.2 (2010)

7.3 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.3 (2010)

## 7.4 JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.4 (2010)

7.5 VERDICT FORM

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.5 (2010)

## 7.6 COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.6 (2010)

## 7.7 DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of the instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.7 (Approved Jan. 2012)

7.12    RESUMPTION OF DELIBERATIONS AFTER AN ALTERNATE JUROR IS ADDED

[An alternate juror has] [Alternate jurors have] been substituted for the excused [juror] [jurors]. You should not speculate about the reason for the substitution.

You must start your deliberations anew. This means you should disregard entirely any deliberations taking place before the alternate [juror was] [jurors were] substituted and consider freshly the evidence as if the previous deliberations had never occurred.

Although starting over may seem frustrating, please do not let it discourage you. It is important that each juror have a full and fair opportunity to explore his or her views and respond to the views of others so that you may come to a unanimous verdict. All the previous instructions given to you, including the unanimity requirement for a verdict, remain in effect.

AUTHORITY:  9th Cir. Crim. Jury Instr. 7.12 (Approved Dec. 2012)