Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) No. 18-cr-00223-RCC(DTF) |
| | ) |
| vs. | ) **DEFENDANT'S PROPOSED JURY** |
| | ) **INSTRUCTIONS** |
| SCOTT DANIEL WARREN, | ) |
| Defendant. | ) |

Defendant Scott Daniel Warren requests that the Court provide the following instructions to the jury. Numbers and titles refer to the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2010 Edition, updated 4/2019. The text of instructions is only included for instructions that are modified from, or in addition to, the model instructions. Where standard model instructions are requested, their number and title are listed, but the text of the instruction is not included.

**<u>REQUESTED OPENING INSTRUCTIONS</u>**

1.1   Duty of Jury

1.2   The Charge – Presumption of Innocence [modified]

1.3   What is Evidence

1.4   What is Not Evidence

1.5   Direct and Circumstantial Evidence

1.6   Ruling on Objections

1.7   Credibility of Witnesses

1.8   Conduct of the Jury

1.9   No transcript available to jury

1.10  Taking Notes

1.11  Outline of trial

1.12  Jury to be Guided by Official English Interpretation

## 1.2   The Charge – Presumption of Innocence [modified]

This is a criminal case brought by the United States government. The government charges the defendant with harboring two young men who had entered the United States without permission, and conspiracy to transport and harbor these same two individuals. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

The defendant is charged in the indictment with conspiracy to transport and harbor Kristian Perez Villanueva and Jose Sacaria Goday, and with harboring those same two individuals, in violation of Section 1324 of Title 8 of the United States Code.

In order for the defendant to be found guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown, and ending on or about January 17, 2018, there was an agreement between two or more persons to commit at least one crime as charged in the indictment (transporting and harboring Kristian Perez Villanueva and/or Jose Sacaria Goday);

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

In order for the defendant to be found guilty of harboring, the government must prove each of the following elements beyond a reasonable doubt:

First, Kristian Perez Villanueva and/or Jose Sacaria Goday was an alien;

Second, Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Kristian Perez Villanueva and/or Jose Sacaria Goday with intent to violate the law.

The crime of transporting (which the government has alleged the defendant agreed with at least one other person to commit) requires the same first three elements as harboring, and also requires knowingly transporting or moving Kristian Perez Villanueva and/or Jose Sacaria Goday in order to help him remain in the United States illegally.

## **REQUESTED INSTRUCTIONS IN THE COURSE OF TRIAL**

2.1 Cautionary Instruction – First Recess

2.2 Bench Conferences and Recesses

2.6 Deposition as Substantive Evidence

2.7 Transcript of Recording

2.9 Foreign Language Testimony

2.11 Evidence for Limited Purpose

**REQUESTED INSTRUCTIONS AT END OF CASE**

3.1   Duties of Jury to Find Facts and Follow Law

3.2   Charge Against Defendant Not Evidence—Presumption of Innocence —Burden of Proof

3.3 or 3.4   Defendant's Decision to Testify or Not to Testify

3.5   Reasonable Doubt – Defined

3.6   What is Evidence

3.7   What is Not Evidence

3.8   Direct and Circumstantial Evidence

3.9   Credibility of Witnesses

3.10   Activities Not Charged

3.11   Separate Consideration of Multiple Counts

3.19   Jury to be Guided by Official English Translation/Interpretation

4.9   Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea [modified]

4.13   Deported Material Witness (formerly Missing Witness)

4.15   Summaries Not Received in Evidence

Alien – Definition

8.20   Conspiracy – Elements [modified]

Mere Association

8.22   Multiple Conspiracies

7.9   Specific Issue Unanimity

Conspiracy to Commit Illegal Transportation

9.3     Harboring [modified]

6.10    Mere Presence

5.9     Advice of Counsel

No Obligation to Report

Religious Freedom: Substantial Burden

Religious Freedom: Least Restrictive Means of Advancing Compelling Interest

7.1     Duty to Deliberate

7.2     Consideration of Evidence – Conduct of the Jury

7.3     Use of Notes

7.5     Verdict Form

7.6     Communication with Court

1
2

**4.9 Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea [modified]**

3
4
5
6
7
8
9
10

You have heard testimony from Kristian Perez Villanueva and Jose Sacaria Goday, witnesses who received immunity. That testimony was given in exchange for a promise by the government that they would not be criminally prosecuted for their illegal entry into the United States. For this reason, in evaluating the testimony of Kristian Perez Villanueva and Jose Sacaria Goday, you should consider the extent to which their testimony may have been influenced by this factor. In addition, you should examine the testimony of Kristian Perez Villanueva and Jose Sacaria Goday with greater caution than that of other witnesses.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Alien – Definition</u>**

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.


Authority: Adapted from Model Instruction 9.3

**8.20 Conspiracy – Elements [modified]**

The defendant is charged in Count 1 of the indictment with conspiring to transport and harbor Kristian Perez-Villanueva and Jose Sacaria-Goday, in violation of Section 1324 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown, and ending on or about January 17, 2018, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.

On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Authority: *United States v. Hernandez-Orellana*, 539 F.3d 994 (9th Cir. 2008) (1324 conspiracy requires an overt act)

**<u>Mere Association</u>**

Mere association with members of a conspiracy, or simple knowledge, approval, or acquiescence in the object or purpose of the conspiracy, without intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator.

Authority: *United States v. Melchor-Lopez,* 627 F.2d 886, 891 (9th Cir. 1980); *see also United States v. Noah,* 475 F.2d 688, 697 (9th Cir. 1973); *United States v. Kenny,* 645 F.2d 1323, 1337 (9th Cir. 1981)

**<u>Conspiracy to Commit Illegal Transportation</u>**

One of the crimes the defendant is charged with conspiring to commit is illegal transportation of an alien in violation of Section 1324(a)(1)(A)(ii) of Title 8 of the United States Code. To prove conspiracy to commit illegal transportation, the government must prove beyond a reasonable doubt that the defendant agreed with at least one other person to transport Kristian Perez Villanueva and/or Jose Sacaria-Goday, knowing or acting in reckless disregard of the fact that they were not lawfully in the United States, in order to help them remain in the United States illegally, and  that defendant became a member of the conspiracy knowing of this object and intending to help accomplish it.

Authority: Adapted from Model Instruction 9.2

1

2

3

### **9.3 Harboring [modified]**

The other crime defendant is charged with conspiring to commit is harboring of an alien in violation of Section 1324 (a)(1)(A)(iii) of Title 8 of the United States Code.

Defendant is also charged in Count 2 of the indictment with harboring of Kristian Perez Villanueva and in Count 3 of the indictment with harboring Jose Sacaria Goday.

In order for the defendant to be found guilty of conspiracy to harbor, the government must prove beyond a reasonable doubt that he agreed with at least one person to commit harboring of Kristian Perez Villanueva and/or Jose Sacaria Goday and that he became a member of the conspiracy knowing of this object and intending to help accomplish it.

In order for defendant to be found guilty of harboring of an alien, the government must prove each of the following elements beyond a reasonable doubt:

First, Kristian Perez Villanueva and/or Jose Sacaria Goday was an alien;

Second, Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States;

Fourth, the defendant harbored, concealed, or shielded from detection Kristian Perez Villanueva and/or Jose Sacaria Goday with intent to violate the law.

Authority: *United States v. Tydingco*, 909 F.3d 297, 304 (9th Cir. 2018) (harboring "requires only an instruction that the defendant intended to violate the law. One way to demonstrate such an intention is to prove that the defendant sought to prevent immigration authorities from detecting an illegal alien's presence. But that is not the only way.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>No Obligation to Report</u>**

The law does not impose any general affirmative obligation on citizens to report suspected or known violations of law to authorities.

Authority: Model Instruction 8.0A ("Mere failure to report a federal felony is not a crime."); *United States v. Hodges*, 566 F.2d 674 (9th Cir. 1977) (crime of misprison of a felony, 18 U.S.C. § 4, requires affirmative step to conceal crime); *United States v. Olson,* 856 F.3d 1216, 1220 (9th Cir. 2017) (same); *Burns v. Martuscello,* 89- F.3d 77, 88-89 (2d Cir. 2018) (recognizing even in prisoners, who have reduced constitutional rights, a "right not to snitch"); *Ferguson v. South Carolina,* 532 U.S. 67, 90 (2001) (recognizing existence of limited mandatory reporting laws only for particular professionals to report specific identified crimes).

### **Religious Freedom: Substantial Burden**

The law forbids the government from substantially burdening the exercise of sincerely held religious beliefs. A criminal prosecution constitutes a substantial burden as a matter of law.

This Court has already determined, before this trial began, that the defendant's religious beliefs require him to help those in immediate need by providing basic aid such as food, water, shelter, and medical care.

If you determine that his conduct was limited only to actions that constituted an exercise of these religious beliefs, you must find that this prosecution imposes a substantial burden on defendant's exercise of his religious beliefs.

**<u>Religious Freedom: Least Restrictive Means of Advancing Compelling Interest</u>**

If you find that this prosecution imposes a substantial burden on defendant's exercise of his religious beliefs, you must determine whether this prosecution is nonetheless necessary because it is the least restrictive means of advancing a compelling government interest.

For you to so find, the government must prove the following things:

First, that it has a particular interest that is of the highest order;

Second, that enforcing the law against this defendant in this instance (as opposed to enforcing the law generally) meaningfully advances that interest, such that allowing him an exception would undermine the interest; and

Third, that the government has no other available way of advancing that interest without burdening the defendant's exercise of religion.

If the government does not prove these three things, you must find that the defendant's conduct is a protected exercise of his religion.

Dated this 23rd day of May, 2019

KUYKENDALL & ASSOCIATES

By /s/ Amy P. Knight_____
           Gregory J. Kuykendall
           Amy P. Knight
           531 S Convent Avenue
           Tucson, AZ 85701
           Attorneys for Defendant Scott
           Daniel Warren

CERTIFICATE OF SERVICE

    I certify that on May 23, 2019, I electronically transmitted a PDF version of
this document to the Clerk of Court using the CM/ECF System for filing and for
transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701