Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 18-cr-00223-RCC(DTF) |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION** *IN LIMINE* **TO PRECLUDE EVIDENCE OF MARIJUANA PIPE** |
| SCOTT DANIEL WARREN, | |
| Defendant. | |

Defendant Scott Daniel Warren, through his pro bono attorneys Gregory J. Kuykendall and Amy P. Knight, hereby moves this Court to preclude the government from introducing any evidence pertaining to the marijuana pipe and jar that were found on the property where he is accused of harboring illegal aliens, five days after his arrest.

**Facts**

Dr. Warren was arrested on January 17, 2018 while visiting "the Barn"—a shared-space facility in Ajo, Arizona that is used by various humanitarian groups, including No More Deaths (NMD). Nearly a dozen individuals had been staying at the Barn around the time of Dr. Warren's arrest, and several organizations had access to the facility, with volunteers coming and going on a regular basis. Dr. Warren visited the Barn periodically

in connection with his NMD work but did not live there or have any control over what occurred there when he was not present. A large group of border patrol agents and sheriff's deputies entered the property without a warrant in the late afternoon on January 17, 2018. After arresting Dr. Warren, the agents left without searching or securing the Barn.

Eventually, on January 22, 2018, the agents obtained and executed a warrant and searched the Barn. They found a marijuana pipe and a plastic blue jar. Dr. Warren was not present during the search and no evidence exists that he returned to the Barn between his January 17 arrest and the January 22 search. Meanwhile, numerous volunteers had used the space during the five days after Dr. Warren's arrest and before the search.

**Argument**

This Court must preclude the government from introducing evidence of the marijuana paraphernalia at trial because it is completely irrelevant to the charges and lacks any connection to Dr. Warren. *See* Fed. R. Evid. 401 (evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). The government has charged Dr. Warren with harboring illegal aliens and conspiracy to transport and harbor; none of these charges has anything to do with drug use, or even with general unlawfulness outside of the context of immigration laws. Accordingly, the fact that Border Patrol agents found a pipe and a jar on the property where Dr. Warren is accused of harboring has no tendency to make any fact of consequence more or less probable. *Cf. United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016) (evidence of other acts potentially relevant where they form part of a charged conspiracy or scheme). Indicia of marijuana use is unquestionably *not* part of the harboring, concealing, and/or transporting with which Dr. Warren was charged, and could not have furthered the alleged harboring conspiracy in any way. It is therefore irrelevant and should not be admitted. *Cf.* Fed. R. Evid. 402.

Furthermore, there is *zero* evidence that the paraphernalia belonged to Dr. Warren. It was found at the Barn five days after his arrest and there is evidence that multiple people had visited—and even resided—there during the relevant timeframe. And, as mentioned

above, Dr. Warren did not own or control the Barn and the government has presented no evidence that he was there between his arrest and the search. The paraphernalia could have belonged to any of the numerous individuals who had visited the Barn at some point before or after Dr. Warren's arrest. Thus, in addition to being irrelevant to the charges, the evidence is also insufficiently linked to Dr. Warren to warrant its admission.

Even if the paraphernalia were somehow relevant and sufficiently attributable to Dr. Warren, it would still be inadmissible under Rule 403 and Rule 404(b) because it constitutes evidence of an uncharged crime, and the risk of unfair prejudice would outweigh whatever miniscule probative value the evidence might have. *See* Fed. R. Evid. 403, 404(b); *see also United States v. Dorsey*, 677 F.3d 944 (9th Cir. 2012) (relevant evidence may be excluded if probative value is substantially outweighed by danger of unfair prejudice); *cf. United States v. Cassim*, 693 F.Supp.2d 697 (S.D. Tex. 2010) (evidence of marijuana and paraphernalia found during search of defendant's residence inadmissible in conspiracy to commit copyright case where it was not offered for proper purpose under 404(b) and was insufficiently relevant to charge). Evidence of drug use is, in and of itself, highly prejudicial. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995). For that reason, there must be a sufficient contextual or substantive nexus between collateral drug-use evidence and the charges before the evidence can be admitted. *See id.* ("The mere fact that a defendant is in possession of a small amount of a prohibited narcotic substance at the time he commits a crime is not enough to support the introduction of the evidence of drug usage."); *cf.* Fed. R. Evid. 404(b).

Here, no nexus exists. The fact that Border Patrol agents discovered a pipe and a jar at the building where Dr. Warren is accused of harboring aliens is not probative of anything in this case. *Vizcarra-Martinez*, 66 F.3d at 1013 (mere fact that defendant possesses drugs while committing another crime does not justify admission of drug-use evidence). There is *no* connection between the paraphernalia, Dr. Warren, and/or the alleged alien harboring, let alone one that is sufficient to overcome the inherently prejudicial effect the paraphernalia evidence would have upon the jury's decision. *See id.*

at 1017; *cf. United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (evidence unfairly prejudicial if it tends to adversely affect jury's attitude toward defendant wholly apart from its judgment as to guilt or innocence of crime charged). As a result, it must be precluded.

**Conclusion**

The marijuana paraphernalia has no bearing upon the government's case against Dr. Warren. It is completely irrelevant to the alleged harboring conspiracy and provides no context to the events leading to the charges. *Cf.* Fed. R. Evid. 401. It is also highly prejudicial and is has no probative value. *Cf.* Fed. R. Evid. 403; Fed. R. Evid. 404(b). Accordingly, this Court must preclude all evidence and testimony pertaining to the paraphernalia.

Dated this 23rd day of May, 2019

                KUYKENDALL & ASSOCIATES

                By /s/ Amy P. Knight_____
                    Gregory J. Kuykendall
                    Amy P. Knight
                    531 S Convent Avenue
                    Tucson, AZ 85701
                    Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

I certify that on May 23rd, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
    Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
    United States Attorney's Office
    405 W. Congress, Suite 4800
    Tucson, AZ 85701