Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | ) | |
| | ) | No. 18-cr-00223-RCC(DTF) |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION IN LIMINE** |
| vs. | ) | **TO EXCLUDE EVIDENCE OR** |
| | ) | **ARGUMENT ABOUT ASSERTION OF** |
| SCOTT DANIEL WARREN, | ) | **CONSTITUTINAL RIGHTS AS** |
| | ) | **EVIDENCE OF CRIMINAL** |
| Defendant. | ) | **ACTIVITY** |
| | ) | |

Defendant Dr. Scott Daniel Warren hereby moves this Court to preclude the government from introducing evidence or arguing that the defendant's denial of consent to the Border Patrol to enter the Barn and any and all "know your rights" type materials discovered there constitute evidence of a crime.

### The Evidence at Issue

At a pretrial suppression hearing, Dr. Warren and two Border Patrol agents all testified that when a group of agents came onto the property at the Barn on January 17, 2018, Dr. Warren explicitly asked them to leave (RT 6/14/18 at 44; RT 7/13/18 at 49-50; *id.* at 65). The owner of the Barn also testified that she supported Dr. Warren's ability to ask anyone to leave the property (RT 6/14/18 at 27) and that law enforcement agents were not welcome on her property uninvited (RT 6/14/18 at 35).

The government has also disclosed both photographs and photocopies of a sign agents found in the Barn when they executed a search warrant several days after Dr. Warren's arrest. That sign appears in photographs the government has identified as Exhibits 26 and 27 (Bates #378-379), and it has identified photocopies of the actual sign as Exhibits 28 and 28A (Bates #481, 520), including both English and Spanish versions of the sign. The sign reads (in its English version):

> If ICE Agents Show Up At Your Door:
> - Don't open the door, but be calm. You have rights.
> - Ask what they are there for, (and ask for an interpreter if you need one).
> - If they ask to enter, ask if they have a warrant <u>signed by a judge</u>* and if so, ask to see it (through a window or slipped under the door).
> - If they do NOT have a warrant <u>signed by a judge</u>*, you may refuse to let them in. Ask them to leave any information at your door.
> - If they force their way in, don't resist. Tell everyone in the residence to remain silent.
> - If you are arrested, remain silent and do not sign anything until you speak to a lawyer.
> *An ICE administrative warrant (form I-200, I-205) does not allow them to enter your home without your consent.

Dr. Warren now seeks to preclude the introduction of any of this evidence and any argument that either of these things constitutes evidence of a crime.

## **Argument**

A. <u>Invoking Constitutional Rights Cannot Be Evidence of a Crime.</u>

The Supreme Court has long recognized that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Houston v. Hill,* 482 U.S. 451, 462-63 (1987). The Ninth Circuit has repeatedly recognized that this principle forbids the government from using the assertion of a constitutional right to refuse to consent to a search as evidence of wrongdoing. *See, e.g., Gasho v. United States,* 39 F.3d 1420, 1439 (9th Cir. 1994) ("clearly established" for purposes of § 1983 action that officer may not arrest subject based on "his challenge to the officer's authority absent a warrant");

*Graves v. City of Coeur D'Alene,* 339 F.3d 828, 841-42 (9th Cir. 2003) (refusal to consent to a search may not be considered as a factor in support of probable cause).

This absolute protection inheres *even if* the defendant's intention was in fact to conceal evidence of wrongdoing (a situation of which there is no evidence here). *See United States v. Prescott,* 581 F.2d 1343, 1351 (9th Cir. 1978) (drawing parallel, in a prosecution for "harboring or concealing" a criminal, between invocation of Fourth Amendment right to refuse consent to search and invocation of Fifth Amendment privilege, from which government is absolutely forbidden to argue any implication of guilt).

Moreover, this protection for challenges to an officer's authority to enter or search without a warrant does not depend on the ultimate resolution of the legal question of whether the officer in fact had authority. As the *Prescott* Court explained:

> "When. . . the officer demands entry but presents no warrant, there is a presumption that the officer has no right to enter, because it is only in certain carefully defined circumstances that lack of a warrant is excused. . . . An occupant can act on that presumption and refuse admission. He need not try to ascertain whether, in a particular case, the absence of a warrant is excused. He is not required to surrender his Fourth Amendment protection on the say so of the officer. The Amendment gives him a constitutional right to refuse to consent to entry and search. His asserting it cannot be a crime. . . Nor can it be evidence of a crime."

581 F.2d at 1350-51 (citations omitted). Here, Dr. Warren had full permission from the owner not only to use the property, but to refuse entry to uninvited law enforcement agents. Regardless of this Court's ultimate decision on the legal question of whether he is entitled to the suppression of evidence in a criminal trial, his action of refusing consent to search is well within the protected right to "challenge the officer's authority absent a warrant" or "challenge police action" without subjecting himself to criminal liability. *See also District of Columbia v. Little,* 339 U.S. 1, 7 (1950) (overturning a conviction premised on refusal of consent to enter without deciding whether the officer's entry was in fact a Fourth Amendment violation, in part because "Had the respondent not objected to the officer's entry of her house without a search warrant, she might thereby have waived her constitutional objections.").

Obviously, if telling officers they may not enter without a warrant cannot be evidence of a crime, *see Prescott,* 581 F.2d at 1051, then evidence that occupants of a property were aware of and advocated the assertion of those rights cannot be evidence of a crime either. Indeed, the proposition that maintaining an explicit awareness of constitutional limits of police authority is somehow suspicious or criminal is absurd in the face of the requirement that any officer questioning an in-custody suspect is required to provide an advisement of constitutional rights. *Miranda v. Arizona,* 384 U.S. 436 (1966); *see also Innovation Law Lab v. Nielsen,* 342 F.Supp.3d 1067 (D. Or. July 31, 2018) (recognizing that advocacy group must be allowed to present know-your-rights training sessions to immigrant detainees in custody); *Castillo v. Nielsen,* 2018 U.S. Dist. LEXIS 225309 (C.D. Cal. June 21, 2018) (issuing a temporary restraining order allowing Immigrant Defenders Law Center to conduct know-your-rights trainings in immigration detention facility).

The agents and prosecutors in this case may not *like* the fact that occupants have a constitutional right to refuse access to law enforcement agents who do not present a warrant, but they may not use an awareness of, advocacy for, or assertion of those rights as evidence of wrongdoing.

**B. The "Know Your Rights" Sign Was Photographed and Seized from a Common Area of a Widely Shared Space Five Days After the Defendant's Arrest and is Thus Irrelevant to His Actions and Intentions.**

As the government repeatedly reminded the Court during the suppression litigation, Dr. Warren does not live at the Barn, and as the Magistrate Judge found in those proceedings, in a report and recommendation subsequently adopted by the Court, the owner "makes her property available as a base camp for any group that has as one of its goals assisting people traversing the desert." (Doc. 110 at 2). The Magistrate Judge also found that "Everything located within the property is available to anyone who has access to the property." (Doc. 110 at 5).

The government has not produced any evidence whatsoever to tie this sign to Dr.

Warren. It did not produce any fingerprints, any handwriting analysis, or any other evidence that the sign had anything to do with him, or even that it was there prior to his arrest. Thus, even apart from the fact that as a matter of law, that sign cannot constitute evidence of wrongdoing, it is also irrelevant to the charges against Dr. Warren.

### Conclusion

Because a challenge to law enforcement's attempt to enter without a warrant is a constitutionally protected act that cannot be used as evidence of a crime, neither Dr. Warren's denial of consent to the Border Patrol to enter nor the presence of a know-your-rights advisement at the Barn may be used as evidence of a crime. Nor can the government tie the know-your-rights sign to the defendant. Accordingly, this Court must prohibit the use of this evidence to support conviction, nor may it engage in any argument that the assertion of constitutional rights is in any way indicative of guilt of wrongdoing.

Dated this 23rd day of May, 2019

                              KUYKENDALL & ASSOCIATES

                              By /s/ Amy P. Knight_____
                                  Gregory J. Kuykendall
                                  Amy P. Knight
                                  531 S Convent Avenue
                                  Tucson, AZ 85701
                                  Attorneys for Defendant Scott
                                  Daniel Warren

1
2

CERTIFICATE OF SERVICE

3
4

I certify that on May 23, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5
6
7
8

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28