Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 18-cr-00223-RCC(DTF) |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO PRECLUDE WITNESSES FOR LACK OF NOTICE** |
| | ) | |
| SCOTT DANIEL WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

Dr. Scott Warren hereby moves this Court to preclude the testimony of two law enforcement witnesses the government has indicated it intends to call and to limit the testimony of other agents to the contents of their disclosed reports because the government has refused to provide the defense with any information about their proposed testimony, despite a binding disclosure agreement drafted by the government that requires the government to do so.

FACTS

The government has only ever provided *any* disclosure to the defense in this case on the condition that the defense agree to a "disclosure agreement" drafted by the government and presented to the defense on a take-it-or-leave-it basis. The government has strictly enforced that agreement against Dr. Warren throughout the litigation of this case, and the Court has agreed to give effect to its provisions when the government has so

1

requested. *See, e.g.,* Doc. 68 (government motion for protective order based exclusively on provision in disclosure agreement); Doc. 69 (court entering government's requested order).

Paragraph 3 of that agreement specifies five categories of things that "[b]oth parties agree to provide. . . to each other no later than fourteen days prior to trial." One of those items is "A list of all potential witnesses for the party's case in chief *and a summary of their expected testimony if a report or statement covering the expected testimony has not already been provided"* (emphasis added).

On May 15, 2019—14 days prior to trial—the defense provided the government with a witness list, including a brief summary of the proposed testimony of each witness, pursuant to this mutual obligation in the agreement. That evening, the government disclosed a witness list consisting of the two material witnesses already deposed in this case and eight United States Border Patrol agents: John Marquez, Brenan Burns, Argelia Robles, Ned Ewing, Rogelio Velasco, Robert Hertzberg, Andrew Beglin, and Alberto Ballesteros. It also provided the following explanation of the proposed testimony:

> BPA Rogelio Velasco will testify to the contents of the cell phones seized in this case, including an analysis of the items in the phones as they relate to each other and to the events in this case. His testimony may include his analysis of the chats, text messages, emails, images, location data, web search data and results, call logs, audio files, voicemails, and contacts, as well as any associated metadata, across all platforms/applications.
>
> In addition to the Jencks material and other disclosure already provided, BPAs Burns and Marquez may testify to the gas stations' surveillance camera footage. BPAs Burns and Marquez may also testify to the location of various streets, buildings and resources in Ajo, as well as travel between certain points in Ajo.

Thus, the government provided information about the proposed testimony for only three of the eight agents. Of the remaining five agents, only three (Ballesteros, Beglin, and Hertzberg) authored reports that have been disclosed to the defense; for two of the agents (Robles and Ewing), the government has never disclosed any report or statement, and

provided no information about their testimony. Accordingly, the next morning, May 16, 2019, defense counsel contacted counsel for the government explicitly requesting that the government "immediately specify whether Agents Ballesteros, Hertzberg and Beglin will limit their testimony to the contents of their respective reports, and provide a summary of the testimony of Agents Robles and Ewing." As of the filing of this motion, nine days later and ten days after the disclosure agreement unequivocally required the above disclosure, the government has not responded to this request in any manner.

Significantly, however, the government did make use of the information the defense provided about *the defense's* proposed witnesses pursuant to the agreement: on May 21, 2019, the government filed a motion in limine seeking to preclude seven defense witnesses, based exclusively on the summaries the defense had provided as agreed (Doc. 215 at 2). The defense has not had the opportunity to litigate the admissibility of the testimony of government witnesses for whom it has not provided any information.

ARGUMENT

This Court should not allow the government to present witnesses whose planned testimony remains a complete mystery to the defense. "The course of the government smacks too much of a trial by ambush, in violation of the spirit of the rules." *United States v. Powell*, 587 F.2d 443, 447 (9th Cir. 1978) (citing *United States v. Kelly*, 420 F.2d 26, 29 (2d Cir. 1969)). Moreover, it violates fundamental tenets of fairness to permit the government to benefit repeatedly from the agreement it drafted, both earlier in the litigation and now, and simultaneously allow the government to refuse to honor *its* obligations under the same agreement without consequence.

Additionally, the defendant cannot effectively prepare a defense if the government refuses to tell him what evidence it has against him. Complete disclosure is especially important where the government relies on the fact that it has provided disclosure to excuse truly bare-bones charging documents. *See* Doc. 46 (government's response to defense motion for a bill of particulars, stating that "it is clear that the Indictment, taken with the disclosure, is sufficient to advise the defendant of the possible co-conspirators"). The

indictment in this case contains *no* factual allegations, but merely a recitation of the elements of the charged offenses. Accordingly, without sufficient disclosure, the defendant cannot prepare his defense.

Because the government has exploited the defendant's full compliance with his obligations pursuant to the agreement it drafted and has repeatedly enforced, explicitly relying on the defendant's disclosures to seek relief from this Court, but has refused to comply with its own obligations pursuant to the same agreement, and the defendant has no notice about several witnesses' proposed testimony, this Court should preclude the government from introducing any testimony from Agents Ewing and Robles, and any testimony from Agents Hertzberg, Beglin, and Ballesteros on topics not explicitly covered in the report they wrote that the government has disclosed.

Dated this 24th day of May, 2019

        KUYKENDALL & ASSOCIATES

        By /s/ Amy P. Knight
           Gregory J. Kuykendall
           Amy P. Knight
           531 S Convent Avenue
           Tucson, AZ 85701
           Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

I certify that on May 24, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701