MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
         nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Scott Daniel Warren,<br><br>          Defendant. | CR-18-00223-RCC (DTF)<br><br>GOVERNMENT'S PROPOSED ADDITIONAL/REVISED JURY INSTRUCTIONS |

The United States of America, by and through its undersigned attorneys, hereby submit the attached proposed additional jury instruction for use in this case.

Respectfully submitted this 5th day of June, 2019.

                              MICHAEL BAILEY
                              United States Attorney
                              District of Arizona

                              */s/ Anna R. Wright & Nathaniel J. Walters*

                              ANNA WRIGHT &
                              NATHANIEL J. WALTERS
                              Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 5th day of June, 2019, to:

All ECF participants

AFFIRMATIVE DEFENSE – RELIGIOUS FREEDOM RESTORATION ACT

The defendant may raise the Religious Freedom Restoration Act as an affirmative defense to the charges in this case. You should consider each count separately as to this affirmative defense.

As to this defense, you must first decide if the defendant's activities in this case were an exercise of his spiritual beliefs, and the criminal charges in this case substantially burdened his spiritual beliefs.

In determining whether the defendant's activities were an exercise of his spiritual or religious beliefs, you may consider the sincerity and full scope of the defendant's asserted beliefs, but you should not consider the reasonableness or validity of the defendant's beliefs. If you determine that the defendant's conduct in this case was limited to only actions that constituted an exercise of his asserted spiritual or religious beliefs, you must find that this prosecution imposes a substantial burden on defendant's exercise of his spiritual or religious beliefs. If, however, you determine that the defendant's conduct in this case included activities that were not an exercise of his asserted spiritual or religious beliefs, you must find that this prosecution does not impose a substantial burden on defendant's exercise of his spiritual or religious beliefs.

If you determine that the defendant's activities were an exercise of his spiritual or religious beliefs, and the criminal charges in this case substantially burdened his spiritual or religious beliefs, then you should consider whether the criminal charges in this case further a compelling interest by the least restrictive means. The criminal charges further a compelling interest if demanding unbending compliance advances that interest to a meaningful degree. The government must also demonstrate that it cannot accommodate the defendant's spiritual or religious beliefs more without furthering its interest less. To do this, the government must demonstrate that its preferred means are reasonable and that any other proffered options are either not less restrictive or not plausible.