1  Gregg P. Leslie, Gregg.Leslie@asu.edu, Bar # 035040 *
   Ryan Bailey, Ryan.D.Bailey@asu.edu**
2  First Amendment Clinic, Public Interest Law Firm
   Arizona State University Sandra Day O'Connor College of Law
3  111 E. Taylor St., Mail Code 8820
   Phoenix, AZ 85004
4  Telephone: (804) 727-7398
   * Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
5  ** Certified limited practice student pursuant to L.R. Civ. 83.4(e)

6  David Bralow, admitted *pro hac vice*
   david.bralow@theintercept.com
7  First Look Media Works, Inc.
   114 5th Avenue, 18th Floor
8  New York, NY 10011
   Telephone: (646) 784-3287
9
   David J. Bodney, Bar # 006065
10 bodneyd@ballardspahr.com
   BALLARD SPAHR LLP
11 1 East Washington Street, Suite 2300
   Phoenix, AZ 85004-2555
12 Telephone: (602) 798-5400

13 Attorneys for First Look Media Works, Inc.

14                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF ARIZONA**
15

16 | **United States of America,** | CR-18-223-TUC-RCC(DTF) |
   |---|---|
17 | **Plaintiff,** | **NOTICE OF UNOPPOSED MOTION TO UNSEAL** |
   | vs. | |
18 | | |
   | **Scott Daniel Warren,** | |
19 | | |
   | **Defendant.** | |
20

21

22

23

24

First Look Media Works, Inc., publisher of *The Intercept* ("TI"), notes for the Court that the Government did not respond to TI's Motion to Intervene and Unseal Documents (Doc. No. 195) within the allowed extended deadline, and therefore requests that the Motion be granted and all documents mentioned in that Motion be unsealed promptly. See LRCiv 7.2(i) ("If . . . counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.")

TI filed the Motion on April 29, 2019. On May 3, the Government sought a 30-day extension to respond (Doc. No. 199). TI objected to such a lengthy delay on May 6 (Doc. No. 200), noting the continuing deprivation to the public of its right of access to court documents. On May 13, after no action by the Court on the original Motion or the request for extension, TI requested an expedited hearing (Doc. No. 203). The same day, the Court granted the Government's request, setting a June 13 deadline for its response to the original Motion (Doc. No. 204). The Government did not meet the Court's June 13 deadline to "file the required answering memoranda . . . ." LRCiv 7.2(i).

To distill the arguments made in TI's request for an expedited hearing (Doc. No. 203), delay exacerbates the injury to the public's First Amendment right. A "necessary corollary" to the First Amendment right of access is that once access is found to be appropriate, it needs to be "immediate and contemporary." *Grove Fresh Distribs., Inc. v Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1194) (citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976). *See also Lugosh v. Pyramid Co.*, 435 F. 3d 110, 126 (2nd Cir. 2006)(delaying intervention motion "was effectively a denial of any right to

contemporaneous access – where 'each passing day may constitute a separate and cognizable infringement of the First Amendment.'"); *United States v. Graham*, 257 F.3d 143, 147-48 (2ndCir. 2001) (appellate court's failure to timely review a denial of access would, in itself, deny relief); *In re AP*, 162 F.3d 503, 507 (7th Cir. 1998) (those who seek unsealing have an immediate right to be heard); *In re Charlotte Observer*, 882 F.2d 850, 856 (4th Cir. 1989) (the value of openness is threatened whenever immediate access is denied); *In re New York Times Co.*, 828 F.2d 110, 111 (2nd Cir. 1987) (deferral of decision on access "would effectively deny" right of access). *Cf. Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun,J., in chambers) (holding that where state supreme court has not taken timely action to address prior restraint on media raising First Amendment issues "delay itself is a final decision").

As a court in this District recently held when asked to suspend a preliminary injunction in a speech-related case:

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Indeed, when the expressive conduct that is so burdened is political in nature, "[t]he harm is particularly irreparable." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009).

*Jordahl v. Brnovich*, No. CV-17-08263-PCT-DJH, 2018 WL 6422179 (D. Ariz., order of October 19, 2018).

The First Amendment injury is particularly acute when the original sealing occurred without public hearing, on-the-record findings of facts and a determination of the narrowest remedy possible to accommodate a compelling government interest. Indeed, such a delay may deny the Intervenors "a meaningful opportunity to be heard." *In re Washington Post*

3

807 F.2d 383, 392 (4th Cir. 1986) (hearing a "belated" motion to unseal the documents "does not cure the lack of an opportunity for a hearing with respect to the original decision to seal them.").

In this case, TI notes that the sealed documents at issue were most relevant to the public during the trial, when it was the subject of news coverage, including coverage of the actions of Border Patrol agents that were detailed in the sealed exhibits. *See, e.g.,* "Felony Trial of No More Deaths Volunteer Scott Warren Ends in Mistrial," The Intercept (June 12, 2019), https://theintercept.com/2019/06/12/felony-trial-of-no-more-deaths-volunteer-scott-warren-ends-in-mistrial/ [https://perma.cc/ED7C-VNKS]; "Warren trial: BP agents testify NMD volunteer prompted raid with gestures," *Tucson Sentinel* (May 31, 2019), http://www.tucsonsentinel.com/local/report/053119_warren_trial/ warren- trial-bp-agents-testify-nmd-volunteer-prompted-raid-with-gestures/ [https://perma.cc/3337-LW74].

While the opportunity to inform the public at the most timely moment has been lost, TI and the additional media parties that have noted a desire to join that Motion (Doc. No. 248) seek to preserve what is left of that meaningful opportunity to be heard, and more important, the public's right to review the judicial process within a meaningful time.

Respectfully submitted this 14th day of June, 2019.

/s/ Gregg P. Leslie
Gregg P. Leslie, Bar # 035040
Ryan Bailey
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor
   College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004

David J. Bodney, Bar # 006065
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

David Bralow, admitted *pro hac vice*
First Look Media Works, Inc.
114 5th Avenue, 18th Floor
New York, NY 10011