MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
        nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Scott Daniel Warren,<br><br>                    Defendant. | 18-CR-223-TUC-RCC (DTF)<br><br>GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING AN ADVICE OF COUNSEL DEFENSE |

The United States of America, by and through its undersigned attorneys, hereby moves the Court *in limine* to preclude any evidence related to an advice of counsel defense, including evidence about the protocols written by No More Deaths and the organization's training program. Such testimony is irrelevant, improper, and likely to confuse the jury about a material issue in this case.

I.   Background

Prior to the first trial, the defendant requested a jury instruction on the "advice of counsel" defense, which the Court declined to give. However, the Court did not restrict the defendant's presentation of the evidence related to the protocols.

At trial, the defense presented evidence about desert aid protocols written by No More Deaths through Professor Andrew Silverman, as well as through various other No More Deaths volunteers. *See* TR 6/4/19 at pp. 41-105. The evidence showed that No More

Deaths has a written set of protocols regarding desert aid and that it trains its volunteers regarding these protocols. *See* Exh. 203-A at 4.[1] Specifically, the protocols state that, if a volunteer wishes to "evacuate" a "patient" at a No More Deaths camp for medical care or observation, the volunteer must first consult No More Deaths' medical and legal teams. *See id.* at 8-9. However, the testimony also showed that volunteers are instructed that the protocols are more akin to suggestions than requirements, and volunteers can consult with medical and legal personnel as they see fit without violating the protocols. *See* TR 6/4/19 at 56:16-57:4, 65:12-16, 76:9-77:14, 82:18-24.

On direct examination, the defendant testified that he is familiar with the protocols and has attended many No More Deaths' trainings over the years where information about the protocols is formally presented. TR 6/5/19 at 195:13-25. He also testified that all of his actions with regards to the material witnesses were "wholly consistent with the protocols of No More Deaths." TR 6/6/19 at 98:21-100:12.

Prior to cross-examination, the government asked defense counsel to disclose whether the defendant consulted with the No More Deaths legal team between January 14-17 because the government did not have access to that information by virtue of having employed a filter team to review the results of a forensic search of the defendant's phone. *Id.* at 89:6-92:22. The government sought this information because it was probative as to the defendant's compliance with the No More Deaths protocols. *Id.* The defendant objected, arguing that he did not "have to give any kind of advance notice of that[.]" *Id.* The government proceeded to cross-examination without this information and, as a result, did not ask the defendant about whether he complied with the portion of the protocols that calls for contacting the legal team.

---

[1] The page numbers refer to the original page numbers for the "2016 No More Deaths Volunteer Resource Book," which are located in the lower right-hand corner of each page.

During closing argument, the defendant offered no argument regarding the defendant's alleged compliance with the protocols. TR 6/7/19 at 31:23-50:2.

II. <u>Legal Summary</u>

Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. To be "relevant," evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). All that is required is a "tendency" to establish the fact at issue. *Id*. Nonetheless, Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

III. <u>Discussion</u>

    a. <u>The Court should preclude evidence regarding an advice of counsel defense because the defendant cannot make the required showing to present this defense.</u>

In order to qualify for an advice of counsel instruction, a defendant must show that there was full disclosure to an unbiased and competent attorney of all material facts, and that he relied in good faith on the attorney's recommended course of conduct. *United States v. Kenney*, 911 F.2d 315, 322 (9th Cir. 1990); *United States v. Crooks*, 804 F.2d 1441, 1450 (9th Cir. 1986), *opinion modified on denial of reh'g*, 826 F.2d 4 (9th Cir. 1987). "Essential to the claim of reliance on counsel is a showing that the reliance be in good faith and that the advice be obtained after full disclosure of all of the facts to which the advice pertains…The defendant must also show that he actually relied on the advice, believing it to be correct." *United States v. Conforte*, 624 F.2d 869, 877 (9th Cir. 1980) (internal citations omitted). A defendant may only raise this defense "against a specific intent crime,

but not against a general intent crime." *United States v. Bohn*, 622 F.3d 1129, 1138 (9th Cir. 2010) (internal citations omitted).

In this case, after a full trial on the merits, the defendant failed to establish any of the elements of an advice of counsel defense. The defendant did not offer any evidence that he consulted directly with any attorney and, in fact, objected to disclosing this information to the government. *See United States v. Ortland*, 109 F.3d 539, 550 (9th Cir. 1997) (by raising an advice of counsel defense, a defendant waives the attorney-client privilege as to the relevant communications). In addition, there was no evidence that the defendant disclosed the material facts of the offense to any attorney, including the good health of the material witnesses or the length of their stay at the Barn, and there was no evidence that the defendant actually followed a specific recommended course of action.

The defendant's alleged compliance with the No More Deaths' protocols also cannot satisfy the elements of the advice of counsel defense. First, the protocols were written as general guidance to No More Deaths volunteers and do not address the specific facts of this case. *See* Exh. 203-A at 8; TR 6/4/19 at 64:18-65:3. Second, volunteers are not required to follow the protocols as written, but may use their best judgement when they see fit. This falls far short of recommending a specific course of conduct, since "do whatever you think is appropriate" hardly qualifies as legal advice. Third, the protocols are not unbiased, since they are authored by members of No More Deaths and there was no testimony that the protocols have been approved by an attorney that is not also a volunteer with the group. Finally, the defendant could not rely on the protocols in good faith given the widely publicized prosecution of No More Deaths volunteers on similar charges in 2005, as well as the prior conviction of one of the founding members of No More Deaths for harboring and/or transporting illegal aliens. *See United States v. Strauss, et. al*, 05-cr-01499-RCC-BPV; *United States v. Aguilar*, 883 F.2d 662 (9th Cir. 1989).

The defendant cannot establish any evidence to support an advice of counsel defense in this case. Like other affirmative defenses, if the defendant cannot proffer specific evidence relating to each element of the defense, then all evidence of the defense should

be precluded as irrelevant. *See United States v. Wofford*, 122 F.3d 787, 789 (9th Cir. 1997). Trial courts routinely apply this standard in the context of duress, and the same concerns regarding relevance and the Rule 403 factors, discussed below, apply to the "advice of counsel" defense. Accordingly, all evidence related to the advice of counsel defense, including the protocols, should be precluded as irrelevant.

> b. <u>The Court should preclude evidence regarding an advice of counsel defense because it will mislead the jury, invade the province of the Court, and confuse the issues.</u>

Even if evidence regarding the protocols and No More Deaths' volunteer training program has some limited relevance, which the government does not concede, the Court should preclude its admission as being more prejudicial than probative. Specifically, introduction of evidence regarding the organization's protocols necessarily involves the legal opinion that following the established protocols protects No More Deaths from criminal liability. That is simply not the case. Jurors are not equipped to evaluate the merit of this type of legal opinion based on their own experiences, and cross-examination is insufficient to demonstrate the errors in the underlying legal reasoning in a manner that will suitably assist the jury in determining guilt. Accordingly, evidence about the protocols will mislead the jury as to the applicable law.

In addition, allowing this type of legal opinion into evidence invades the province of the Court, since the Court is responsible for instructing the jury on the applicable law at issue. To the extent testimony about criminal immigration violations conflicts with or is not addressed by the Court's instruction, jurors will find themselves in the impossible situation of trying to reconcile a witness' testimony about the law with the Court's instructions on the law that applies to the case.

This very scenario occurred during the first trial. The defendant offered legally incorrect or incomplete testimony regarding the elements of harboring. TR 6/4/19 at 81:8-18. Specifically, the defendant elicited testimony that intent to conceal is a necessary element of harboring. *Id.* As the Ninth Circuit stated in *United States v. Tydingco*, 909 F.3d

297 (9th Cir. 2018), concealment from immigration authorities is one way to prove that a defendant intended to violate the law. However, it is not the only way. *Id.* at 304. The defendant also elicited speculative testimony about the consequences that No More Deaths might incur if it engaged in illegal actions based on this type of poor legal analysis. *See* TR 6/4/19 at 49:17-50:17. Despite the Court's instruction on the law after closing arguments, the questions the jury had during the deliberation phase clearly showed that the jurors were clearly confused about the correct law that applied in this case. *See* Doc. 276.

Any evidence regarding the protocols and No More Deaths' volunteer training program will mislead the jury, invade the province of the Court as to the appropriate law that applies to the case, and will invite improper and inaccurate legal opinions from defense witnesses. For these reasons, this evidence should be precluded.

    c. <u>Precluding evidence regarding the protocols will not prevent the defendant from presenting his theory of defense.</u>

This evidence is not material to the defendant's theory of the case. As the defendant asserted during closing argument, his theory of the case is that he did not intend to violate the law, because he only "wanted to alleviate human suffering." TR 6/7/19 at 49:19-21. Even with preclusion of the protocols, the defendant can still testify that he harbored the material witnesses at the Barn for four days and three nights because he allegedly believed they needed medical care. The jury can then decide whether the defendant is credible in light of all the evidence and determine what impact, if any, his motive had on his intent to violate the law. *See Aguilar*, 883 F.2d at 687 (distinguishing motive from intent).

IV. <u>Conclusion</u>

For the reasons discussed above, the United States respectfully requests that the Court preclude the defendant from introducing evidence in support of an advice of counsel defense, including evidence pertaining to No More Deaths' protocols and volunteer training.

///

Respectfully submitted this 30th day of September, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 30th day of September, 2019, to:

All ECF participants