MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
E-mail: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 18-CR-223-TUC-RCC (DTF) |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION TO RECONSIDER PRIOR RULING REGARDING USE OF DEFENDANT'S PRIOR TESTIMONY FOR IMPEACHMENT |
| Scott Daniel Warren, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby respectfully requests that the Court reconsider its prior ruling and permit the government to fully impeach the defendant with his prior testimony in the misdemeanor matter. With the benefit of transcripts from both trials, it is now clear that the defendant testified during the misdemeanor matter that he would violate the law as part of his work with No More Deaths, which is directly contrary to his testimony during the first trial on the felony matter.

In the first trial in the felony matter, mid-way through the defendant's direct examination, the defendant announced that he would abandon his defense under the Religious Freedom Restoration Act (RFRA). TR 6/6/19 at 3:7-22. Then, at side-bar prior to cross-examination, the defendant orally moved to preclude the government from impeaching the defendant using his testimony from the misdemeanor trial, arguing that such impeachment was no longer relevant given his abandonment of his RFRA defense.

1 *Id.* at 80:11-81:5. The Court then ruled that, regarding the defendant's testimony in the misdemeanor trial, the government could only ask the defendant if he "testified at a prior hearing that if following your religion meant breaking the law, then [he] would do it." *Id.* at 88:16-18. Now having the benefit of the defendant's testimony from both trials, the government asks the Court to reconsider its ruling limiting the government's ability to impeach the defendant through his prior testimony.

The defendant testified during his misdemeanor trial that his actions in that case were part of his volunteer work with No More Deaths. TR 5/6/19 at 28:9-21, 59:3-14; TR 5/7/19 at 21:11-23:2; *see also* Docs. 43, 45, 47, 95. On direct examination, defense counsel asked the defendant questions about what he would do if he were faced with a choice between violating his beliefs and breaking the law. *Id.* at 42:4-7. The defendant answered, "If I were faced with that choice, I would go to those areas of greatest need to deliver those supplies and risk violating those laws, yes." *Id.* at 42:8-10. The defendant also testified that his "beliefs in that sense really compel [him] to go further" even if it meant violating United States Fish and Wildlife Service (USFWS) regulations. *Id.* at 39:12-40:8. On redirect examination, the defendant again testified that he would break the law if he were forced to choose between his following his beliefs and following the law. TR 5/7/19 at 13:1-5. The defendant also testified that he was aware that members of No More Deaths approached USFWS to get permission to drive on restricted roads and were denied that permission. *See id.* at 18:8-19:23.

In direct contrast to his testimony in the misdemeanor trial, the defendant testified during the first trial in this matter that he does not intend to violate the law when he is giving "humanitarian aid." Specifically, when the defendant was asked "When you give humanitarian aid to people, people that you perceive to be in need, are you intending to violate any law?" he answered "No." TR 6/5/19 at 189:15-17. He also testified that, under the No More Deaths' protocols, "We can't break the law." TR 6/6/19 at 50:10. The defendant further testified that he "want[s] to work within the bounds of the law and not do anything that's illegal[.]" TR 6/5/19 at 196:17-18.

In both the misdemeanor and felony matters, the defendant testified he was acting as a No More Deaths volunteer and following the organization's protocols. In the felony matter the defendant testified that, as a volunteer with No More Deaths, he does not intend to violate the law, and this testimony is directly contradicted by his testimony in the misdemeanor matter that he intentionally violated the law as part of his work with No More Deaths. In order to provide the jury with "sufficient information to assess the credibility" of the defendant, *United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007), the government must be allowed to impeach him with his contradictory testimony in the misdemeanor matter. Accordingly, the United States respectfully requests that the Court reconsider its prior ruling and permit the government to fully impeach the defendant with his prior testimony.

Respectfully submitted this 30th day of September, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 30th day of September, 2019, to:

All ECF participants