MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
          nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-00223-RCC (DTF) |
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE: MOTION TO ADMIT PRIOR TESTIMONY |
| Scott Daniel Warren, | (Doc. 340) |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, files its response to the defendant's Motion to Admit Prior Testimony. Dr. Edgar McCullough is not unavailable under Federal Rule of Evidence 804, and exceptional circumstances do not exist to conduct a video deposition under Federal Rule of Criminal Procedure 15. For the following reasons, the defendant's motion should be denied.

**I.   LAW & ARGUMENT**

On October 4, 2019, the defendant filed a Motion to Admit Dr. McCullough's testimony since he will be "out of town and unavailable to come to court to testify between mid-October 2019 and January, 2020." Doc. 340 at 2. "In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072-2077." Fed. R. Crim. P. 26.

///

### a. Dr. McCullough is Not Unavailable Under Rule 804.

In this case, Dr. McCullough is not "unavailable" under Rule 804. Rule 804 explicitly sets out criteria for when a declarant may be unavailable. A declarant may be unavailable if the declarant asserts a particular privilege, refuses to testify despite a court order, is unable to remember the subject matter of the testimony, cannot be present because of a sickness or a "then-existing infirmity, physical illness, or mental illness," or the defendant has not been able to procure the witness' appearance at trial. Fed. R. Crim. P. 804(a).

Here, the defendant glosses over any analysis of whether Dr. McCullough is unavailable under Rule 804(a). As a matter of law, a witness is not unavailable because he is "out of town" and finds appearance at court inconvenient. Likewise, the defendant has failed to show *any* steps taken to procure Dr. McCullough's appearance at trial. Fed. R. Crim. P. 804(a)(5).

The defendant's reliance on Rule 804(b)(1) is unavailing. *See* Doc. 340 at 2. Under Rule 804(b)(1), former testimony of a witness may be used in limited circumstances <u>if</u> the declarant is unavailable. As discussed above, Dr. McCulluogh is not unavailable under Rule 804, and the defendant has failed to allege anything other than mere inconvenience

Based on the vague information proffered by the defendant, the Court cannot find Dr. McCullough unavailable for trial testimony under Rule 804.[1] Since the defendant has entirely failed to show Dr. McCullough is unavailable within the meaning of the Rule, his motion should be denied in its entirety.

### b. The Defendant Has Not Demonstrated Exceptional Circumstances.

The defendant has not demonstrated exceptional circumstances to allow for video depositions under Rule 15. Any "party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). However, the Court should

---

[1] The defendant notes the United States "declined to provide its position on the matter." The United States requested specific details about why Dr. McCullough was unavailable to testify, and the defense did not respond. Without these crucial details, the United States was unable to give its position.

1 only grant a motion for video depositions if exceptional circumstances exist and a deposition is in the interest of justice. *Id.* Although a showing of unavailability is not required to meet the criteria of Rule 15, it is a factor to be considered when determining whether exceptional circumstances exist. *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995).

Here, the defendant cannot show Dr. McCullough is unavailable, much less show exceptional circumstances that would allow for video depositions. The defendant only cites Dr. McCullough's plan to be "out of town," which suggests Dr. McCullough *could* be at trial, but it would be inconvenient. This is not an exceptional circumstance within the meaning of Rule 15, and Dr. McCullough's irrelevant testimony is not required in the interests of justice. Finally, in light of Dr. McCullough's unavailability beginning in mid-October, it is unclear "whether the deponent would be available" for a deposition. *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). As such, the defendant's motion should be denied in its entirety.

## II. CONCLUSION

The defendant fails to show Dr. McCullough is unavailable for trial or that exceptional circumstances warrant Dr. McCullough's deposition. For the foregoing reasons, the United States respectfully requests that this Court deny the defendant's motion.

Respectfully submitted this 8th day of October 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 8th day of October 2019, to:

All ECF participants