MICHAEL BAILEY
United States Attorney
ANNA WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
State Bar No.: 029708
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
E-mail: anna.wright@usdoj.gov
         nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Scott Daniel Warren,<br><br>　　　　　　Defendant. | 18-CR-223-TUC-RCC (DTF)<br><br>GOVERNMENT'S MOTION TO COMPEL DISCLOSURE OF WITNESS STATEMENTS PURSUANT TO RULE 26.2 |

The United States of America, by and through its attorneys undersigned, hereby moves the Court for an order compelling the defendant to disclose pursuant to Fed. R. Crim. P. 26.2 specific notes taken by Dr. Norma Price. The notes are a prior statement made by Dr. Price, a defense witness, which relate to the subject matter of her testimony. As such, the defendant must produce the notes to the government. In the alternative, the government respectfully requests that the Court order the defendant to submit the notes for *in camera* review so that the Court can determine if they must be disclosed under Rule 26.2.

### Background

At trial, Dr. Price testified that she spoke with the defendant on the telephone on

1 January 14, 2018, regarding the medical condition of the material witnesses. TR 6/4/19 at 208-218. She also testified that, as part of that conversation, she took notes. *Id.* at 209. When the government objected to her testimony, counsel for the defendant indicated that he learned earlier that same day that Dr. Price had the notes. *Id.* at 209-210. The Court then directed counsel for the defendant to provide a copy of the notes to the government. *Id.* at 210. Counsel did not provide the notes to the government, and the government cross-examined Dr. Price without having examined the notes.

In preparation for retrial, on September 26, 2019, counsel for the government notified counsel for the defendant that the government would be entitled to Dr. Price's notes under Rule 26.2 if she were called to testify again. After exchanging emails on the subject, counsel for the defendant responded on October 4, 2019, "If we do decide to call Dr. Price as a witness and are in possession [of] her notes by that time, we will disclose them to you. That is not the case at this time."

Discussion

Rule 26.2 extends the disclosure requirements of the Jencks Act (18 U.S.C. § 3500) to the defense, and requires a party to disclose a prior statement of a witness after direct examination but before cross-examination when the prior statement "relates to the subject matter of the witness's testimony" and is in the party's possession. Fed. R. Crim. P. 26.2(a). "The rule, with minor exceptions, makes the procedure identical for both prosecution and defense witnesses…" Fed. R. Crim. P. 26.2, 1979 addition advisory comm. nn. Notes taken by a witness qualify as a "statement" within the rule if they "reflect the witness' own words" and are "in the nature of a complete recital that eliminates the possibility of portions being selected out of context." *United States v. Bobadilla-Lopez*, 954 F.2d 519, 522 (9th Cir. 1992) (discussing the Jencks Act). A prior statement relates to the witness' testimony if it "overlap[s] with the subject matter of the testimony—and so potentially contain[s] inconsistencies[.]" *Norinsberg Corp. v. United States Dept. of Agric.*, 47 F.3d 1224, 1229 (D.C. Cir. 1995) (discussing the Jencks Act).

In this case, the notes will reflect Dr. Price's own words regarding the telephone

conversation, since she took them. Since Dr. Price allegedly took the notes for the purpose of medical care, the notes will also be complete and contain sufficient context. This is even more likely since Dr. Price told counsel for the defendant that she was able to recognize her notes as being from the telephone conversation, and she partially testified to their contents. TR 6/4/19 at 209-210.

In addition, for the purposes of Rule 26.2, Dr. Price is a member of the defense team such that her notes are in the defendant's constructive possession because she testified voluntarily for the defendant at trial. By analogy, documents are considered within the possession of the government when they are possessed by the prosecutorial division of the government, even if the assigned prosecutors do not have actual possession of the documents. *See United States v. Zavala*, 839 F.2d 523 (9th Cir. 1988). The defendant cannot avoid disclosure by refusing to ask Dr. Price for her notes.

Finally, Dr. Price's notes directly relate to the subject matter of her testimony, since they are the contemporaneous notes of her telephone conversation with the defendant and may contain discrepancies that the government can explore on cross-examination. The defendant elicited testimony from Dr. Price at the first trial using his notes regarding their conversation as preserved on the SOAP notes. It stands to reason that Dr. Price's own writings concerning that conversation are material to her testimony regarding the SOAP notes and the medical condition of the material witnesses.

## Conclusion

For the reasons discussed above, the government respectfully requests that the Court order the defendant to provide the government with a copy of the notes in compliance with Rule 26.2. In the alternative, the government respectfully requests that the Court order the defendant to submit the notes for *in camera* review so that the Court can determine if they must be disclosed under Rule 26.2.

///

Respectfully submitted this 8th day of October, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 8th day of October, 2019 to:

All ECF Participants