Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.CR-18-00223-001-TUC-RCC(DTF) |
| Plaintiff, | |
| vs. | **RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE PRIOR ACTS PURSUANT TO FED. R. EVID. 404(b) AND MOTION IN LIMINE TO PRECLUDE PRIOR ACTS** |
| SCOTT DANIEL WARREN, | |
| Defendant. | |

Defendant, Scott Daniel Warren, Ph.D., by and through his attorneys, Gregory J. Kuykendall, and Amy P. Knight, responds to the Government's Notice of Intent to Introduce Prior Acts Pursuant to Fed. R. Evid. 404(b), and moves this Court to preclude the "other acts" evidence identified by the Government. This motion is based on Federal Rules of Evidence 401, 402, 403, and 404.

The Government seeks to introduce text message communications between Dr. Warren and other individuals, occurring months before the conduct charged in this case. The Government has failed to demonstrate that the text messages are admissible for any proper purpose; therefore, this evidence must be precluded.

1

Under Rule 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Other-acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). But only if it meets very specific requirements.

First, the proponent of the evidence must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). The government has made no attempt to do so here; it has failed to identify even generally what it claims the proper purpose might be, let alone explain how the proffered evidence accomplishes it.

Once the party has identified what it seeks to introduce and articulated its theory of relevance, the Court must admit other-acts evidence *only if*:

> (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Vo*, 413 F.3d 1010, 1017-18 (9th Cir. 2005) (internal citations omitted). In addition, the court "must determine whether the probative value of admission outweighs the prejudice to the defendant." *Id.* "The Government has the burden of proving that the evidence meets all of the above requirements." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

Text Messages from June 16, 2017

The Government has failed to meet the above requirements with respect to the text messages dated June 16, 2017. First, the Government has not demonstrated these messages "tend[] to prove a material point." Indeed, it has offered no theory at all for what they supposedly prove, or how. The Government only points out that on the

same day Dr. Warren sent Emily Saunders the innocuous message, "FYI susannah might be calling you," Border Patrol arrested four undocumented people at a No More Deaths camp in Arivaca, Arizona. How these two apparently unrelated occurrences are possibly relevant to any element of harboring, it never says.

To the extent the Government is attempting to rely on these messages to prove that Dr. Warren previously had some intent to violate the law and thus more likely had such an intention in this case—a purported use that comes perilously close to inadmissible character or propensity evidence—it would have to demonstrate not only that he committed similar unlawful acts in the past, but also that those other acts entailed the same intent as the present charge. For example, in *United States v. Jackson*, 761 F.2d 1541, 1543 (11th Cir. 1985), the defendant was charged with mail fraud for signing fraudulent bills; the court allowed evidence that she had, on another occasion, written fraudulent medical excuses. This was allowed because "there is no doubt that appellant committed the extrinsic offense, and the extrinsic offense. . . required exactly the same intent as the charged offense." *Id.* Here the Government has not even identified the prior act it thinks the defendant committed, let alone proven any conduct that requires the same intent as harboring. It has shown nothing about his intent in 2017. The messages thus cannot be admitted to prove his intent in this case.

Moreover, the only statement that can be attributed to Dr. Warren ("FYI susannah might be calling you") is insufficient to support a finding that Dr. Warren did anything at all aside from sending that message, let alone that he committed some act similar to the charged offense. *Vo*, 413 F.3d at 1017-18. Evidence admitted pursuant to Rule 404(b) must be sufficient to support a jury finding that the defendant *actually committed* the alleged prior acts. *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010). Here, evidence that Dr. Warren told one volunteer that another volunteer might be contacting her would not even come close to supporting a jury finding that Dr. Warren previously engaged in conduct "similar"

3

to the harboring currently charged, and it is clearly not the type of specific, reliable evidence that is contemplated under Rule 404(b). *Cf. Flores-Blanco*, 623 F.3d at 919 (testimony of border patrol agent that he personally observed the defendant attempting to conceal and leading individuals in a single-file line through his yard immediately after they jumped the border fence was sufficient to support a jury finding that the defendant was previously involved in alien smuggling, and was properly admitted under Rule 404(b)). Anything other than Dr. Warren's actual message to Ms. Saunders (e.g., what Dr. Warren and Ms. Brown might have discussed if they had in fact spoken that day) would be pure speculation on the government's part. Furthermore, these text messages were exchanged seven months before the conduct alleged in the complaint, and are thus too remote in time to have any bearing on whether Dr. Warren committed the charged offense.

Finally, even if the Court finds that the text messages from June 16, 2017 are minimally relevant to whether Dr. Warren committed the offense of harboring in January, 2018, this evidence must be excluded under Rule 403 because any probative value is substantially outweighed by a danger of confusing the issues, wasting time, and unfair prejudice. This is especially true of the government's reference to a search warrant executed in Arivaca, approximately 150 miles away, in an incident it has never alleged involved Dr. Warren—or for that matter, Susannah Brown or Emily Saunders. Discussion of the arrest of other undocumented people not alleged to have had anything to do with Dr. Warren would be confusing and prejudicial.

<u>Text Messages from October 7-9, 2017</u>

The Government also seeks to introduce communications between Dr. Warren and several other individuals, as well as communications among others not including Dr. Warren, that occurred from October 7 to October 9, 2017. At most, these communications tend to prove only that Dr. Warren assisted with an entirely lawful search and rescue operation to locate a distressed individual in the dessert. The government has not alleged that Dr. Warren did any other particular act, and

4

certainly not an unlawful one, nor that he demonstrated any unlawful intent during these three days similar to the intent required to prove the charged offense. *Vo*, 413 F.3d at 1017-18; *Jackson*, 761 F.2d at 1543. Thus, the messages are irrelevant.

Moreover, these communications would be insufficient to prove that Dr. Warren engaged in any unlawful conduct during this time period, as would be necessary to make them relevant under Rule 404(b). *Vo*, 413 F.3d at 1017-18; *Flores-Blanco*, 623 F.3d at 919. In fact, many of the statements the government identifies were not made by Dr. Warren at all. And again, any speculation or suspicions the government may offer about what these individuals were doing on these days is grossly insufficient to establish that Dr. Warren committed any particular unlawful act or had any particular intent.[1]

In any event, these communications occurred months before the acts alleged in this case, and are too remote in time to have any relevance to the instant case. Furthermore, to the extent the Government intends to rely on the statements of these individuals to prove the truth of their statements, this evidence is inadmissible hearsay. Fed. R. Evid. 802.

Finally, these communications must be excluded under Rule 403 because any minimal probative value is substantially outweighed by a danger of confusing the issues, wasting time, and unfair prejudice.

For all these reasons, this Court should preclude the other acts evidence identified in the Government's Notice of Intent to Introduce Prior Acts Pursuant to Fed. R. Evid. 404(b).

RESPECTFULLY SUBMITTED 11th day of October, 2019.

By /s/ Amy P. Knight
Gregory J. Kuykendall

---

[1] To the extent the government believes that these messages alone somehow establish the commission of an unlawful act and intent to violate the law, that conclusion would require the very assumption the government is seeking to prove in this case to begin with—that in offering humanitarian assistance to undocumented migrants, Dr. Warren and his colleages are acting with intent to violate the law. Because that is the very proposition up for dispute in this prosecution, the government cannot rely on it to justify the admission of evidence.

| | |
|---|---|
| 1 | |
| 2 | Amy P. Knight |
| | 531 S Convent Avenue |
| 3 | Tucson, AZ 85701 |
| | Attorneys for Defendant Scott |
| 4 | Daniel Warren |

CERTIFICATE OF SERVICE

I certify that on October 11, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701