Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) No.CR-18-00223-001-TUC-RCC(DTF) |
| Plaintiff, | ) |
| | ) **RESPONSE TO GOVERNMENT'S** |
| vs. | ) **MOTION TO RECONSIDER** |
| | ) **PRIOR RULING REGARDING USE** |
| SCOTT DANIEL WARREN, | ) **OF DEFENDANT'S PRIOR** |
| | ) **TESTIMONY FOR** |
| Defendant. | ) **IMPEACHMENT** |
| | ) |

Defendant, Scott Daniel Warren, Ph.D., by and through his attorneys, Gregory J. Kuykendall, and Amy P. Knight, responds to the Government's Motion to Reconsider Prior Ruling Regarding Use of Defendant's Prior Testimony for Impeachment. Because the Court has correctly precluded the use of Dr. Warren's testimony in the still-pending separate misdemeanor case, this motion should be denied.

The reasons for the Court's prior ruling remain as strong as they were at the time. Introducing, or questioning the defendant about, this particular prior testimony would necessarily inform the jury that Dr. Warren was facing other charges in

1

another case, which, in the words of the prosecutor, "would be clearly inappropriate." RT 6/6/19 at 87. The Court agreed that even the one limited question it allowed was "treacherous ground." *Id.* at 88. None of that has changed; it would be just as prejudicial for the jury to learn of those charges in the second trial as it would have been in the first. The government offers no explanation for why this undisputed severe prejudice would be acceptable now.

Nor is the misdemeanor testimony actually inconsistent with Dr. Warren's testimony in this case. The government ignores a crucial fact about the misdemeanor testimony: in every instance the government identifies, Dr. Warren specifically limited his testimony to the particular prohibitions at issue in that case—Fish and Wildlife Service (FWS) regulations:

> Q: So what happens if you face a choice, a choice between neglecting an area of the greatest need, which violates your beliefs, or breaking the law *by violating the regulations* out on the – on the Cabeza?
> A: If I were faced with that choice, I would go to those areas of greatest need to deliver those supplies and risk violating *those laws,* yes.

RT 5/6/19 (Warren testimony only[1]) at 42 (emphasis added).

> Q: Would it comport with your beliefs, your beliefs relative to either searching for human remains or your beliefs relative to putting out supplies for migrants, would I comport with your religious beliefs to turn around at the wilderness boundary?
> A: Turn around because?
> Q: Because you don't have permission to be on the wilderness road.
> A: No. I mean, my beliefs in that sense really compel me to go further.
> Q: Even if you know that it's a violation of Forest Service, I'm sorry, *Fish and Wildlife Service regulations*?
> A: Yes.

RT 5/6/19 (Warren testimony only) at 39 (emphasis added).

---

[1] The government's page number citations appear to correspond to a separate transcript only of Dr. Warren's testimony, rather than the complete trial transcript for the date cited.

2

> Q: And as I understood your testimony in responding to Judge Collins' questions, did you have to choose between doing what your spiritual beliefs entail or doing **what the regulations dictate**?
>
> A: Yes. I felt that was a choice I had to make.

RT 5/7/19 (Warren testimony only) at 13 (emphasis added). Thus, Dr. Warren testified only that he was willing to violate these particular agency regulations to exercise his religious beliefs. That is not at all inconsistent with a commitment to abide by United States immigration laws and criminal prohibitions. "The law" is not some monolithic thing that one either follows precisely to the letter at all times or disregards entirely. Nearly everyone who drives a car at least occasionally speeds, but many would—correctly—still claim that they intend to follow "the law" and don't want to "break the law." If the government is allowed to bring in this testimony to imply that Dr. Warren's position has been inconsistent, Dr. Warren would be forced either to allow this false implication to stand, or to recount the details of the misdemeanor charges and the context of his prior statements in order to explain this—a situation nobody involved wishes to face.

Nor is Dr. Warren's testimony that the No More Deaths protocol requires operation within the law inconsistent with the misdemeanor testimony. The protocol that Dr. Warren testified about (Exhibit 203A, "Desert Aid Protocol") does not address putting out water and emergency supplies or search and rescue operations. *See* Exhibit 203A. It addresses interactions with patients who may need their assistance—the only situation at issue in this case—and is concerned with compliance with federal immigration laws. Whether some volunteers might disregard particular administrative regulations in choosing where to place emergency supplies or search for human remains really has nothing to do with the protocol's legal guidance on what kind of aid volunteers may offer to migrants.

No matter what the impeachment value, this Court must *always* exercise its judgment in determining whether probative value is substantially outweigh by the risks of unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Here, everyone agrees that the risk of unfair prejudice is extremely high, and given the lack of actual conflict between Dr. Warren's misdemeanor and felony testimony, the probative value is very limited. Accordingly, this Court should maintain its prior ruling and deny the government's motion.

RESPECTFULLY SUBMITTED this 11th day of October, 2019.

By /s/ Amy P. Knight
Gregory J. Kuykendall
Amy P. Knight
531 S Convent Avenue
Tucson, AZ 85701
Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

I certify that on October 11, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701