Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) No. 18-cr-00223-RCC(DTF) |
| Plaintiff, | ) |
| | ) **DEFENDANT'S PROPOSED JURY** |
| vs. | ) **INSTRUCTIONS** |
| | ) |
| SCOTT DANIEL WARREN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Scott Daniel Warren specifically requests that the jury be instructed at the start of the case regarding the law on non-obligation to report known or suspected crimes. This instruction is essential at the beginning of the case when the jury is also being instructed on the particular crimes charged, since the jury questionnaires reveal many, if not the majority, of the potential jurors mistakenly believe an obligation to report exists and understanding from the outset that in fact no obligation exists will greatly assist the jurors in evaluating the evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant further requests that the Court provide the following instructions to the jury. Numbers and titles refer to the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2010 Edition, updated 9/2019. The text of instructions is only included for instructions that are modified from, or in addition to, the model instructions. Where standard model instructions are requested, their number and title are listed, but the text of the instruction is not included.

1

**REQUESTED OPENING INSTRUCTIONS**

1.1    Duty of Jury

1.2    The Charge – Presumption of Innocence [modified]

No Obligation to Report

1.3    What is Evidence

1.4    What is Not Evidence

1.5    Direct and Circumstantial Evidence

1.6    Ruling on Objections

1.7    Credibility of Witnesses

1.8    Conduct of the Jury

1.9    No transcript available to jury

1.10   Taking Notes

1.11   Outline of trial

1.12   Jury to be Guided by Official English Interpretation

1

### 1.2    The Charge – Presumption of Innocence [modified]

This is a criminal case brought by the United States government. The government charges the defendant with harboring two young men who had entered the United States without permission. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

The defendant is charged in the indictment with harboring Kristian Perez Villanueva and Jose Sacaria Goday, in violation of Section 1324 of Title 8 of the United States Code.

In order for the defendant to be found guilty of harboring, the government must prove each of the following elements beyond a reasonable doubt:

First, Kristian Perez Villanueva and/or Jose Sacaria Goday was an alien;

Second, Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Kristian Perez Villanueva and/or Jose Sacaria Goday with intent to violate the law.

1

## **No Obligation to Report**

2

3

The law does not impose any general affirmative obligation on citizens to report suspected

or known violations of law to authorities.

4

5

Authority: Model Instruction 8.0A ("Mere failure to report a federal felony is not a

6

crime."); *United States v. Hodges*, 566 F.2d 674 (9th Cir. 1977) (crime of misprison of a

7

felony, 18 U.S.C. § 4, requires affirmative step to conceal crime); *United States v. Olson,*

8

856 F.3d 1216, 1220 (9th Cir. 2017) (same); *Burns v. Martuscello,* 89- F.3d 77, 88-89 (2d

9

Cir. 2018) (recognizing even in prisoners, who have reduced constitutional rights, a "right

10

not to snitch"); *Ferguson v. South Carolina,* 532 U.S. 67, 90 (2001) (recognizing existence

11

of limited mandatory reporting laws only for particular professionals to report specific

12

identified crimes).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**REQUESTED INSTRUCTIONS IN THE COURSE OF TRIAL**

2

2.1    Cautionary Instruction – First Recess

3

2.2    Bench Conferences and Recesses

4

5

2.6    Deposition as Substantive Evidence

6

2.7    Transcript of Recording

7

2.9    Foreign Language Testimony

8

9

2.11   Evidence for Limited Purpose

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUESTED INSTRUCTIONS AT END OF CASE**

3.1   Duties of Jury to Find Facts and Follow Law

3.2   Charge Against Defendant Not Evidence—Presumption of Innocence —Burden of Proof

3.3 or 3.4   Defendant's Decision to Testify or Not to Testify

3.5   Reasonable Doubt – Defined

3.6   What is Evidence

3.7   What is Not Evidence

3.8   Direct and Circumstantial Evidence

3.9   Credibility of Witnesses

3.10   Activities Not Charged

3.11   Separate Consideration of Multiple Counts

3.19   Jury to be Guided by Official English Translation/Interpretation

4.9   Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea [modified]

4.13   Deported Material Witness (formerly Missing Witness)

4.15   Summaries Not Received in Evidence

Alien – Definition

Mere Association

7.9   Specific Issue Unanimity

9.3   Harboring [modified]

6.10   Mere Presence

5.9     Advice of Counsel

No Obligation to Report

Religious Freedom: Substantial Burden

Religious  Freedom:  Least  Restrictive  Means  of  Advancing  Compelling

Interest

7.1     Duty to Deliberate

7.2     Consideration of Evidence – Conduct of the Jury

7.3     Use of Notes

7.5     Verdict Form

7.6     Communication with Court

**4.9 Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea [modified]**

You have heard testimony from Kristian Perez Villanueva and Jose Sacaria Goday, That testimony was given in exchange for a promise by the government that they would not be criminally prosecuted for their illegal entry into the United States (although they did not receive immunity from deportation). For this reason, in evaluating the testimony of Kristian Perez Villanueva and Jose Sacaria Goday, you should consider the extent to which their testimony may have been influenced by this factor. In addition, you should examine the testimony of Kristian Perez Villanueva and Jose Sacaria Goday with greater caution than that of other witnesses.

1

**Alien – Definition**

2

An alien is a person who is not a natural-born or naturalized citizen of the United States.

3

An alien is not lawfully in this country if the person was not duly admitted by an

4

Immigration Officer.

5

6

Authority: Adapted from Model Instruction 9.3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9.3 Harboring [modified]**

Defendant is charged in Count 2 of the indictment with harboring of Kristian Perez Villanueva and in Count 3 of the indictment with harboring Jose Sacaria Goday.

In order for defendant to be found guilty of harboring of an alien, the government must prove each of the following elements beyond a reasonable doubt:

First, Kristian Perez Villanueva and/or Jose Sacaria Goday was an alien;

Second, Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Kristian Perez Villanueva and/or Jose Sacaria Goday was not lawfully in the United States;

Fourth, the defendant harbored, concealed, or shielded from detection Kristian Perez Villanueva and/or Jose Sacaria Goday with intent to violate the law.

Authority: *United States v. Tydingco*, 909 F.3d 297, 304 (9th Cir. 2018) (harboring "requires only an instruction that the defendant intended to violate the law. One way to demonstrate such an intention is to prove that the defendant sought to prevent immigration authorities from detecting an illegal alien's presence. But that is not the only way.").

1

2

3

## **No Obligation to Report**

The law does not impose any general affirmative obligation on citizens to report suspected or known violations of law to authorities.

Authority: Model Instruction 8.0A ("Mere failure to report a federal felony is not a crime."); *United States v. Hodges*, 566 F.2d 674 (9th Cir. 1977) (crime of misprison of a felony, 18 U.S.C. § 4, requires affirmative step to conceal crime); *United States v. Olson,* 856 F.3d 1216, 1220 (9th Cir. 2017) (same); *Burns v. Martuscello,* 89- F.3d 77, 88-89 (2d Cir. 2018) (recognizing even in prisoners, who have reduced constitutional rights, a "right not to snitch"); *Ferguson v. South Carolina,* 532 U.S. 67, 90 (2001) (recognizing existence of limited mandatory reporting laws only for particular professionals to report specific identified crimes).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### **Religious Freedom: Substantial Burden**

The law forbids the government from substantially burdening the exercise of sincerely held religious beliefs. A criminal prosecution constitutes a substantial burden as a matter of law.

This Court has already determined, before this trial began, that the defendant's religious beliefs require him to help those in immediate need by providing basic aid such as food, water, shelter, and medical care.

If you determine that his conduct was limited only to actions that constituted an exercise of these religious beliefs, you must find that this prosecution imposes a substantial burden on defendant's exercise of his religious beliefs.

**<u>Religious Freedom: Least Restrictive Means of Advancing Compelling Interest</u>**

If you find that this prosecution imposes a substantial burden on defendant's exercise of his religious beliefs, you must determine whether this prosecution is nonetheless necessary because it is the least restrictive means of advancing a compelling government interest.

For you to so find, the government must prove the following things:

First, that it has a particular interest that is of the highest order;

Second, that enforcing the law against this defendant in this instance (as opposed to enforcing the law generally) meaningfully advances that interest, such that allowing him an exception would undermine the interest; and

Third, that the government has no other available way of advancing that interest without burdening the defendant's exercise of religion.

If the government does not prove these three things, you must find that the defendant's conduct is a protected exercise of his religion.

Dated this 31st day of October, 2019

                                        KUYKENDALL & ASSOCIATES

                                        By /s/ Amy P. Knight_____
                                              Gregory J. Kuykendall
                                              Amy P. Knight
                                              531 S Convent Avenue
                                              Tucson, AZ 85701
                                              Attorneys for Defendant Scott
                                              Daniel Warren

CERTIFICATE OF SERVICE

I certify that on October 31, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701