1  Gregory J. Kuykendall, Bar # 012508
2  Amy P. Knight, Bar # 031374
   KUYKENDALL & ASSOCIATES
3  531 S Convent Avenue
4  Tucson, AZ 85701
   (520) 792-8033
5  greg@kuykendall-law.com
6  amyknight@kuykendall-law.com

7  Attorneys for Defendant Scott Daniel Warren

8                  **UNITED STATES DISTRICT COURT**
9                     **DISTRICT OF ARIZONA**
10

11

12  United States of America,              )
                                           )  No.CR-18-00223-001-TUC-RCC(DTF)
13              Plaintiff,                  )
                                           )  **DEFENDANT'S OBJECTION TO**
14  vs.                                    )  **GOVERNMENT'S     PROPOSED**
                                           )  **JURY INSTRUCTION**
15                                         )
16  SCOTT DANIEL WARREN,                   )
                                           )
17              Defendant.                 )
18  _____       )

19          The government has asked this Court to change the legally correct and
20  appropriate instruction it gave the jury in the first trial on the law regarding the
21  absence of any obligation to report known or suspected violations of the law. The
22  additional material the government now proposes—an advisement that the jury can
23  consider a defendant's entirely lawful choice not to summon authorities in
24  determining whether the government has proved the elements of harboring (i.e.,
25  intent to violate the law)—is wholly inappropriate, misstates the law, and if given
26  would constitute an impermissible comment by this Court on the evidence. The
27  government never before objected to the instruction used in the first trial and has no
28  basis for doing so now.

The government claims two cases on pre-*Miranda* silence that the parties have already discussed extensively, *United States v. Oplinger,* 150 F.3d 1061 (9th Cir. 1998) and *United States v. Beckman,* 298 F.3d 788 (9th Cir. 2002) [1] support its novel proposition. But neither of these cases addresses a person's non-obligation, or decision whether or not, to contact authorities; both *Oplinger* and *Beckman* deal with what a defendant does or does not say *when already being questioned* by authorities *who are already present*. An enormously legally relevant difference exists between what is communicated to an officer who is already present and asking a suspect questions, and a defendant affirmatively deciding whether to summon authorities to the scene. Nor does *United States v. Tydingco,* 909 F.3d 297 (9th Cir. 2018) say anything remotely like what the prosecution cites it for; the cited passage establishes only that a harboring conviction requires intent to violate the law.

As this Court has acknowledged, private citizens have every right to not call law enforcement, even when they know a crime is being committed. The law in the United States imposes no obligations for citizens to inform on one another; one court even recently recognized a "right not to snitch." *Burns v. Martuscello,* 890 F.3d 77, 88-89 (2d. Cir. 2018). It is thus entirely inappropriate for the government to argue, and much worse for this Court to instruct the jury, that exercising that right is evidence of guilt.

Significantly, a large number of potential jurors already appear to mistakenly believe that the law *does* impose an obligation to report, but the government asks this Court not to even advise the jury what the law actually is until after it has heard and seen all the evidence. Because the jurors *will* know that they must assess intent to violate the law, it is crucial that they not consider the evidence while under this common and insidious misconception. The government offers no reason whatsoever

---

[1] Defendant maintains his position that these cases do not allow the government to comment on a defendant's exercise of his *Fourth Amendment* right not to engage voluntarily with police, but acknowledges that this Court has ruled, based on these cases, that the government may introduce evidence concerning what Dr. Warren could have but did not say to the agents who were present at the Barn.

why this Court should keep the jurors misinformed and in the dark about the correct statement of the law until the end of the trial. The only reason conceivable is to improperly allow the government to take advantage of the phenomenon of jurors already laboring under a profound and material misunderstanding of the law.

RESPECTFULLY SUBMITTED this 1st day of November, 2019.

By /s/ Amy P. Knight
        Gregory J. Kuykendall
        Amy P. Knight
        531 S Convent Avenue
        Tucson, AZ 85701
        Attorneys for Defendant Scott
        Daniel Warren

CERTIFICATE OF SERVICE

I certify that on November 1, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800

Tucson, AZ 85701