Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) No.CR-18-00223-001-TUC-RCC(DTF) |
| Plaintiff, | ) |
| | ) **DEFENDANT'S OBJECTION TO** |
| vs. | ) **GOVERNMENT'S MOTION IN** |
| | ) **LIMINE REGARDING THE** |
| SCOTT DANIEL WARREN, | ) **PRESIDENT OF THE UNITED** |
| | ) **STATES** |
| Defendant. | ) |
| | ) |

In this highly unusual filing, the executive branch of the federal government invoked the Federal Rules of Evidence to prevent during argument "[a]ny mention of the President or the current administration."

First, the rules of evidence do not inhibit "[a]ny mention" of a party (or the head of the executive branch of that party) which is seeking to convict and punish the other party. Nothing in the rules of evidence restricts, or even *could* constitutionally restrict, the defense's ability to characterize its case for the jury, and the order the government seeks would violate Dr. Warren's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Arguments

legally can and almost always do include concepts and issues that were not necessarily evidence in the case, including commentary on likely motivations. This is simply not a rules-of-evidence situation.

Second, absent any explanation whatsoever of the prejudice it believes it would suffer from anyone even mentioning President Trump, the government seeks to preclude any mention of him or his administration. Without conducting any factual or legal analysis of the prejudicial impact of any lawyer or witness daring to mention the President, a man who maintains ultimate authority over this prosecution (notably, the same man who appointed both the United States Attorney General and the United States Attorney for the District of Arizona), the government seeks this extraordinary ban. But unless and until the government articulates the allegedly unfair harm to its case, the motion must be denied.

Significantly, the *government* i*tself* introduced the only mention of President Trump into the previous trial, when, while questioning Dr. Warren, it brought up an article he had written expressing some of his views. *See* RT 6/6/2019 at 134-138, 152-156. The government cannot legitimately claim that certain views about the case are relevant only when the government seeks to elicit them, but irrelevant when those views favor the defense.

Unless the government produces some explanation for its request, the motion should be denied.

RESPECTFULLY SUBMITTED this 1st day of November, 2019.

By /s/ Amy P. Knight
Gregory J. Kuykendall
Amy P. Knight
531 S Convent Avenue
Tucson, AZ 85701
Attorneys for Defendant Scott
Daniel Warren

CERTIFICATE OF SERVICE

      I certify that on November 1, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

      Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
      Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
      United States Attorney's Office
      405 W. Congress, Suite 4800
      Tucson, AZ 85701