Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

Attorneys for Defendant Scott Daniel Warren

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 18-CR-00223-RCC(DTF) |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO CLARIFY ORDER ON REDACTIONS TO VIDEO DEPOSITIONS** |
| SCOTT DANIEL WARREN, | ) | |
| Defendant. | ) | |

Defendant is concerned that there may have been some misunderstanding regarding the proposed redactions to the depositions of the two material witnesses to be played during trial, and accordingly respectfully requests that the Court review and clarify its ruling concerning the redactions.

On August 26, 2019, defendant filed a motion in limine seeking to preclude evidence that was relevant to the conspiracy charge but irrelevant to harboring (Doc. 315). Along with that motion, defendant filed copies of the transcripts of each of the two depositions indicating proposed redactions (Docs 315-1 and 315-2). The government filed a response on September 9, 2019 (Doc. 319), in which it did not address the proposed redactions, arguing only that the subject evidence was relevant. Defendant filed a reply on September 16, 2019 (Doc. 321). This Court held a hearing on October 15, 2019 (Doc. 352) and took the motion under advisement. The Court then issued an order granting the motion in part on October 18, 2019

1

(Doc. 353). Specifically, the Court ruled that the migrants' journey was no longer relevant, but the government could introduce (1) what the migrants said to the defendant and (2) the gas station video footage as evidence of the extent of injury.

On October 25, 2019, the government filed a Motion to Clarify regarding the October 18 order (Doc. 356). In this Motion to Clarify, the government identified a subset of the redactions the defense had requested that it believed would comply with the Court's order that evidence of the journey be excluded with the exceptions of things the migrants told Dr. Warren and gas station videos. This Court filed an Order on October 31, 2019 in which it approved the government's proposed redactions with the exception of one exchange from each deposition, which it ordered should remain (Doc. 364).

Those two portions the Court excised from the government's proposed redactions constitute exchanges that the defense sought to exclude in its original motion, and the government agreed should be excluded; neither party was seeking to include them. Moreover, the portions the Court identified that should remain appear to be inconsistent with the substance of the Court's order.

In the Perez-Villanueva deposition (Doc. 315-1), the Court allowed to remain the witness's testimony that "From there, I did not tell him about the ride that we had gotten, and nor did I say that we had been left near his house." But the effect of allowing this testimony is to tell the jury that in fact the witness did get a ride and get left near the Barn— precisely the information they are not supposed to have because the migrants did *not* tell Dr. Warren and it is *not* relevant to harboring, as opposed to conspiracy. Although it does also state that that information was not provided to Dr. Warren, it does so by revealing the underlying irrelevant fact, which the jury would not otherwise hear. Because the operative principle is that information about the migrants' journey unknown to Dr. Warren was irrelevant and inadmissible, the jury should not in fact be told that these things occurred outside of Dr. Warren's knowledge.

In the Sacaria-Goday deposition (Doc. 315-2), the Court identified the following exchange to remain:

> Q: What else did you lie about?
> A: I had said that the man who took us had talked to him, and he hadn't.
> Q: Talked to you about what?
> A: Talked to him.
> Q: The man had talked to you about what?
> A: The one who took us to that house, I just said that he had talked to him, and that's not true. He just dropped us off.
> Q: I understand.

Again, although this testimony does serve another function (in this case impeachment of the witness's consistency and credibility), it does so be revealing an irrelevant fact that, per the Court's original order, was *not* to be shared with the jury: the fact that the two migrants received a ride and were dropped off near the Barn. Accordingly, as with the excerpt from the Perez-Villanueva deposition, the defense sought to exclude it, and the government agreed.

Because both of these instances involve testimony that could be construed as favorable to the defense, defendant understands that the Court may have intended to curtail the government's proposed limitations on testimony; however, this particular testimony reveals irrelevant information, as acknowledged by both parties. Accordingly, defendant requests that this Court review its October 31 Order (Doc. 364) to confirm which testimony from the depositions is admissible.

Dated this 4th day of November, 2019

             KUYKENDALL & ASSOCIATES

             By /s/ Amy P. Knight_____
               Gregory J. Kuykendall
               Amy P. Knight
               531 S Convent Avenue
               Tucson, AZ 85701
               Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

    I certify that on November 4, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
    Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
    United States Attorney's Office
    405 W. Congress, Suite 4800
    Tucson, AZ 85701